&lt; FAC &gt;

FILED

DEC 13 2022

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1  Sam Drake, 0624897
2  FCJ, 1225 "M" STREET
3  FRESNO, CA 93712
4
5        UNITED STATES EASTERN DISTRICT COURT
6                FRESNO   DIVISION
7
8  Sam Drake                    CASE No.: 1:22-CV-1149-BAM (PC)
9            Plaintiff,
10       v.                      PLAINTIFF'S FIRST AMENDED CIVIL
                                 RIGHTS COMPLAINT
11  KEONIXOM ; MARGARET MIMS;    UNDER 42 U.S.C. § 1983
12  S. McCOMAS; ENRIQUEZ; S. NICHOLS.  DEMAND FOR JURY TRIAL
13
14         Defendants.
15          A.    JURISDICTION
16    1. THIS COURT HAS SUBJECT MATTER AND ORIGINAL JURISDICTION OVER
17  THIS ACTION PURSUANT TO 42 USC § 1983.
18
19    2. THE VIOLATIONS OCCURRED IN FRESNO COUNTY WHILE AT THE FRESNO

RECEIVED

20  COUNTY JAIL ("FCJ", HEREINAFTER.)

DEC 13 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

21
22          B.    PARTIES
23    1. PLAINTIFF ("PL", HEREINAFTER) IS SAM DRAKE AN AFRIKAN
24  MAN WITH DYSLEXIA DYSARTHRIA DYSLOGIA AND PTSD. CURRENTLY A
25  PRETRIAL DETAINEE AT THE FRESNO COUNTY JAIL.
26    2. DEFENDANTS ("DFNT-SURNAME", HEREINAFTER INDIVIDUALLY)
27  OR ("DFNT JAIL OFFICIALS" OR "FCJ DFNTS" HEREINAFTER COLLECTIVELY,)
28  ARE REAL PERSONS AND COUNTY EMPLOYEES WHO EACH VIOLATED OR CAUSED

1  TO BE VIOLATED, PL FEDERAL RIGHTS WHILE ACTING UNDER THE COLOR OF
2  LAW AND ARE HEREBY SUED JOINTLY AND SEVERALLY EACH IN HER OR HIS
3  INDIVIDUAL CAPACITY, TO WIT:

4      (a) KRONIYOU, FIRST DFNT IS A CORRECTIONAL OFFICER AT FCJ;

5      (b) MARGARET MIMS, SECOND DFNT IS OUTGOING SHERIFF OF FRESNO COUNTY RESPONSIBLE
6  FOR ESTABLISHING JAIL POLICY & PROCEDURES, INTER ALIA, MAINTAINS A REMOTE OFFICE
7  LOCATED AT 2200 FRESNO STREET, FRESNO CA 93721.

8      (c) STEVE McCOMAS, THIRD DFNT IS ASSISTANT SHERIFF AT FRESNO COUNTY JAIL LOCATED
9  AT 1225 "M" STREET, FRESNO CA 93712, IS RESPONSIBLE FOR IMPLEMENTING POLICY &
10 PROCEDURES AND OVERSEEING ALL JAIL OPERATIONS.

11     (d) ENRIQUEZ, FOURTH DFNT, IS A CORRECTIONAL OFFICER AT FCJ.

12     (e) S. NICHOLS, FIFTH DFNT IS A CORRECTIONAL SERGEANT AT FCJ MAILROOM, IS
13 RESPONSIBLE FOR ALL MAIL DISTRIBUTION, TRAINING AND SUPERVISION OF ALL
14 EMPLOYEES ASSIGNED OR POSTED TO FCJ MAILROOM.

15

16

17 B-1        JOINDER OF PARTIES

18

19  1. THE DEFENDANTS ARE HEREBY PROPERLY JOINED ON THIS SINGLE CLAIM
20 PURSUANT TO RULE 20 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

21

22  2. PL ASSERTS A RIGHT TO RELIEF AGAINST ALL DFNTS JOINTLY AND SEVERALLY.

23

24  3. A QUESTION OF FACT COMMON TO ALL DFNTS WILL ARISE IN THIS ACTION.

25

26  4. EVERY DFNT PUNISHED OR CAUSED OTHERS TO PUNISH PL WHILE AT FCJ.

27

28

## C.    PREVIOUS LAWSUITS

1. YES. PL. HAS FILED ONE PREVIOUS LAWSUIT.

   a. PRIOR LAWSUIT:

      1. PARTIES: DRAKE VS. KERNAN, ET. AL.,

      2. COURT & CASE #: USDC (E.D); 1:17-CV-1500-AWI-SAB (PC)

      3. RESULT: CURRENTLY PENDING.

## D.    CAUSE OF ACTION

## CLAIM I

1. DEPRIVATION OF PL. FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHT TO BE FREE FROM RESTRICTIONS THAT AMOUNT TO PUNISHMENT AS CONDITION OF PRETRIAL DETAINMENT, IN VIOLATION OF THE FEDERAL CONSTITUTION, AND LAWS.

2. CLAIM I ISSUE INVOLVES ☒ OTHER: 'UNCONSTITUTIONAL POLICY AUTHORIZING DEPRIVATION OF MAIL'. (FCJ POLICY # E-120.)

3. STATEMENT OF THE CLAIM

   a. SUPPORTING FACTS:

     1. PL. HAS AN ACTIONABLE CONSTITUTIONAL RIGHT TO BE FREE FROM JAIL RESTRICTIONS THAT AMOUNT TO PUNISHMENT.

     2. FCJ DFNTS MIMS, McCOMAS, KEO NIYOM, ENRIQUEZ, & NICHOLS WHILE ACTING UNDER COLOR OF LAW EACH CAUSED PL. TO BE DEPRIVED AND DIRECTLY DEPRIVED PL. OF HIS RIGHT TO NOT BE PUNISHED; ONGOING FROM MARCH 28TH 2022 THRU CURRENT DATE NOVEMBER 30TH 2022 (SECOND TIME PERIOD) AND FROM APPROXIMATELY MARCH 2019 — MARCH 4TH 2021 (FIRST TIME PERIOD) IN VIOLATION OF 42 USC § 1983.

&lt;FAC&gt; pg. 4 of 25

3. PL HEREBY INVOKES THE "CONTINUING VIOLATION DOCTRINE" TO BRING ALL OCCURRENCES OF THE FIRST TIME PERIOD INVOLVING DFNTS McCOMAS, MIMS, AND NICHOLS INTO THIS SUIT;

4. THE "CONTINUING VIOLATION DOCTRINE" APPLIES TO THIS CASE AS THE DEPRIVATION OF PL SAME RIGHT BY DFNTS HAS NOT CEASED PERMANENTLY DURING DETAINMENT AT FCJ; AND ARE NOT SPORADIC OR ISOLATED :

5. THE FCJ POLICY (E-120) IS THE MOVING FORCE BEHIND THE DEPRIVATION OF PL RIGHT TO BE FREE FROM RESTRICTIONS THAT AMOUNT TO PUNISHMENT AS CONDITION OF PRETRIAL DETAINMENT;

6. THE FCJ POLICY # E-120, LAST REVISED IN 2021, RESTRICTS POSSESSION OF NON-NUDE PUBLICATIONS WHERE NO SEXUAL ACTIVITY IS DEPICTED, SOLELY BASED ON CLOTHING OR POSE/DISPLAYED ; AND DIRECTS (SEE EXHIBIT-1, FCJ POLICY # E-120, BELOW.) OR AUTHORISES STAFF TO DISALLOW MY ACCESS TO SUCH NON CONTRABAND PUBLICATIONS;

7. THE FCJ POLICY # E-120, IS PUNITIVE IN NATURE TO THE EXTENT IT FORCES PL TO SUFFER REMOVAL OF MAIL RIGHTS HE WOULD RETAIN IN PRISON OR STATE HOSPITAL, AS CONDITION OF HIS PRESENT JAIL DETAINMENT.

8. DFNT MIMS, AT ALL TIMES RELEVANT TO THIS COMPLAINT WAS THE POLICY MAKER HAVING FINAL AUTHORITY TO ESTABLISH ALL FCJ POLICIES, AND ESTABLISHED POLICY # E-120. ADDING POSING CLOTHING, NON-FRONTAL NUDITY, AND PARTIAL NUDITY RESTRICTIONS TO ENLARGE THE 15USC § 3006(c)(17) FRONTAL NUDITY BAN ; MIMS' POLICY CREATED A NEW BAN ("SEXY CONTENT BAN", HEREINAFTER).

- 4 -

9. AT ALL TIMES RELEVANT TO THIS MATTER DFNTS MIMS, McCOMAS, AND NICHOLS HAD A ROUTINE PRACTICE OF DEPRIVING DETAINEES OF THE RIGHT TO NOT BE PUNISHED BY REMOVING ALL CONSTITUTIONAL/STATUTORY SAFEGUARDS AGAINST ARBITRARY DEPRIVATION OF RIGHTS, IN VIOLATION OF 14th AMEND., PC § 2600;

10. AT ALL TIMES RELEVANT TO THIS SUIT, PL. HAD A STATUTORY (PC § 2601) RIGHT TO BUY & POSSESS NON-NUDE PUBLICATIONS, DERIVED FROM HIS FIRST AMEND RIGHTS OF FREE EXPRESSION-ACCESS TO INFORMATION;

11. FCJ-DFNTS McCOMAS, MIMS, KEONIYOUA, ENRIQUEZ & NICHOLS REMOVED BOTH OF PL'(s.) RIGHTS SOLELY TO HURT PL. (i.e.: TO INCREASE PL. SUFFERING LONELINESS, OPPRESSION, DURING LOSS OF FREEDOM);

12. THE REMOVAL OF PL. RIGHT(S) IS PUNISHMENT;

13. THE FCJ POLICY #E-120, RESTRICTIONS ON MY PURCHASE AND POSSESSION OF NON-NUDE / SIDE-REAR NUDE PUBLICATIONS IS EXCESSIVE IN RELATION TO FCJ FACILITY MANAGEMENT / SECURITY NEEDS;

14. PL. PURCHASE / POSSESSION OF NON-NUDE / PROFILE-REAR NUDE PUBLICATIONS DOES NOT POSE ANY THREAT TO FCJ SECURITY OR SAFETY OF ANY PERSON;

15. MIMS MADE THE JAIL MAIL-CONTRABAND POLICY (E-120) MORE RESTRICTIVE AND SIMILAR THAN TO PRISON MAIL & CONTRABAND POLICIES (15 CCR § 3135 (c)(3)(12)(d)(1), AND § 3006 (c)(15)(16)(17)), WITH INTENT TO OPPRESS/HARM PL.;

16. MIMS' FCJ MAIL-CONTRABAND POLICY (E-120) LISTS PC SECTIONS § 311, § 2600, § 2601 AS AUTHORITY FOR ITS RESTRICTIVE PROVISIONS;

17. IN RESPONSE TO PL. GRIEVANCES FILED IN 2019-2020 (WHERE PL. PUT FCJ ON NOTICE THAT ITS POLICY CONFLICTED WITH 15CCR TO THE EXTENT IT LACKED AN IMPOUND PROVISION, LACKED OBSCENITY TEST, WAS OVERLY BROAD, VAGUE, RESTRICTIVE AND VIOLATED PL. DUE PROCESS RIGHTS) MIMS REVISED ITS POLICY ONLY TO ADD AN IMPOUND PROVISION AND TO INCORPORATE THE VERBATIM LANGUAGE OF 15CCR § 3006(c) OBSCENITY TEST. MIMS DID NOT CHANGE /REMOVE THE OVERLY BROAD, VAGUE, RESTRICTIVE PROVISIONS CONTAINED IN E-120;

18. PRISON CONTRABAND & MAIL POLICIES DO NOT RESTRICT PUBLICATIONS ON BASIS OF POSE, CLOTHING WORN, PARTIAL-NON FRONTAL-NUDITY, NAKEDNESS (NON FRONTAL) OR NIPPLE COVERS OR EXPOSED AREOLAS; CONSISTENT WITH THE "FRONTAL NUDITY BAN" "OBSCENITY TEST" AND "SEXUALLY EXPLICIT MATERIAL DEFINITIONS" COVERED AT 15CCR § 3006(c).

19. PENAL CODE SECTION 311 & 2600 DO NOT SUPPORT FCJ POLICY E-120 RESTRICTIVE PROVISIONS CONTAINED AT: § III, C. "INCOMING MAIL": "THE ENTIRE CONTENTS WILL BE RETURNED TO SENDER WHEN CONTRABAND [OR OTHER PROHIBITED CONTENT WHICH IS NOT OTHERWISE ILLEGAL] IS FOUND" (BRACKETED PHRASE IS CONSTITUTIONALLY VAGUE AND OVERLY BROAD;

FN 3/ AS A COURTESY FOR THE COURT'S CONVENIENCE PL. HAS ATTACHED FCJ POLICY E-120 AS EXHIBIT-1; FCJ POLICY E-410 AS EXHIBIT-2; ACME PUBLICATIONS NON-NUDE PHOTO CATALOG PAGE AS EXHIBIT-3; CONTRASTING PRISON CONTRABAND AND MAIL POLICIES § 3006(c) AND § 3135 AS EXHIBIT-4; AND SEXY NON-NUDE MAGAZINE SAMPLE COVERS AS EXHIBIT-5. PL. RESPECTFULLY REQUESTS HON. MAGI, BARBARA A. MCAULIFFE TO PLEASE TAKE JUDICIAL NOTICE THEREOF //

- 6 -

1  TO EXTENT IT PERMITS UNLIMITED WHIMSICAL EXCUSES TO DEPRIVE MAIL.

2  AND VIOLATES PL. DUE PROCESS RIGHT TO HAVE CLEAR NOTICE;

3    20.

4    20. MIMS HAS NO AUTHORITY TO ESTABLISH OR ADOPT FCJ POLICY

5  WHICH CONFLICTS, SUPERCEDES, ENLARGES OR REDUCES STATE REGULATION;

6

7    21. FCJ POLICY E-120, SUPERCEDES, AND ENLARGES THE SCOPE

8  OF STATE REGULATION 15 CCR § 3006(c), AND CONFLICTS THEREWITH;

9

10    22. MIMS, MCCOMAS, NICHOLS., ET. AL., FCJ DFNTS MAY ONLY DENY

11  ME THOSE PUBLICATIONS THAT FAIL THE OBSCENITY TEST, OR DISPLAYS

12  FULLY EXPOSED (NAKED) OPEN PUSSY (GENITALIA) OR BREASTS FROM A

13  FRONT ANGLE OR THAT IS OTHERWISE WITHIN § 3006(c) RESTRICTIONS;

14

15    23. CALIFORNIA'S FRONTAL NUDITY BAN (15 CCR § 3006(c)) WAS

16  CLEARLY ESTABLISHED LAW (SINCE 2003   ) THE LANGUAGE

17  OF ITS OBSCENITY TEST AND DEFINITION OF SEXUALLY EXPLICIT MATERIAL

18  IS CLEAR, CONCISE & UNAMBIGUOUS;

19

20    24. PL. HAS WHILE AT FCJ ONLY ORDERED NON-NUDE / PARTIALLY

21  NUDE-PROFILE NON-CONTRABAND PHOTOS OR MAGAZINES. AND HAS

22  NEVER ORDERED ANY OBSCENE / SEXUALLY EXPLICIT PUBLICATIONS.

23  2019-2020 AND 2022 FEBRUAR-APRIL; (e.g. FROM SAME VENDORS

24  HE'D ORDERED AND RECEIVED SIMILAR PUBLICATIONS FROM WHEN HE

25  WAS IN PRISON 1999—2018.)

26

27    25. DFNT MCCOMAS HAS NO AUTHORITY TO IMPLEMENT FCJ POLICY E-120

28  PROVISIONS THAT SUPERCEDES, ENLARGES, AND CONFLICTS WITH SECTION § 3006(c);

26. DFNT NIIMS ACTED WITH CONSCIOUS INDIFFERENCE TO PL RIGHT TO NOT BE PUNISHED WHEN SHE FAILED TO REMOVE THE OVERLY BROAD VAGUE, EXCESSIVELY RESTRICTIVE PROVISIONS FROM POLICY #E-120 DURING HER 2021 REVISION THEREOF; (NOTICED;)

27. THE FCI POLICY #E-120 CONTAINS PROVISIONS WHICH ARE OVERLY RESTRICTIVE (EXCESSIVE) TO WIT: @ § X⁻ "SEXUALLY EXPLICIT AND OBSCENE MATERIALS" LANGUAGE @ C. :" AN INMATE [MAY NOT BE PERMITTED TO RETAIN, RECEIVE, OR POSSESS A PERSONAL PHOTOGRAPH IN WHICH THE SUBJECT IS " PARTIALLY NUDE OR NAKED", OVERTLY SEXUAL OR " SEXUALLY SUGGESTIVE" ] ( BRACKETED PHRASE IS CONSTITUTIONALLY PUNITIVE TO EXTENT IT CIRCUMVENTIVELY ENLARGES SECTION 3006(c) TO BAN ALL NUDITY AND CIRCUMVENTIVELY ENLARGES THE DEFINITION OF SEXUALLY EXPLICIT MATERIAL TO INCLUDE MATERIAL THAT IS OVERTLY SEXUAL OR "SEXUALLY SUGGESTIVE" – WHICH ARE INVENTED UNDEFINED TERMS LEFT OPEN TO FCI INTERPRETATION) AND PERMITS THE EXCLUSION ON BASIS OF NON SEXUAL ACT (BODY POSES;)

28. FCI POLICY #E-120 CONTAINS ADDITIONAL OVERLY BROAD RESTRICTIVE LANGUAGE AT ibid. TO WIT: [ " PERSONS MUST BE CLOTHED IN A MANNER THAT WOULD BE GENERALLY ACCEPTED IN THE COMMUNITY AS A WHOLE " ] ( BRACKETED PHRASE IS EXCESSIVE, CONSTITUTIONALLY VAGUE / PUNITIVE TO EXTENT IT CIRCUMVENTIVELY ENLARGES SECTION 3006(c) TO EXCLUDE ON BASIS OF CLOTHING ;) ... AS WELL @ ibid. THE LANGUAGE: [ " ANY INTENT TO SHOW NUDITY ... WILL BE RETURNED AS " INACCEPTABLE", INCLUDING 1. ANY PHOTO THAT DISPLAYS AN EXPOSED BREAST W/ NIPPLE COVER, OR [ EMOJI ] COVER " ] ... AS WELL @ ibid. THE LANGUAGE : [ " UNDER – GARMENTS MUST BE WORN BENEATH CLOTHING THAT IS SHEER TRANSLUCENT

- 8 -

LACE, MESH, ETC"] (PHRASES IN BRACKETS ARE EXCESSIVE TO EXTENT IT EXTENDS SCOPE OF SECTION 3006(c) TO EXCLUDE LINGERIE (SEXY CLOTHING) AT WORST. THE LANGUAGE @ ibid. 2: [" ANY PHOTO THAT DISPLAYS THE ... 'PUBIC AREA' INCLUDING THOSE WEARING CLOTHING THAT BY DESIGN [(e.g. TIGHT FITTING)] OR BY THE MANNER IN WHICH IT IS WORN ALLOWS THE ANATOMICAL DETAIL OF GENITALIA TO BE CLEARLY VIEWED"] (PHRASE IN BRACKETS IS CONSTITUTIONALLY OVER BROAD TO EXTENT IT EXPANDS SCOPE OF SECTION 3006(c) TO BAN TIGHT CLOTHING, AND SPECIFIC BODY POSES DISPLAYED IN NON-NUDE IMAGES.)

29.  THE NON-NUDE ACME CATALOG PHOTOS (HIGHLIGHTED) WHICH FALL WITHIN FCJ E-120 RESTRICTIONS AS OBSCENE, OVERTLY SEXUAL, OR SEXUALLY SUGGESTIVE CONTRABAND WOULD BE EXCLUDED AS FOLLOWS: 1) PINK #338-1 AND #338-2 (" PHOTO WHERE WOMAN'S BREAST AND GENITALIA CAN BE CLEARLY SEEN - SEXUALLY EXPLICIT), 2) LISA RAYE #191-6 (" PHOTO OF WOMAN WITH LEGS OPEN WEARING BIKINI WHERE GENITALIA IS THE MAIN FOCUS - SEXUALLY EXPLICIT), 3) GABRIELLE REECE #127 (" PHOTO OF WOMAN WHO IS COMPLETELY NAKED - SEXUALLY EXPLICIT)... 4) TARA REID #219-3 (" PHOTO OF WOMAN SITTING WITH LEG RAISED SHOWING PUBIC AREA - SEXUALLY SUGGESTIVE) (SEE EXHIBIT-3, ' NON-NUDE PHOTO CATALOGS) ALL OF THESE PHOTOS WOULD BE PERMITTED IN PRISON UNDER SECTION 3006(c):

30.  PHOTOS OF NUDE / PARTLY NUDE WOMEN POSED SEDUCTIVELY IN

FN 2/ FCJ HAS INVENTED A PLETHORA OF CONCEALED EXCLUSIONARY CRITERIA SOLELY ACCESSIBLE TO MAILROOM STAFF TO ENFORCE THESE ADDED RESTRICTIONS. SUCH AS: ' PHOTO SHOWING PUBIC AREA' OR CROTCH AREA' ... MAIN FOCUS OF PHOTO IS THE GENITALIA ... 'SEE THRU CLOTHING WHERE AREOLA CAN BE SEEN, ETC. ETC/

which the genitals are not "exposed" are not obscene; To constitute obscenity, material must contain a graphic depiction of sexual activity; (e.g. Hardcore Penetration, etc.,)

31. As a matter of law the photos Pl. ordered are not obscene or sexually explicit; and are not excludable as contraband.

32. Minks as a high-ranking county official would reasonably known that her omission to not remove the punitive provisions from Policy #E-120 violated Pl. Due Process Rights and would cause all subordinate FCJ DFNTS to violate Pl. Due Process rights February – November 2022;

33. Section 3006(a)(15)(16)(17)(15CCR) is sufficient to meet and already does sufficiently meet the FCJ facility management, safety & security needs (2004 – 2022;)

34. The FCJ 'Special Concerns' for jail safety, security, and good order are no greater than such concerns in prison.

35. FCJ Policy #E-120 exaggerates the safety, security and facility management concerns at § X, C. and uses such as reason to deny possession of sexy photographs of women;

36. FCJ Policy #E-120 contains a notice provision @ § III, (c)(a)(4), which does not give sufficient notice of full contents of a mail parcel being disallowed. And permits staff to withhold full content information. Minks, McComas & Nichols were aware of the inadequate notice problem and refused to correct it 2020-2022;

= 10 =

37. FCJ POLICY # E-120, CONTAINS A "BLANKET DISPOSAL" PROVISION AT PG. 14, § X, C, THAT DISALLOWS ENTIRE CONTENTS OF MAIL HAVING ALLOWABLE AND DISALLOWED CONTENTS (PHOTOS), THIS CONDITION IS MORE RESTRICTIVE THAN PRISON MAIL PROCEDURES ③ AND IS CONSTITUTIONALLY PUNITIVE TO EXTENT IT FUNCTIONS AS A DETERRENT RESTRICTION THAT IS INTENDED "TO FRUSTRATE /ANNOY FAMILY -FRIENDS- ACQUAINTANCES (SENDERS.)"

38. PL. NOTIFIED FCJ DEFNTS OF THE HARMING IMPACT OF THE BLANKET DISPOSAL PROVISION CONTAINED IN E-120 AND IN E-410, IN GRIEVANCES PL. FILED IN 2020, AND IN 2022, NICHOLS INFORMED PL. THAT "THAT WAS THE JAIL POLICY AND THE JAIL POLICY WAS NOT GOING TO BE CHANGED WITH RESPECT TO ANY OF ITS RESTRICTIVE PROVISIONS."

39. DEFNT MIMS REVISED POLICY # E-120 IN 2021, NOT TO CURE ITS PUNITIVE EFFECT BUT ONLY TO SHIELD IT FROM CONSTITUTIONAL CHALLENGE SINCE SCORES OF DETAINEES WERE FILING MAIL RELATED GRIEVANCES FROM 2018 - 2021 COMPLAINING ABOUT THE EXCESSIVE RESTRICTIONS.

40. THE TRADITIONAL PRACTICE BY MAILROOM STAFF AT FCJ, 2018 - 2021 UNDER NICHOLS' LEADERSHIP WAS TO DEPRIVE DETAINEES OF NON-NUDE MAGAZINES & PHOTOS ON BASIS OF PERSONAL VALUE JUDGMENTS, ISSUE FALSE-INCOMPLETE NOTICES, (JUNG POLICY # E-410 ④ SEXY CONTENT BAN], & DIRECTING UNIT STAFF (NOTICE ISSUERS) TO TELL DETAINEES TO STOP ORDERING OR REQUESTING THESE KIND OF PUBLICATIONS, AND THAT IT WAS JAIL POLICY AND THE POLICY IS NOT A GRIEVABLE ISSUE. CAUSING DETAINEES EMOTIONAL DISTRESS.

FN 3/ PRISON MAILROOMS ONLY DISALLOW THE ITEMS DEEMED CONTRABAND AND ISSUE REMAINING ITEM(S) WHEN MAILING CONTAINS MIXED CONTENTS. //

FN 4/ PRIOR TO 2021, POLICY E-410 (ACTUAL JAIL HANDBOOK) WAS ONLY SOURCE OF ALL THE 'PROHIBITED MAIL' RESTRICTIONS AVAILABLE TO DETAINEES. //

INCLUDING = ANXIETY, DEPRESSION, ANGUISH, DESPAIR, FRUSTRATION, DOUBT AND HATRED ("MENTAL TRAUMA," HEREINAFTER;)

41. DFNTS McCOMAS, MIMS, KEONIYOM, ENRIQUEZ & NICHOLS EACH HAD A LEGAL DUTY TO INSURE PL WAS NOT SUBJECTED TO PUNITIVE CONDITIONS AND NOT DEPRIVED OF GOODS NEEDED TO PREVENT MENTAL SUFFERING OR PUT INTO A WORSE MENTAL STATE THAN HE WAS IN BEFORE ARRIVING AT FCJ;

42. FCJ DFNTS McCOMAS, MIMS, KEONIYOM, ENRIQUEZ & NICHOLS EACH BREACHED THEIR LEGAL DUTY OWED TO PL.; 2019 - 2022;

43. FCJ POLICY #E-120, 'SEXY CONTENT BAN' PROVISIONS SET FORTH AT PG. 14 §X, INCLUSIVE POLICY #E-410 MIRRORING PROVISIONS SET FORTH AT PG. 20, 21 REPUDIATED PL. RIGHTS TO NOT BE PUNISHED AS CONDITION OF PRETRIAL/CIVIL DETAINMENT;

44. FCJ POLICY #E-120, SEXY CONTENT BAN DISALLOWS ALL SEXY NON-NUDE MAGAZINES FEATURING ADULT FEMALE MODELS WEARING BIKINIS, LINGERIE, OR PANTY & BRA SETS INCLUDING BUT NOT LIMITED TO: "THICK", "BOTTLES IN MODELZ", "SPICY LATINA", "BODY", "¡ADORE"; DESPITE THEIR CONTENT NOT BEING OBSCENE OR SEXUALLY EXPLICIT WITHIN THE MEANING OF 15CCR §3006(c) (SEE EXHIBIT-5 'SEXY NONNUDE MAGAZINES') THESE MAGAZINES DO NOT FEATURE ANY SEXUAL ACTIVITY OR NUDITY WHATSOEVER; AND ARE PERMITED IN PRISON AND STATE HOSPITAL;

45. FCJ DFNTS (ALL) TREAT NON-NUDE SEXY PUBLICATIONS AS PORNOGRAPHY;

46. REAL PORNOGRAPHY: HARDCORE PENETRATION PUBLICATIONS WERE REMOVED FROM JAILS AND PRISONS AROUND 1981 AFTER CDCR DEEMED IT CONTRABAND OFFENSIVE & DISRESPECTFUL TO FEMALE PERSONNEL. THE COURT UPHELD THE RESTRICTION AS CONDUCIVE TO REHABILITATION AND NECESSARY TO MAINTAIN A NON-SEXUALLY HOSTILE WORK ENVIRONMENT. IN 2003, CDCR DEEMED SOFTCORE PORNOGRAPHY (DISPLAYS OF OPEN/WET NAKED PUSSY AND BREASTS) CONTRABAND AND CREATED THE FRONTAL NUDITY/SEXUALLY EXPLICIT MATERIAL BAN, WHICH IT CODIFIED AT 15 CCR § 3006(c)(17). THE RESTRICTION PERMITTED RETAINMENT, ACQUISITION, & POSSESSION OF ALL OTHER TYPES OF NUDITY OR PARTIAL NUDITY [EMPHASIS];

47. DIRECT NEGATIVE CONSEQUENCE OF THE PORNOGRAPHY AND FRONTAL NUDITY BAN WAS ASS-OBSESSION AND INCREASED HOMOSEXUALITY WITHIN PRISON AND JAIL FACILITIES. (e.g. DEPRIVATION BREEDED DEPRAVITY); AS WELL AS SEXUAL AGGRESSION, AND A BLACK-MARKET FOR PORNOGRAPHY;

4/8

48. MASTURBATION IS NORMAL, AS IT PERMITS HUMANS TO MEET A BASIC NEED TO CHANEL & RELEASE SEXUAL ENERGY IN A HEALTHY WAY. (EMPIRICAL SCIENTIFIC STUDY SUPPORTS THIS FACT.) THIS SEXUAL ENERGY CAN ALSO BE RECHANELED AND RELEASED VIA DAILY PHYSICAL SIGHT, TOUCH, INTERACTIVE COMMUNICATION WITH ONE'S OPPOSITE GENDER.

49. PLTF (LIKE ALL CONFINED PERSONS) REQUIRES PICTORIAL IMAGES TO RECHANEL & RELEASE SEXUAL ENERGY IN A HEALTHY WAY, WHEN NOT ABLE TO HAVE REGULAR/DAILY PHYSICAL CONTACT OR INTERACTION ONE-ON-ONE, WITH OPPOSITE GENDER. TO ACCOUNT FOR THE DEPRIVATION.

50. DFNT MIMS DOES NOT PERMIT CONTACT VISITS, OR DAILY ONE-ON-

ONE PHYSICAL INTERACTION BETWEEN DETAINEES AND THEIR FRIENDS, ACQUAINTANCES

OR STAFF; NON-SEXUAL FRIENDLY PHYSICAL TOUCH IS PROHIBITED AT FCJ.

51. PL. HAS NEVER RESORTED TO ASS-OBSESSION, HOMOSEXUALITY,

OR SEXUAL AGGRESSION TOWARDS STAFF, THROUGHOUT 30-YEARS OF

CONFINEMENT (1992-2022;)

52. PL. RESPONDED TO THE PORNOGRAPHY, FRONTAL NUDITY, AND

SEXUALLY EXPLICIT MATERIAL BANS BY PURCHASING ONLY THOSE

NON-NUDE / PARTIALLY NUDE PUBLICATIONS THAT WERE PERMISSIVE.

SUCH AS: " AMERICAN CURVES", "SMOOTH GIRL", "SPICY SEXY

LATINA" (MAGAZINES), "IMAGE FUSION", "INMATE SERVICES", "ACME

PUBLICATIONS", "CAMEL-TOE PHOTO" (PHOTOS);

53. DIRECT NEGATIVE CONSEQUENCES OF ESTABLISHMENT, IMPLEMENT-

ATION AND ENFORCEMENT OF FCJ POLICY #E-120, 'SEXY CONTENT BAN'

BY DFNTS MIMS, McCOMAS, NICHOLS, KEONIYOM, & ENRIQUEZ WAS

INCREASED INCIDENTS OF THEFT OF DETAINEES PHOTOS AND MAGAZINES,

INCREASED PHYSICAL & VERBAL ALTERCATIONS AND SEXUAL ABUSE AMONG

DETAINEES, INCREASED SEXUAL INTEREST / AGGRESSION DIRECTED TOWARD

FEMALE STAFF, INCREASED MENTAL TRAUMA AND PRESCRIPTION DRUG

ABUSE AMONG DETAINEES, AND A BLACK-MARKET FOR SEXY NON-NUDE PHOTOS

AND MAGAZINES;

54. FCJ-DFNTS McCOMAS, MIMS, NICHOLS, KEONIYOM, ENRIQUEZ

HAD AMPLE INFORMATION TO INFER FROM WHICH THEY COULD INFER THAT

THEIR TRADITIONAL METHOD OF CARRYING OUT POLICY #E-120 POSED A

SUBSTANTIAL RISK OF HARM TO PL. MENTAL WELLBEING;

55. DFNTS McComas, Nichols, Keoniyom, & Enriquez Received Staff Reports of Detainee Conflicts, Disruptive Acts, Suicidality, Thievery, Threats of Violence, related to Mail Issues 2019-2022, and McComas Relayed Such Reports to Mims via Email;

56. DFNTS Mims, McComas, Nichols, Keoniyom & Enriquez Drew Inference That Their Traditional Method of Enforcing Policy #E-120 Posed a Substantial Risk of Harm to PL. Mental Health Yet Failed to Abate That Risk;

57. DFNTS McComas, Mims, Keoniyom, Enriquez & Nichols Continued Enforcing FCT Policy #E-120 After PL Notified Them That The Provisions @ §III, And §X, Violated PL Due Process Rights, In February - April 2022;

58. March 25th, 2022 Thru Current Date November 2022 DFNT McComas Failed To Supervise and Train DFNTS Nichols, Keoniyom & Enriquez To Insure PL. Receive His -State Regulation Authorized - Photos, Magazine, Photo Catalogs That Arrived From Acme Publications and Inmate Services Company;

59. McComas Did Not Direct DFNTS Nichols, Keoniyom, & Enriquez To Issue PL. His Photos, Magazine, Photo Catalogs At All Times Relevant To This Suit;

60. (Background Fact) Prior To PL. Detention At FCT PL. Was At State Hospital (Mar 4th 2021 - Jan 21st 2022) Whwere His Right To Not Be Punished By Denied Access To Information Was

only RESTRICTED BY No INTERNET ACCESS, OTHERWISE PL. ENJOYED REMOTE VIDEO VISITATION, RETENTION - ACQUISITION - POSSESSION OF PHOTOS, MAGAZINES, RADIO TELEVISION, VIDEO GAME, AS WELL AS PHONE CARD AND DIRECT-DIAL TELEPHONE ACCESS, PLUS DAILY CONTACT/ INTERACTION WITH OPPOSITE GENDER TO MAINTAIN EMOTIONAL AND MENTAL STABILITY. WELLBEING. ("NORMAL DETAINEE CONDITIONS" OR "NORMAL DETAINEE PRIVILEGES", HEREINAFTER.)

61.   DFNT McComas INTENDED TO INFLICT EMOTIONAL DISTRESS UPON PL. BY HIS (McComas') OMISSION TO DIRECT DFNTS NICHOLS, ENRIQUEZ AND KEONNOM TO STOP ENFORCING FCJ POLICY E-120 SECTION X, C., AFTER DRAKE NOTIFIED THEM THAT IT VIOLATED HIS RIGHTS;

62.   DFNT McComas COULD HAVE MODIFIED THE MAIL PROCEDURES SO THEIR IMPACT WOULD NOT BE HARMFUL TO PL., BUT McComas DID NOT; (e.g. PROVIDED MEMO AND TRAINING TO GIVE NOTICE OF FULL CONTENTS WITHIN MAIL...TOLD DISALLOW ONLY FULL EXPOSED (UNCLOTHED) NUDITY. .ETc)

63.   FCJ HAD NO HIGH INCIDENCE OF FACILITY DISRUPTION, OR SEXUAL HARASSMENT OF EMPLOYEES' ET.AL., BY DETAINEES THAT COULD BE LINKED TO DETAINEES' RETENTION/POSESSION OF NON-NUDE/PARTLY NUDE SEXY PUBLICATIONS DURING TIME PERIOD 2015 THRU 2022;

64.   FCJ DFNTS MIMS, AND McComas' INSTITUTIONS OF THE "TOTAL NUDITY BAN' AND ' SEXY-CONTENT BAN' WAS NOT SUPPORTED BY ACTUAL EVENTS;

65.  MIMS. & McComas INTENDED TO INFLICT HARM ON PL IN A MANNER THAT WOULD NOT BE TRACEABLE BACK TO THEM WHEN THEY ESTABLISHED AND IMPLEMENTED THE PUNITIVE POLICY E-120 BANS;

- 16 -

66. PL. ARRIVED AT FCJ ON JANUARY 21ST 2022 (FRI) AT APPROXIMATELY BETWEEN 8-9 PM, AS A CIVIL DETAINEE - CRIMINAL PRETRIAL DETAINEE WITH ONLY HIS PHONE BOOK AND A TWO-POCKET FOLDER OF LEGAL DOCUMENTS;

67. UPON PL. ARRIVAL AT FCJ, HE WAS GIVEN JAIL CLOTHING WITH THE LABEL "**PRISONER**" EMBLAZONED ACROSS THE BACK IN LARGE ( 1 3/4" X 1 1/4" INCH ) BLACK ~~BOLD~~ BLOCK LETTERS;

68. FCJ DEPTS MINNS, McCOMAS, NICHOLS, KEONILOSA, & ENRIQUEZ DENIED PL. ALL NORMAL DETAINEE PRIVILEGES 2018 THROUGHOUT 2022 AND TREATED PL. SIMILAR AND WORSE THAN A CONVICTED STATE PRISONER. DESPITE HIS NON-PRISONER LEGAL STATUS;

69. ON FEBRUARY 9TH 2022, (WED) ACME PUBLICATIONS ( A KOOL OLD-SCHOOL COMPANY AT P.O. BOX 131300, ST. PAUL, MINNESOTA 55113 WHOSE ONLY BUSINESS IS SELLING HIGH-QUALITY NUDE AND NON-NUDE CELEBRITY AND MODEL PHOTOGRAPHS IN 4x6 & 8x10 SIZES PRICED AT $1. AND $1.75, RESPECTIVELY) SENT PL. AN ORDER FORM AND OFFER TO PLACE A CUSTOM ORDER;

70. PL. ORDERED 6-CUSTOM CELEBRITY SEXY PHOTOS OF: ANAIS SALAZAR (ACTRESS), ORIETTA DU LUQUE (MODEL), TRACY DOUGLAS (ACTRESS), JILL FUNKE (ACTRESS), TIVRE KARDASHIAN (MODEL) & FERNANDA TARA (COMEDY STAR); ALONG WITH 3- CATALOG BIKINI PHOTOS OF HELEN HUNT (ACTRESS # 159-1 & # 159-2), ANONYMOUS (MODEL # 287) ALL IN 4x6 SIZE. ON MARCH 9TH 2022; INCLUSIVE THE FULL NON-NUDE CATALOG. BY SENDING THE ORDER FORM TO HIS FAMILY;

71. DFNT-'ENRIQUEZ On MARCH 28TH-30TH 2022 PUNISHED PL. UNDER AUSPICE OF ENFORCING FCJ PROHIBITED MAIL POLICY (E-120) ENRIQUEZ APPLIED THE SEXY-CONTENT BAN TO THE 9 FINDLNN NUDE PHOTOS AND NON NUDE PHOTO CATALOG ARRIVED FROM ACME PUBL. ENRIQUEZ LOGGED THE MAILING-VAGUELY-AS: "A TOTAL ONE PACKAGE". LOGGED THE MAILING-FALSELY-AS: "SEXUALLY SUGGESTIVE PHOTOGRAPHS." ON SOME OF THE PHOTOS THE FEMALES AREOLAS AND GENITALIA CAN BE SEEN THRU THEIR THIN LINGERIE. ON OTHER PHOTOS THE LABIA/GENITALIA ARE EXPOSED THRU THE SIDE DUE TO THE ATTIRE BEING UTTERLY CONSTRICTED AND SMALL." ENRIQUEZ DID NOT INCLUDE THE TOTAL NUMBER OF PHOTOS OR THE CATALOG IN THE LOG AND IMMEDIATELY RETURNED TO SENDER THE ENTIRE MAILING.

72. DFNT ENRIQUEZ SUBJECTED PL. TO THE PUNITIVE OVERLY BROAD MAIL RESTRICTIONS REPEATEDLY AND INTENDED TO HARM PL. BY SO DOING.

73. DFNT ENRIQUEZ INFLICTED MENTAL TRAUMA ON PL. EACH TIME SHE DISALLOWED HIS POSESSION OF PUBLICATIONS ON FEBRUARY 27TH 2020, MARCH 8TH 2020, MAY 11TH 2020, AND MARCH 28TH-30TH 2022.

74. DFNT ENRIQUEZ KNEW PL. WAS HOUSED IN FCJ AD-SEG AND WITHOUT ANY OF THE NORMAL DETAINEE PRIVILEGES NEEDED TO PREVENT MENTAL SUFFERING; DFNTS KEONYOM & NICHOLS ALSO KNEW THIS.

75. NICHOLS, ENRIQUEZ, AND KEONYOM EACH SUBJECTED PL. TO PUNITIVE MAIL CONDITIONS IN MANNER EACH BELIEVED WOULD NOT BE TRACEABLE BACK TO HEIR AND HIM; POLICY E-120 GOVERNED THEIR ACTIONS DIRECTED AGAINST PL.;

76. DFNTS ENRIQUEZ, KEONYOM AND NICHOLS BELIEVED THEIR ILLEGAL REMOVAL OF PL. RIGHTS WOULD BE SHIELDED BY POLICY #E-120;

F.N.5/THE WORD "SEXY" MEANS 'PROVOCATIVE' AND 'ALLURING' NOT INVOLVING SEXUAL ACTIVITY. (FOR PURPOSES OF THIS LAW SUIT.)//

— 18 —

77. DFTS NICHOLS, ENRIQUEZ AND KEONIYOM, AT ALL TIMES RELEVANT TO THIS MATTER, HAD MEANS AND AVAILABLE OPPORTUNITY TO SUGGEST ALTERNATE/ LESS HARMFUL METHOD OF CARRYING OUT POLICY # E-120 2019 - 2022, BY SUBMITTING SUGGESTION TO MR. COMAS (VIA FCJ # A-140 "STAFF SUGGESTIONS & OBSERVATIONS" POLICY) BUT DID NOT DO SO DESPITE OBSERVING E-120's HARMFUL IMPACT ON PL ET AL.

78. DFNT KEONIYOM, ON APRIL 19TH 2022, AND AGAIN ON APRIL 26TH - 28TH 2022, PUNISHED PL UNDER THE AUSPIZE OF ENFORCING FCJ POLICY # E-120. KEONIYOM APPLIED THE "SEXY-CONTENT BAN" TO ONE NONNUDE PHOTOGRAPH, & ONE NON NUDE "I.S." MAGAZINE [6] AND 3- CATALOG PAGES ARRIVED FROM "INMATE SERVICES COMPANY" (THE BEST PHOTO COMPANY AROUND) BASED IN TEXAS AT P.O. BOX 535547, GRAND PRAIRIE TX. 75053. KEONIYOM LOGGED THE MAILING-VAGUELY & OVERBROADLY AS: "RETURN I-MAIL ENVELOPE DUE TO IT CONTAINING A PHOTO OF A WOMEN WEARING ONLY HER UNDER GARMENT AND SHE IS SITTING OF A COUCH WITH BOTH LEGS IN THE AIR REVEALING HER CROTCH AREA" ... LOGGED THE MAILING- FALSELY - AS: "SEXUALLY EXPLICIT PHOTO" KEONIYOM DID NOT INCLUDE THE I.S. MAGAZINE IN THE LOG AND IMMEDIATELY RETURNED TO SENDER THE ENTIRE MAILING. (SEE SCRNG EXH.- 6 'LOG';)

79. PL ORDERED NEW NONNUDE PHOTO AND MAGAZINE FROM INMATE SERVICES APPROXIMATELY MARCH 15TH 2022,) FEATURING HIS FAVORITE PRINT MODEL "NOMI" (THE WETTEST - ON ALL FOURS, OR ANY OTHER POSE - RED HAIRED MODEL ON THE PLANET /) IN THE PHOTO SHE LOUNGES ON A COUCH WITH ANKLES CROSSED AND LEGS CLOSED. ITS NOT SEXUALLY EXPLICIT. THE ACCURATE DESCRIPTION OF THAT IMAGE IS : "PLAYFULLY ALLURING".

80. PL IS A ARTIST AND CONNOISSEUR OF EROTIC ART & PHOTOGRAPHY,

FN 6/ I.S. MAGAZINE FEATURES MODEL PHOTOS, PUZZLES, GAMES, AND ARTWORK AND COSTS $12. PER ISSUE.

DRAKE V. KEONIYOM ET AL.                              PG. 20 OF

1  WHO HAS A KEEN EYE FOR ALL THINGS BEAUTIFUL, KOOL, STYLISH, APPEALING,

2  SUCH THAT WHEN I SAY SOMETHING OR SOMEONE HAS THESE QUALITIES,

3  8 OUT OF 10 PEOPLE TEND TO AGREE;

4

5     81.  ACME MODIFIED PL'S CUSTOM ORDER AFTER GETTING THE RTS

6  REJECTION AND RESHIPPED ONLY THE 3-CATALOG PHOTOS AND FULL CATALOG.

7  APPROXIMATELY APRIL 15TH 2022; (SINCE THE NOTICE ONLY SPOKE TO LINGERIE);

8

9     82.  THERE WAS NO MEASUREABLE DECREASE IN DETAINEE DISRUPTIVE

10  BEHAVIOR SINCE MILLS AND McCOMAS ESTABLISHED & IMPLEMENTED THE

11  FULL NUDITY AND SEXY CONTENT BANS DURING THE 2015-2022 TIME PERIOD;

12

13     83.  MANY OF FCJ'S HOTTEST FEMALE OFFICERS (e.g. GUZMAN, K.

14  HAZELRIGG, CALDERON, HUBERT, IRIBIDIAN, AND NIGUEZ) CAN

15  ATTEST TO HAVING RECEIVED MORE UNWANTED SEXUAL ATTENTION FROM

16  DETAINEES DUE TO THE SEXY CONTENT BAN ON PUBLICATIONS (2015-2022);

17

18     84.  DFNT KEONIYOM, PUNISHED PL ON APRIL 26TH-28TH UNDER AUSPICE

19  OF ENFORCING POLICY #E-120. KEONIYOM APPLIED THE SEXY CONTENT BAN

20  TO THE SAME THREE NON NUDE BIKINI PHOTOS AND NON NUDE CATALOG THAT

21  HAD BEEN REJECTED BY DFNT ENRIQUEZ (cf. F. 71, INCORPORATED BY REF.)

22  NEWLY ARRIVED (RE-SHIPPED) FROM ACME PUBLICATIONS. KEONIYOM LOGGED THE

23  MAILING -VAGUELY- AS: "RETURN E-MAIL ENVELOPE"... OVERBROADLY: "DUE TO

24  IT CONTAINING A PHOTO OF A FEMALE IN A BIKINI AND YOU ARE ABLE TO SEE THE

25  OUTLINE OF HER GENITALS"... "AND ALSO A PHOTO OF A FEMALE WEARING A

26  THONG BIKINI BENDING OVER HER ELBOWS AND KNEES REVEALS HER CROTCH

27  AREA"... LOGGED -FALSELY- AS: "SEXUALLY EXPLICIT PHOTO" DFNT IMMEDIATELY

28  RETURNED TO SENDER THE ENTIRE MAILING. (SEE DURING EXH. 6, "FCJ OFFENDER LOG"); ⑦

FN7/ AS A COURTESY TO THE COURT PL PROVIDES SCREENING EXHIBIT-6, A SAMPLE
       FCJ OFFENDER LOG RTS NOTICE.// PL ASKS MAGI BAM TO PLEASE TAKE JUDICIAL
       NOTICE THEREOF.

1  KEONINOM OMITTED THE SECOND PHOTO AND THE CATALOG FROM HIS LOG NOTICE.

2  THE FIRST PHOTO DISPLAYED A BEAUTIFUL GERMAN 40-SOMETHING SEXY WOMAN

3  STANDING IN FRONT OF HER OPEN GARAGE DOOR IN A PERFECTLY FITTED BIKINI. JUST

4  POSING NORMAL STANCE; FACING CAMERA WITH HANDS AT HER SIDES (NOT OBSCENE

5  NOT SEXUALLY EXPLICIT). THE SECOND PHOTO SHOWS HELEN HUNT RIVALLING STRIKING

6  A SEXY OVER-THE-SHOULDER LOOKBACK POSE WEARING THONG BIKINI (NOT OBSCENE

7  NOT SEXUALLY EXPLICIT) THE THIRD PHOTO SHOWS HELEN HUNT IN THONG KNEELING

8  TO LAY AT PICNIC BLANKET WITH HER HUSBAND SITTING IN LAWN CHAIR LOOKING

9  ON AMAZED BY HER SEXINESS. (NOT OBSCENE NOT SEXUALLY EXPLICIT.)

10

11  85.  DFNT KEONINOM SUBJECTED PL. TO THE PUNITIVE OVERLY BROAD FCI W/MAIL

12  RESTRICTIONS REPEATEDLY AND INTENDED TO HARM PL. BY DOING SO;

13

14  86.  DFNT KEONINOM INFLICTED MENTAL TRAUMA ON PL. EACH TIME HE

15  (KEONINOM) DISALLOWED PL. POSSESSION OF PUBLICATIONS ON APRIL 19TH 2022.

16  AND APRIL 26-28TH 2022;

17

18  87.  THE LEGISLATURE HAS NOT GIVEN FCI DFNTS AUTHORITY TO

19  DEFINE OBSCENE AND OR SEXUALLY EXPLICIT MATERIAL MORE BROADLY

20  THAN THE DEFINITIONS SET FORTH IN PENAL CODE § 311 AND 15 CCR § 3006(c).

21

22  88.  SECTION 3006 AUTHORIZES EXCLUSION OF ONLY PATENTLY OFFENSIVE

23  MATERIAL, WHEREAS SEXUAL EXPRESSION THAT IS INDECENT BUT NOT OBSCENE

24  IS PROTECTED BY THE U.S. CONST. FIRST AMENDMENT;

25

26  89.  THE SEXY-PROVOCATIVE POSES AND CLOTHING DISPLAYED IN

27  THE PHOTOS/MAGAZINES AT ISSUE HERE DO NOT CONVERT THOSE

28  PUBLICATIONS INTO OBSCENE/PORNOGRAPHIC/SEXUALLY EXPLICIT MATERIAL;

DRAKE V. KRONIYOM ET AL.

90. DFNT NICHOLS DISCREDITED THE SHERIFFS DEPARTMENT 2019 THRU 2022, BY CONDONING, MASKING, AND PARTICIPATING IN UNETHICAL ILLEGAL CONDUCT BY SUBORDINATE EMPLOYEES POSTED AT FCJ MAILROOM, UNDER THE AUSPICE OF ENFORCING POLICY # E-120 ;

91. IN DECEMBER 2019, NICHOLS PUNISHED PL BY APPLYING THE SEXY CONTENT BAN TO PL NONNUDE PUBLICATIONS; ON MARCH 8TH 2020, AND MAY 11TH 2020, AND MARCH 30TH 2022, NICHOLS DID NOT STOP ENRIQUEZ FROM PUNISHING PL LIKEWISE. DID NOT STOP KRONIYOM FROM ENFORCING THE E-120 BAN ON PL APRIL 19TH AND 28TH 2022, AFTER PL NOTIFIED NICHOLS THAT THE POLICY RESTRICTIONS VIOLATED PL DUE PROCESS RIGHTS, EVEN THOUGH NICHOLS HAD EASILY AVAILABLE OPPORTUNITY AND MEANS TO DO SO.

92. DFNT NICHOLS REMOVED EVIDENCE FROM PL GRIEVANCE PACKET DURING THE MAY 4TH-5TH 2022 INVESTIGATION OF THE APRIL 26-28TH 2022 KRONIYOM PUNITIVE DEPRIVATION

93. MARCH 8TH 2020 THRU CURRENT DATE NOVEMBER 2022, DFNT NICHOLS FAILED TO SUPERVISE AND TRAIN DFNTS ENRIQUEZ AND KRONIYOM TO INSURE PL WAS NOT SUBJECTED TO RESTRICTIONS AMOUNTING TO PUNISHMENT.

94. DFNT NICHOLS INTENDED TO INFLICT EMOTIONAL DISTRESS UPON AND OPPRESS PL BY HER (NICHOLS') OMISSION TO DIRECT DFNTS ENRIQUEZ AND KRONIYOM TO STOP ENFORCING POLICY E-120 A BLANKET RTS, AND SEXY CONTENT BAN PROVISIONS III. C, AND X. C AFTER PL NOTIFIED THEM IT VIOLATED PLS DUE PROCESS RIGHTS.

95. PL'S SUFFERED INJURIES ARE ACTUAL, IMMINENT, CONCRETE, & PARTICULARIZED;

96. PL SUFFERED INJURIES OF MENTAL TRAUMA, OPPRESSION WHEN DFNTS KRONIYOM

- 22 -

1  MIMS, McComas, Enriquez, & Nichols punished/subjected him to conditions worse

2  than prison; anxiety, loneliness, frustration, anguish, stigma, loss of minimum

3  distress when Nichols, Enriquez & Keoniyoum RTS'd his publications, despair

4  when McComas & Nichols failed to stop the punitive policy enforcement; and loss

5  of legal protection when dfnts (all) removed his rights; & poverty of affection;

6

7  97.  Pl.'s injuries are fairly traceable to to dfnts Mims, McComas, Keoniyoum,

8  Enriquez & Nichols' establishment, implementation, and enforcement of

9  FCJ policy # E-120; routine unlawful practices intended to harm Pl.;

10

11  98.  Had Pl. been issued all of his ordered publications, he would have

12  not suffered mental trauma, loss of monies, stigma;

13

14  99.  Had dfnts revised and enforced policy E-120 to accord with

15  section 3006 (c) Pl. would not have suffered violation of his Fourteenth

16  Amendment sustantive Due Process right;

17

18  100.  Pl. remains subject to FCJ dfnts further punitive enforcement of E-120;

19

20  101.  Dfnt Nichols knew that her absent directive to stop enforcing policy

21  E-120 would cause dfnts Keoniyoum & Enriquez to continue violating Pl. rights;

22

23  102.  A reasonable jail supervising officer would reasonably know that

24  by stopping harmful conduct of subordinates was unlawful;

25

26  103.  Dfnts Keoniyoum, Mims, McComas, Enriquez & Nichols are each

27  fully liable for damages on all claims

28

DRAKE V. KRONIYOM ET AL

104. PL. HAS EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDY ON ALL ALL CLAIMS AGAINST DFNTS KRONIYOM, MIMS, McCOMAS, ENRIQUEZ & NICHOLS;

105. PL. IS ENTITLED TO THE RELIEF SOUGHT AGAINST DFNTS KRONIYOM, MIMS, McCOMAS, ENRIQUEZ, & NICHOLS ON THIS DUE PROCESS CLAIM;

106. PL's SOUGHT RELIEF WOULD CURE THE CONSTITUTIONAL VIOLATIONS DONE BY KRONIYOM, MIMS, McCOMAS, ENRIQUEZ & NICHOLS;

107. DFNTS KRONIYOM, MIMS, McCOMAS, ENRIQUEZ, & NICHOLS ARE NOT IMMUNE TO MONETARY DAMAGES;

108. DFNTS ARE HEREBY SUED TO WIT: KRONIYOM IN HIS INDIVIDUAL CAPACITY, MIMS IN HER INDIVIDUAL CAPACITY, McCOMAS IN HIS INDIVIDUAL CAPACITY, ENRIQUEZ IN HER/HIS INDIVIDUAL CAPACITY, NICHOLS IN HER INDIVIDUAL CAPACITY.

109. THE FCJ GRIEVANCE PROCESS WAS INADEQUATE TO RESOLVE THE ISSUE OF PUNITIVE JAIL CONDITION CAUSED BY A CONSTITUTIONALLY VAGUE, RESTRICTIVE, PUNITIVE, ARBITRARY AND UNREASONABLE POLICY (E-120)

110. THE PROCESS REQUIRES FCJ DFNS TO GIVE PL. ALL OF THE SEXY NON-FRONTAL-NUDE PHOTO'S AND MAGAZINES HE ORDERS FROM AZULE, INMATE SERVICES, MADAM PHOTO, ETC...

## E. REQUEST FOR RELIEF

1. PLAINTIFF IS ENTITLED TO A JUDGMENT IN HIS FAVOR AND AN AWARD OF RELIEF FOR THE VIOLATION OF HIS DUE PROCESS RIGHTS BY DEFENDANTS;

2. PL's FACTS (A-E, INCORPORATED BY REFERENCE) ARE TRUE AND GIVE RISE TO HIS ENTITLEMENT TO SOUGHT RELIEF; PL SEEKS ONLY MONETARY DAMAGES;

3. PL HEREBY REQUEST THE COURT ISSUE AN ORDER FOR MONETARY DAMAGES IN THE AMOUNT OF TWENTY THOUSAND DOLLARS (\$20K) AGAINST ALL FCI DFNTS;

4. PL's FACTS (A-E, INCORPORATED BY REFERENCE) WILL LEAD A JURY TO DETERMINE YES, DFNTS ACTED UNDER COLOR OF STATE LAW TO COMMIT THE CONDUCT AT ISSUE; AND YES, THE CONDUCT DEPRIVED PL OF HIS U.S. CONSTITUTIONAL 4TH AMENDMENT RIGHT TO NOT BE PUNISHED;

5. PL IS ENTITLED TO ATTORNEYS FEES AND COSTS OF SUIT/& HEREBY REQUEST AN ORDER AWARDING SAME;

6. PL HAS A RIGHT TO RELIEF AGAINST ALL DFNTS JOINTLY & SEVERALLY; FOR THEIR COLLECTIVE & INDIVIDUAL VIOLATIONS OF 42 USC § 1983 ;

8. PL REQUEST AN ORDER FOR ANY OTHER & FURTHER RELIEF THAT THE COURT

7. PL REQUEST AN ORDER FOR ANY OTHER AND FURTHER RELIEF THAT THE COURT DEEMS PROPER.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE & CORRECT

EXECUTED ON NOVEMBER 30th, 2022

/s/ Sam Drake

SAM DRAKE, PRO SE PLAINTIFF

CASE No. 1:22-cv-001149 BAM

<u>PROOF OF SERVICE</u>

1

2      I hereby declare that I am over the age of 18 years of age, a resident of the State of

3  California and     a party to the within cause of action. That on this date I did cause a true

4  and correct copy of: "PLAINTIFF'S FIRST AMENDED CIVIL RIGHTS COMPLAINT UNDER 42 USC

5  §1983 W/EXHIBITS #'S 1-6 (FCI MAIL POLICIES E-120 & E-410; SEXY NON-NUDE

6  PHOTO CATALOG(S); SEXY NON-NUDE MAGAZINE SAMPLE COVERS; AND CONTRASTING

   PRISON CONTRABAND & MAIL POLICIES-15 CCR § 3006(c) §3135; AND PTS. LOG"

7  to be served on the parties to the action by:

8  ☑  depositing same in the U.S. Mail with first class postage prepaid and

9      addressed as follows:   OFFICE OF THE COURT CLERK

10          UNITED STATES EASTERN DISTRICT COURT

11                  FRESNO DIVISION

                    2500 TULARE STREET

12                  FRESNO, CA  93721

13  ☐  delivering same in person to the address as follows and placing into the

14      control of the below listed party or representative:

15

16

17

18  ☐  by faxing said document to the following telephone number:

19

20  Executed this  30TH  day of  NOVEMBER          , 20 22 , under penalty of perjury in

21  Fresno, California.

22

23          _____

24          SAM DRAKE, PRO SE        Declarant

25

FCJ MAIL POLICY # E-120

(BAN ON NUDE - PARTIALLY NUDE - &

NON - NUDE PUBLICATIONS)

SCREENING

**EXHIBIT 1**

## FRESNO COUNTY SHERIFF'S OFFICE
## JAIL DIVISION POLICIES AND PROCEDURES

| | |
|---|---|
| TITLE:    INMATE CORRESPONDENCE<br>FILE:  MAIL | NO:  E-120 |

| | | |
|---|---|---|
| EFFECTIVE DATE:  12-18-89 | REVISED: | 08-06-90, 12-25-94, 06-04-95, 09-01-96, 10-01-96<br>04-01-97, 06-01-00, 10-01-00, 02-01-02, 05-01-05<br>02-01-21 |

AUTHORITY:  Sheriff M. Mims          APPROVED BY:  Assistant Sheriff T. Gattie

REFERENCE:  California Code of Regulations, Title 15, Sections 1063, 1066, 1068, and
1083; Penal Code Sections 311, 2600, 2601, and 4570; *Procunier v. Martinez*, 416
U.S. 396 (1974); *Turner v. Safley*, 482 U.S. 401 (1987); *People v. McCaslin* 178
Cal.App.3d 1 (1986); *Thornburgh v. Abbott*, 490 U.S. 401 (1989);  *Mauro v. Arpaio*,
188 F.3d 1054 (9th Cir. 1999); *Shaw v. Murphy*, 528 U.S. 223 (2001); *People v.
Loyd*, 27 Cal.4th 997 (2002); 28 CFR 115.401; and United States Postal Service,
Domestic Mail Manual, Section 508.1.6.1.

PURPOSE:

The purpose of this policy is to provide guidelines for the receipt, inspection, rejection,
and sending of inmate mail.

POLICY:

It is the policy of the Fresno County Sheriff's Office Jail Division to allow inmates to send
and receive unlimited mail, provided that it does not jeopardize the security, good order,
discipline, control, or operation of the jail facilities; the safety of persons within or outside
of the jail; or facilitate criminal activity.   Inmates may also receive softbound books,
newspapers, magazines, and periodicals accepted for distribution by the United States
Postal Service.  Acceptance of these items is subject to the security procedures outlined
in this policy.

PROCEDURES:

I.        <u>GENERAL PROVISIONS</u>

        A.   There is no limitation on the volume of mail that an inmate may send or
             receive, nor is there any limitation to the number of pages that comprise
             a letter.  However, there is a limitation on the amount of personal property
             an inmate may maintain.
             [Refer to Section XXI/Personal Property.]

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

---

TITLE:    INMATE CORRESPONDENCE                    NO: E-120
FILE:  MAIL

---

B.  Inmates may correspond with any person and in any language

C.  All incoming mail must be properly addressed with the inmate's name, Booking number, and Jail Identification (JID) number and mailed to P.O. Box 872, Fresno, CA 93712.

1.  Mail that does not include the inmate's identifying numbers may be returned to the sender as unacceptable.

2.  Mail that is not addressed to a specific inmate will be returned to the United States Postal Service (USPS).

D.  Mail is only accepted when delivered through regular postal service. This includes all deliveries for books, newspapers, magazines, and periodicals.  Mail delivered directly to the facility, and/or from a private delivery service (e.g., UPS, FedEx, Amazon, etc.) will not be accepted. [Refer to Section VII/Publications.]

E.  Inmates shall have no expectation of privacy for other than confidential correspondence.  In order to preserve facility security and staff, inmate, and public safety, all general correspondence (i.e., non-confidential mail), incoming or outgoing:

1.  Shall be opened and searched for contraband.

2.  Should be scanned for illicit communications and prohibited content.

3.  May be randomly read.  The random reading of mail is intended to reveal, for example, escape plans, information concerning proposed criminal activity, arranged assaults or other plans to violate facility rules, encoded messages, gang-related comments/drawings, etc. [Refer to Sections III/Incoming Mail and XIII/Outgoing Mail.  See also Sections IX/Prohibited Materials (Contraband), X/Sexually Explicit and Obscene Materials, XI/Threatening or Dangerous Materials, and XVIII/Interception and Confiscation.]

F.  All non-confidential inmate mail of a particular inmate may be read in its entirety by designated staff when there is a valid security reason and a Bureau Commander or designee approves. [Refer to Section XVII/Monitored Mail.]

G.  Letters written from one inmate to another within the Jail can be read in the interest of preserving facility security. [Refer to Section XIV/Mail Between In-Custody Inmates.]

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
|---|---|---|
| | FILE:  MAIL | |

H.   Confidential/legal mail may only be opened and searched for contraband in the presence of the inmate.  Confidential mail may not be scanned or read except for cause.
[Refer to Sections IV/Confidential Mail and V/Inspection of Confidential Mail.]

I.   Inmates may correspond confidentially with any Watch Commander, Bureau Commander, Assistant Sheriff, Sheriff, or the Internal Affairs Unit. Such correspondence will not require postage, and should be marked "Confidential" on the exterior of the letter.  These letters may be sealed by the inmate and will not be inspected by staff.

J.   Any mail that is undeliverable because the inmate is no longer housed at the facility (i.e., "not in custody" or NIC) shall be returned to the sender.

K.   All undelivered letters returned to the facility by the Post Office shall be opened and inspected before being returned to the inmate. (Refer to Section VI/Return to Sender.)  If the inmate is no longer in custody, the "dead mail" shall be returned to the Post Office for disposition in accordance with USPS regulations.

L.   Mail should be held for an inmate who is temporarily away from the facility when the inmate's return is anticipated within one week.

II.   CORRESPONDENCE MATERIALS

A.   Each inmate is provided with two postage-paid envelopes with their initial jail issue.

B.   Inmates may purchase writing tablets, stamps, plain envelopes, and pre-stamped envelopes once each week from commissary.

C.   Upon request, those inmates who are without funds (less than two dollars ($2) in their money account) shall receive at least two (2) postage-paid envelopes and two (2) sheets of paper each week to permit correspondence with family members and friends, but without limitation on the number of postage-paid Legal envelopes and sheets of paper to his/her attorney and to the courts. To obtain the postage-paid envelopes, inmates must submit a commissary form and check the box marked "welfare kit."

D.   "Legal" envelopes are available from staff upon request.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

TITLE:    INMATE CORRESPONDENCE               NO: E-120
          FILE: MAIL

E. Envelopes, stamps and writing materials intended for inmate usage will not be accepted through the mail.

III.   INCOMING MAIL

A. Fresno County General Services is responsible to retrieve the mail from the Post Office and deliver it to the Mail Unit, Mondays through Fridays. Mail is not available for pickup or processing on weekends or holidays and there may be some delay in receiving mail due to the necessary time to process it properly.

B. General correspondence (i.e., non-confidential letters) will be opened by Mail Unit staff and examined for contraband. During this process, paper clips, binder clips, butterfly clamps, and other metal paper fasteners may be removed and discarded.

1. Mail Unit staff may scan mail for prohibited content. Correspondence that contains information that jeopardizes jail security or the safety of any person shall be referred to the Mail Sergeant or Population Management Sergeant and a decision will be rendered through the appropriate chain of command.
[Refer to Section XI/Threatening or Dangerous Materials.]

2. The envelope will be marked with a location and resealed, then sorted and bundled according to housing location for distribution.

C. When contraband or other prohibited content is found which is not otherwise illegal, the entire contents will be returned to the sender in the original envelope. The envelope will be stamped "Return to Sender" and the applicable reason shall be indicated.
[Refer to Sections IX/Prohibited Materials (Contraband), X/Sexually Explicit and Obscene Materials, and XI/Threatening or Dangerous Materials.]

D. If the contraband is illegal or suspected illegal in nature, the envelope shall be placed into the evidence safe and the Mail Sergeant notified. The Sergeant will call for a deputy who will take charge of the contraband and letter. The contraband will be booked for destruction or as evidence for use in criminal prosecution.

E. A General Log entry shall be created for all rejected mail. The entry shall include the name and address of the sender, the date, the name of the officer, and the reason why the item was returned (or confiscated). A copy of the notice will be printed and routed to the inmate, advising them of the rejected mail.

## FRESNO COUNTY SHERIFF'S OFFICE
## JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE FILE: MAIL | NO: E-120 |
|--------|-----------------------------------|-----------|

F.   General correspondence containing cash, money orders, or checks is considered contraband and will not be accepted.

    1.   A notice will be returned to the sender, advising them of the available options to provide funds to inmates.  [See Addendum A.]

    2.   Only government checks from local, state, or federal government entities will be accepted, and only if they are in an official envelope from the issuing agency.   Any check requiring the inmate's endorsement must be obtained prior to depositing into the inmate's account.   The check shall be deposited, then forwarded to the Business Office.  The receipt shall be placed into the envelope and forwarded to the inmate.

G.   Incoming certified or registered mail shall be opened and processed as all other mail, unless marked as "legal" or "confidential."

H.   Confidential mail shall not be opened by Mailroom staff.

    1.   All incoming confidential mail from an attorney or legal service organization shall include the attorney's name, title, and return address of their office.  Mailroom staff shall notify the Mail Sergeant or Lieutenant if there is any question regarding the legitimacy of a legal service organization.  [Refer to Section V/Inspection of Confidential Mail.]

    2.   The inmate's housing location shall be determined and written on the envelope, then routed sealed for delivery to the appropriate housing floor.  The floor officer delivering the mail will be responsible to open and inspect the mail for contraband in the inmate's presence. [Refer to Section XV/Delivering Mail.]

I.   If confidential mail is opened as a result of human error, a *Confidential Mail Opened Inadvertently* form shall be prepared by the Mail Unit Officer who opened the envelope.  [Refer to Addendum B.]  Copies of the form shall be distributed as follows:

    1.   The inmate

    2.   The person sending the correspondence

    3.   Jail Records (to be scanned into the inmate's records file)

J.   Mail marked as "Legal Advertisement" is <u>not</u> considered to be confidential mail and shall be handled accordingly.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
|---|---|---|
| | FILE: MAIL | |

IV.    <u>CONFIDENTIAL MAIL</u>

A.  Confidential mail is considered to be privileged communications and cannot be knowingly monitored without a warrant. Such mail shall be recognized by the address (or "legal" envelope) and shall only be opened to inspect for contraband in the inmate's presence.
[Refer to chart provided as <u>Addendum C.</u>]

B.  "Legal Mail" envelopes shall be used to identify outgoing mail considered to be "privileged" that can be mailed <u>free of charge</u>. Inmates may correspond confidentially and at **no charge** to those listed below:

1.  State and federal judges and courts.

2.  Any attorney at law, on active status or in good standing, listed with a State Bar association, including persons working for the lawyer (e.g., investigators, law clerks, and paralegals). The address of an attorney must match the address listed with the State Bar.

3.  A legitimate legal service organization that consists of an established group of attorneys involved in the representation of offenders in judicial proceedings (e.g., American Civil Liberties Union (ACLU), the Prison Law Office (PLO), the Young Lawyers Section of the American Bar Association, the National Association of Criminal Defense Laywers, California Appellate Project).

4.  PREA auditor

C.  Inmates may correspond confidentially to any Watch Commander, Bureau Commander, Assistant Sheriff, Sheriff, or the Internal Affairs Unit. Such correspondence will not require postage and will not be inspected by staff. The letter may be submitted to staff in a sealed "Legal" envelope, or plain envelope marked as "Confidential."

D.  Inmates may correspond confidentially and **at their own expense** with those listed below. The inmate must provide their own envelope and write "Confidential" across the bottom of the envelope.

1.  Consular Officials

2.  All city, county, state, and federal officials having responsibility for the inmate's present, prior, or anticipated custody, parole, or probation supervision (i.e., Probation officers and Parole agents).

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
| | FILE: MAIL | |

3.  The Board of State and Community Corrections (BSCC).

4.  All elected state and federal officials, and those appointed by the Governor or the President of the United States.

5.  County agencies regarding child custody proceedings, as clearly identified in the communication and listed on the envelope.

6.  Physicians.

7.  Religious advisors.

E.  Vote-by-Mail Ballots are considered confidential documents and shall be treated as such. The inmate must sign the official return envelope and give it to an officer unsealed, where it will be checked for contraband and sealed in the presence of the inmate. The sealed ballot may either be:

1.  Forwarded to the Offender Programs Unit. The Offender Programs Unit shall be responsible to ensure that the ballot is forwarded to the Registrar of Voters; or

2.  Placed into an inmate envelope and mailed directly to the Registrar of Voters. The words "Official Ballot Enclosed" must be written on the outside of the envelope.

F.  Standard "Legal" envelopes and large "Legal" manila envelopes (9" x 12") are available from the floor officers for mailing.

1.  Legal envelopes shall be provided to the inmate upon request.

2.  The legal manila envelopes are to be issued one (1) at a time and returned to the floor officer addressed for mailing during the shift on which they were issued. These envelopes are not to be used for storage. Large legal envelopes are also available for purchase from Commissary or by submitting an *Inmate Request Form.*

G.  The following mail is NOT considered to be legal or privileged and shall be sent through the U.S. Postal Service in a regular stamped envelope:

1.  Treatment and recovery programs.

2.  Local, state, or government offices (e.g., Social Security, Department of Motor Vehicles (DMV), County Clerk's Office, Department of Child Support Services (DCSS), etc.).

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
| | FILE: MAIL | |

3.  The American Bar Association (ABA) - unless marked otherwise, the ABA does not provide direct legal advice or services and is not considered legal mail.

4.  News media. News media representatives have no greater right of access to inmates than any other member of the public.

5.  Mail between inmates containing legal advice (e.g., "jailhouse lawyer").

6.  Correspondence to or from a person operating under a power of attorney.

V.  INSPECTION OF CONFIDENTIAL MAIL

A.  Confidential mail will only be opened and inspected for contraband in the presence of the inmate. Inspecting correctional officers will not read any contents of the confidential mail.

B.  Using confidential correspondence for personal non-business correspondence, the transmission of contraband items, or the smuggling of letters and other communications is an abuse of the right to correspond confidentially.

C.  Confidential mail may be inspected for cause only.

1.  Cause may include, but is not limited to, the reasonable belief that the letter is not addressed to or is not from an official or office listed in Section IV, or when other means of inspection indicates the presence of physical contraband in the envelope. In such instances, the mail will be opened in the presence of the inmate for determination.

2.  Upon determining that the envelope contains prohibited material or that there is a misrepresentation of the sender's or the addressee's identify, the letter (and any enclosures) may be examined and read in its entirety to determine the most appropriate of the following actions:

a.  When the prohibited material or misrepresentation of identity indicates a violation of the law or an intent to violate the law, the matter will be referred to the appropriate criminal authorities for possible prosecution.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE FILE: MAIL | NO: E-120 |
|--------|-----------------------------------|-----------|

    b. When an inmate's action or complicity indicates a violation of law, regulations, or policy, the matter may also be handled by appropriate disciplinary action.

   3. Administrative action may be taken to restrict, for cause, the confidential mail privileges afforded to any individual who violates this policy.

VI.    <u>RETURN TO SENDER</u>

All undelivered letters returned to the facility by the Post Office (i.e., "return to sender") shall be opened and inspected before being returned to the inmate. The inspection is to determine if the content originated with the inmate/sender identified on the letter, and to prevent the transmission of contraband. The inspection of returned mail includes regular mail and letters that were mailed as confidential/legal. In the case of returned confidential correspondence, the envelope shall be opened in the presence of the inmate. It shall be examined and read to the degree necessary to determine if it was sent by the inmate and opened or tampered with before its return to the facility. Upon completion of this examination, the returned correspondence shall be given to the inmate.

VII.   <u>PUBLICATIONS</u>

   A. All magazines, periodicals and books must be delivered via the U.S. Postal Service and contain the inmate's Booking and JID numbers.

   B. Books and magazines must have soft covers without wire or spiral binding. The items must be new, prepaid and mailed directly from legitimate, verifiable publishers, book distributors, online bookstores, or religious organization. The online bookstore must have a legitimate website that is verifiable and allows consumers to order directly.

     1. Packages must be professionally labeled and recognized as an online bookstore.

     2. Books from private sellers and secondary markets (such as e-Bay and Amazon Marketplace) will be returned.

     3. Publications ordered as "Cash on Delivery" (COD) or "Bill me Later" shipments will not be accepted.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
|---|---|---|
| | FILE: MAIL | |

C. All publications shall be inspected prior to issuance to ensure that they comply with sections IX/Prohibited Materials (Contraband), X/Sexually Explicit and Obscene Materials, and XI/Threatening or Dangerous Materials. A publication may be rejected if it is determined to be detrimental to the security, good order, discipline, control, or operation of the jail facilities, endangers the safety of persons within or outside the jail, or facilitates criminal activity.
[Refer to section XIX/Rejection/Appeal Process.]

D. Items attached to a perforated page (e.g., free CD's and packaged samples of perfume, lotion, moisturizers, stickers, or any item deemed to be contraband contained in magazines) shall be removed if doing so will not alter the publication. Page flap samples of perfume will not be removed.

   1. If the item cannot be removed without altering the publication (e.g., tearing a page from the publication), or the item potentially has value (e.g., CD's included with books), the entire publication will be rejected.

   2. Removal of loose advertisement cards or product samples does not require notification.

E. Hardcover, vinyl, and leather-bound books will not be accepted, unless the book is unavailable in paperback edition. If the inmate wishes to receive the book, the cover will be removed. If not, the book will be placed into the inmate's property or returned.

F. Newspapers are delivered to the Post Office. The papers are processed and delivered on regular business days, as available.

G. When incoming publications are rejected, a notice shall be sent to the sender/publisher explaining why the item was denied. If multiple inmates are affected, only one notification need be sent. The notice must include the reason why the book, magazine or publication was denied, the names, Booking, and JID numbers for all inmates, and a notice to the sender/publisher of their right to appeal the decision. Notification shall also be sent to the inmate(s).
[Refer to Addendums D and E; and Section XIX/Rejection/Appeal Process.]

## FRESNO COUNTY SHERIFF'S OFFICE
## JAIL DIVISION POLICIES AND PROCEDURES

| | | |
|---|---|---|
| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
| | FILE:  MAIL | |

VIII.    ACCEPTABLE MATERIAL

To ensure facility security and the safety of inmates and staff, the following items are the only acceptable materials, other than letters and forms, that can be received by inmates via USPS:

A.   Postcards

B.   Greeting cards.  These cannot be excessively large, thick, embossed (having a raised surface), contain 3-dimensional attachments, transparent overlay, or contain sound-making devices. Items that cannot be searched without being destroyed may be rejected (e.g., 2-ply cards with layers glued together).

C.   Drawings.  Children's artwork is encouraged, but due to the ability to conceal or disguise drugs in the various mediums, drawings and letters are limited to pen and pencil (i.e., graphite "regular" pencil only).

D.   Newspaper clippings, Internet downloaded articles, and photocopies of clippings, articles, or electronic mail (e-mail).  However, the content is subject to the publication review process.  Internet material containing information about staff or other inmates is unauthorized if it is determined to be a threat to the safe and orderly operation of the facility and/or a threat to the safety of any person.

E.   Photographs.  An inmate may receive personal photographs, so long as they are not detrimental to personal safety or security, or to the good order of the institution.  Photographs must be no larger than 4" x 6" and not have a backing capable of concealing contraband (e.g., Polaroids will not be accepted unless the backing has been removed).  The inmate's Booking and JID numbers should be written on the back.
[Refer also to Section X/Sexually Explicit and Obscene Materials.]

F.   Magazines, newspapers and paperback books mailed directly from the publisher or a bona fide book store or book distributor that does mail order business.  Books, periodicals or other publications may also be mailed from a religious organization.
[Refer to Section VII/Publications.]

G.   Bulk mail and catalogs.  So long as the inmate's name and identification numbers are on the mail, it shall be delivered (absent a legitimate penological interest).

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

---

TITLE:    INMATE CORRESPONDENCE                    NO: E-120
FILE: MAIL

---

H. Government checks from local, state, or federal government entities are accepted, and only if they are in an official envelope from the issuing agency.

 IX.  PROHIBITED MATERIALS (CONTRABAND)

A. Mail that contains any of the following items shall be considered contraband and the entire envelope and its contents shall be returned to the sender:

   1. Any personal correspondence mailed in a padded envelope or box.

   2. Cash, checks, bank cards, credit cards, phone cards, or money orders.

   3. Lottery tickets.

   4. Postage stamps, stationery, blank postcards/greeting cards, or envelopes. (Incoming legal mail may contain a postage-paid pre-addressed envelope for the individual to return documents/responses to the sender.)

   5. Pieces or sheets of plastic, or anything laminated.

   6. Bookmarks or calendars.

   7. Human or animal hair, substances, or fluids.

   8. Packages from bookstores containing anything other than books (e.g., maps, calendars, CD's, DVD's, posters, blank journals, etc.).

B. Because the following items can be saturated and used to conceal or disguise drugs, the following items are prohibited:

   1. Stickers (either inside or applied to the outside of the envelope), or anything with an adhesive (e.g., Post-its).

   2. Any type of fabric or material (including cards with ribbons, strings, bows, velvet, etc.).

   3. Tissue, blotter, or construction paper.

   4. Loose pages torn from novels, word-find and puzzle books.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| | |
|---|---|
| TITLE:    INMATE CORRESPONDENCE | NO: E-120 |
| FILE:  MAIL | |

5. Anything written or colored with crayon, chalk, markers, colored pencils, wax, water colors, 3D paint pens, fabric markers, glitter pens, or white-out.

6. Has had a foreign substance applied to the envelope or letter (e.g., lipstick, perfume, cologne, powder, etc.), or contains suspicious stains or markings.

7. Confetti.

## X.    SEXUALLY EXPLICIT AND OBSCENE MATERIALS

A. In order to prevent a discriminatory and hostile work environment and reduce sexual harassment for inmates, staff, and volunteers, inmates are not permitted to send, receive, possess or have under their control obscene material and/or mail containing information concerning where, how, or from whom obscene material may be obtained.

B. Obscene material means catalogs, advertisements, brochures, and/or material taken as a whole, which to the average person, applying contemporary statewide standards, appeals to the prurient interest. It is material which taken as a whole, depicts sexual conduct, and lacks serious literary, artistic, political, or scientific value. Additionally, material is considered obscene when it appears from the nature of the matter or the circumstances of its dissemination, distribution, or exhibition, that it appeals to deviant sexual groups. Material subject to the test of the above includes, but is not limited to, pictures or images that depict:

1. Sexually explicit images, which are defined as materials that show frontal nudity of either gender, including the fully exposed female breast(s) and/or the genitalia of either gender, including photographs, drawings, and magazines and pictorials that show frontal nudity. Sex-based publications are generally prohibited, however, a publication may change a single issue or its general policies and practices at any time, which would make it acceptable.

2. Exposure or penetration of the vagina or anus, or contact between the mouth and genitals.

3. Bestiality, sadomasochism, or an excretory function, including urination, defecation, or semen.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

---

TITLE:     INMATE CORRESPONDENCE                    NO: E-120
           FILE: MAIL

---

4.  Nudity of a minor, or person who appears to be under 18 years old.

5.  Conduct that appears to be non-consensual behavior.

6.  Conduct that appears to be forceful, threatening, or violent.

7.  Sexual conduct where one of the participants is a minor, or appears to be under 18 years old.

C.  Nude or sexually suggestive photographs (individual prints or copies, as opposed to those from publications) present special concerns about personal safety, security, and good order, particularly when the subject is an inmate's relative, friend, or acquaintance or could reasonably be perceived as such. For these reasons, an inmate may not be permitted to retain, receive, or possess a personal photograph in which the subject is partially nude or naked, overtly sexual or sexually suggestive. Persons must be clothed in a manner that would be generally accepted in the community as a whole. Any intent to show nudity, including, but not limited to the following, will be returned as unacceptable:

1.  Any photograph that displays an exposed female breast. This includes photos that have been altered to obscure or conceal the areola (e.g., strategically placed stickers, digitally altered, etc.). Undergarments must be worn beneath clothing that is sheer/translucent, lace, mesh, etc.

2.  Any photo that displays the genitalia, pubic area, or anus of either gender (including those wearing clothing that by design or by the manner in which it is worn, allows the anatomical detail of genitalia to be clearly viewed.

3.  Any nude photographs of infants or children.

D.  Text-only material shall not be considered obscene unless designated by the Mail Sergeant and approved by the Mail Lieutenant.

E.  Educational, literary, medical, scientific, political, or artistic materials, including, but not limited to, anatomy medical reference books, general practitioner reference books and/or guides, National Geographic, or artistic reference material depicting historical, modern, and/or post modern era art approved on a case-by-case basis will be allowed.

## FRESNO COUNTY SHERIFF'S OFFICE
## JAIL DIVISION POLICIES AND PROCEDURES

| | |
|---|---|
| TITLE: INMATE CORRESPONDENCE | NO: E-120 |
| FILE: MAIL | |

XI.    THREATENING OR DANGEROUS MATERIALS

A.    Non-confidential correspondence may be disallowed if the text of such correspondence presents a danger, or a threat of danger, to any person.

B.    Certain correspondence, including but not limited to the following, is disallowed in order to ensure the safety and security of the facility. The entire envelope and its contents may be forwarded to the Mail Sergeant or Population Management Sergeant for review and possible routing to other agencies as appropriate, before being returned to the sender:

1.    Any mail of a character tending to incite murder, arson, riot, violent racism, or any form of violence or physical harm to any person, or any ethnic, gender, racial, religious, or other group.

2.    Graphic violence that includes but is not limited to murder, rape, sexual assault, assault, amputation, decapitation, dismemberment, mutilation, maiming, disfigurement, or cruelty to animals.

3.    Any matter of a character tending to incite crimes against children.

4.    Any matter concerning unlawful gambling or an unlawful lottery.

5.    Threatens blackmail or extortion.

6.    Concerns the sending of contraband in or out of any facility.

7.    Depicts, encourages, or describes methods of escape from correctional facilities, or contains blueprints, drawings, or maps depicting any area around any detention facility or court.

8.    Information which would present a clear and present danger of violence and/or physical harm to persons in or outside of the facility.

9.    Concerns plots or plans to disrupt the order of the facility and/or breach the security of the facility.

10.    Concerns plans for activities in violation of the law, or of rules and regulations or procedures of the facility.

11.    Contains coded messages or instructs on the usage of code.

12.    Depicts or describes procedures for the construction or use of any weapon, ammunition, explosive, or destructive device.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
| | FILE: MAIL | |

13. Contains illustrations, explanations, and/or descriptions of how to sabotage or disrupt computers, communications, or electronics.

14. Depicts, describes, instructs on the use of hands, feet, or head as weapons, fighting weapons and techniques, self-defense or martial arts.

15. Depicts or describes procedures for the brewing of alcoholic beverages, or the manufacture of drugs, narcotics or poisons.

16. Contains written materials or photographs that advocate, encourage, depict, or condone organized crime or gang-related activities.

XII.    <u>OUTGOING MAIL</u> (inmate responsibility)

Inmates shall be responsible for the contents of their outgoing mail. Correspondence should not contain any threats to the institution, staff, victims, victim families, inmates, or the public, or contain offensive material, items, language, photographs, or drawings.

A.   Only letters written on stationery and cards received from Commissary, the Jail Chaplains, or the Offender Programs Unit will be mailed.

B.   All envelopes must be clearly addressed. With the exception of mail addressed to a member of the Sheriff's Office, all mail must contain a complete mailing address. The return portion must include the inmate's full booking name and the Jail's mailing address (P.O. Box 872, Fresno, CA 93712).

C.   All envelopes must have the appropriate postage attached. Only letters addressed to an attorney, legal service organization, judge, court, PREA auditor or a member of the Sheriff's Office may be submitted without postage.

D.   There cannot be any graffiti or drawings on the address-side of the envelope.

E.   <u>All</u> outgoing mail shall be given to an officer unsealed (with the exception of mail addressed to a member of the Sheriff's Office).

F.   Mail sent to other inmates within the facility will be processed the same as any other piece of personal mail.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
| | FILE: MAIL | |

XIII.    <u>OUTGOING MAIL</u> (officer responsibility)

All outgoing mail shall be picked up by the floor officers, searched and routed to the Main Jail 2nd floor Distribution Room prior to the end of each shift.

A.  General correspondence. The contents of each envelope shall be searched for contraband.

1.  The written content may be quickly examined to ensure that it is not threatening to the recipient; does not discuss proposed criminal activity, escape plans, bringing in contraband, or disrupting the security or orderly operation of the facility; include encoded messages or contain gang-related comments or drawings. These types of letters can be read and confiscated. Such mail or any questionable materials shall be forwarded to Population Management to be more thoroughly reviewed. The floor officer shall write their name, computer number, date, and time on a Post-it, affix it to the envelope, and forward it to the Population Management Unit. [Refer also to Section XVIII/Interception and Confiscation.]

2.  The envelope flaps shall be sealed with tape and the computer number of the searching officer shall be written across the seal of the envelope.

B.  Confidential mail. Inmates shall present the mail unsealed to staff. The receiving officer shall:

1.  Verify the inmate's name and ensure that it matches the name shown on the return address portion.

2.  Ensure the word "Confidential" appears on the face of the envelope or a "Legal" envelope has been used, as appropriate.

3.  In the presence of the inmate, remove the contents of the envelope and shake them to ensure there is no prohibited material. The inspecting officer shall not read any of the contents of the confidential mail.

a.  If no contraband is discovered, the contents shall be returned to the envelope. Hand the envelope to the inmate to seal it in the officer's presence and immediately hand it back to the officer. The officer shall write their identification number across the seal and place the envelope in the security station with the outgoing mail.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

TITLE:     INMATE CORRESPONDENCE                            NO: E-120
           FILE:  MAIL

b.  If contraband is found in the confidential mail, the prohibited
    material shall be confiscated; however, the letter may be
    returned to the inmate or mailed following the process above.
    If the prohibited material indicates a violation of the law or intent
    to violate the law, the matter may be referred to the appropriate
    authorities for possible prosecution.
    [Refer to Section V/Inspection of Confidential Mail.]

C.  Confidential mail addressed to a Watch Commander, Bureau
    Commander, Assistant Sheriff, Sheriff, or the Internal Affairs Unit may
    be presented to staff in a sealed envelope.  An address or postage is
    not required.

D.  All outgoing mail shall be bundled into one of three categories prior to
    the end of each shift and routed appropriately:

    1.  All mail that has postage affixed shall be rubberbanded together
        according to the housing floor, and placed into the outgoing mail
        bins in the Distribution Room located on the Main Jail 2nd floor.

    2.  Mail addressed to a Watch Commander, Bureau Commander,
        Assistant Sheriff, Sheriff, or the Internal Affairs Unit shall be
        forwarded to the Jail's Administrative Assistant for distribution
        without postage.

    3.  Legal mail envelopes that require postage (i.e., mail addressed to
        attorneys, legal service organizations, judges, courts or the PREA
        auditor) shall be placed in the MAIL/INMATE bin located in the
        Distribution Room.

XIV.   MAIL BETWEEN IN-CUSTODY INMATES

    A.  Inmates may send mail to other inmates utilizing the U.S. Postal Service.
        Mail sent to other inmates within the facility will be processed the same
        as any other piece of general correspondence and is subject to the
        restrictions listed under Section III/Incoming Mail (e.g., the letter and
        envelope cannot contain any coloring).

    B.  Because all incoming mail requires that the inmate's Booking and JID
        numbers be included on the front of the envelope, officers shall provide
        the Booking and JID numbers to inmates upon request.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

---

TITLE:    INMATE CORRESPONDENCE                    NO: E-120
          FILE:  MAIL

---

C.   Mail between in-custody inmates may be read in the interest of preserving facility security.  The reviewing of mail sent between inmates may be done to discover any threats that might be made to an inmate, "snitch jackets" placed on other inmates, detect coordination of possible escape attempts between inmates in custody, and to circumvent, curtail and/or investigate violent acts and gang activities.  An authorization form is not necessary.

XV.    DELIVERING MAIL

A.   The dayshift officers shall ensure that the mail is delivered directly to the specified inmate during the course of the shift.

1.   Mail is to be delivered to the addressee only.  Inmates must identify themselves by their wristbands before any mail may be delivered to them.

2.   If the inmate is unavailable (e.g., out to court) or asleep, the mail may be delivered on the following shift.   Under no circumstances will any inmate be allowed to handle mail for another inmate, nor shall mail be left accessible to any inmate other than the addressee.

B.   Confidential mail shall be opened and searched in the presence of the inmate at the time of delivery.  Staff shall not read any of the enclosed material.  Staff shall remove the pages and shake them to ensure the absence of prohibited material.

1.   If no contraband is found, the correspondence will be provided to the inmate.  Inmates are required to sign a receipt (*Confidential Mail Opened in the Presence of Inmate*, form J-130) indicating the mail was opened in their presence but was not read or censored.   If the inmate refuses to sign the form, the officer shall indicate "inmate refused to sign" next to the officer's signature. The form shall be forwarded to Jail Records to be scanned into the inmate's file. [Refer to Addendum F.]

2.   If, during inspection, contraband is located, both the correspondence and the contraband will be removed from the housing unit.  The correspondence will be inspected by the Mail Lieutenant or on-duty Watch Commander who will determine if the correspondence and contraband will be held for further investigation.    Privileged correspondence that is not held for

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
|---|---|---|
| | FILE: MAIL | |

evidentiary purposes will be returned to the addressed inmate without delay. [Refer to Section V/Inspection of Confidential Mail.]

C. If a confidential letter is found to have been previously opened by the Mail Unit, the Facility Sergeant shall be advised and the envelope returned to the Mail Unit for proper accounting purposes.

D. The Sheriff's Office will not forward any inmate mail or magazines. The inmate is responsible, upon or before release or transfer, to notify the senders of change of address.

E. If the Mail Unit determines that an inmate is no longer in custody, the envelope will be stamped with the "Return to Sender – Not in Custody" stamp and mailed back to the sender. Any magazines delivered may be discarded, returned as undeliverable, or donated to the Offender Programs Unit to put into circulation.

F. If the inmate is released prior to delivery of the mail, the housing floor officer shall draw a diagonal line through the inmate's name and address and write "NIC" on the face of the envelope. The envelope shall be returned to the Mail Unit (i.e., placed into the Mail Unit bin in the Distribution Room) to be stamped and mailed back to the sender.

G. Mail shall be considered "dead" if it cannot be delivered <u>and</u> is unable to be returned to the sender (e.g., if the inmate is NIC and there is no return address, or if a piece of outgoing mail was undeliverable and the inmate who sent the mail is no longer in custody). All undeliverable mail will be returned to the U.S. Postal Service for transmittal to the Dead Letter Office. Authority for the destruction and disposal of mail addressed to a specific person rests with the USPS.

XVI. <u>DISCIPLINARY STATUS</u>

A. Inmates on disciplinary status may send and receive letters while on discipline.

1. Inmates on discipline status are allowed to retain correspondence materials and can retain any letters received while on discipline.

2. Magazines, newspapers, periodicals and books shall be withheld and placed into the inmate's inventoried property.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

---

TITLE:    INMATE CORRESPONDENCE                    NO: E-120
          FILE:  MAIL

---

3.  Correspondence materials (pencil, writing paper and two (2) envelopes) will be provided by a designated Offender Programs staff member once each week.

B.  Correspondence privileges shall not be withheld except in cases where the inmate has violated correspondence regulations, in which case correspondence may be suspended for no longer than seventy-two (72) hours without the review and approval of a Bureau Commander. Nonetheless, that sanction cannot be applied to correspondence with the courts, any member of the State Bar, holder of public office or the Board of State and Community Corrections (BSCC).

XVII.    MONITORED MAIL

A.  Policy allows for all general correspondence to be randomly read in the interest of preserving facility security.  However, if all the mail of a particular inmate is to be read, the valid security reason shall be documented and approved by the Jail Operations Bureau Commander (or his/her designee).

1.  A *Monitored Mail Authorization Form* shall be completed and submitted for approval through the chain of command.
[Refer to Addendum G1.]

2.  The approved form shall be scanned and attached to the inmate's records.

B.  A mail watch may be requested by the District Attorney's Office or any law enforcement agency.  All non-confidential correspondence of a particular inmate may be read and copied for law enforcement purposes. A *Monitored Mail Authorization Form* shall be completed and submitted for approval to the Bureau Commander (or designee).  The form shall be scanned into the inmate's records.  [Refer to Addendum G2 for request procedures.]

C.  Monitoring will be managed by the Mail Unit.  A designated staff member will produce a "mail watch list" for review by the Mail Unit.

1.  As incoming mail is received, identified mail is photocopied and immediately returned to the normal delivery process.

2.  Each morning, a designated staff member from the Mail Unit will search through the outgoing mail bins prior to pickup.  Identified mail is photocopied and immediately returned to an outgoing bin.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
|---|---|---|
| | FILE: MAIL | |

D.  Any court order that directs or approves the monitoring of an inmate's mail shall be scanned into the inmate's records and a copy of the order shall be forwarded to the Mail Lieutenant.

XVIII.  <u>INTERCEPTION AND CONFISCATION</u>

A.  All letters written or received by inmates can be inspected for escape plans, information concerning proposed criminal activity or disruption to the security or orderly operation of the facility, arranged assaults and other violent acts, threats of blackmail and extortion, encoded messages, etc.  These types of letters can be read and confiscated.

1.  The letter shall be forwarded to the Mail Lieutenant or on-duty Watch Commander, who will in turn ensure its delivery to the appropriate authorities.

2.  If it is determined that the mail is not to be delivered, the inmate shall be notified unless notification would interfere with the investigation. It is not necessary to notify an inmate that their letter has been confiscated when it contains plans for criminal activity.

B.  Outgoing non-confidential correspondence shall only be censored to further a substantial government interest, and only when it is necessary or essential to address the particular government interest.  Inmate letters that unduly complain, criticize, magnify grievances, or express inflammatory views are examples of protected speech and cannot be censored or withheld.    Government interests that would justify confiscation of outgoing mail include:

1.  Maintaining facility security.

2.  Preventing dangerous conduct, such as an escape plan.

3.  Preventing ongoing criminal activity, such as threats of blackmail or extortion, or other similar conduct.

4.  Preventing harassment of those who have requested that no mail be sent to them by the inmate.

C.  Information obtained from inmate mail which may assist law enforcement agencies in prosecuting or investigating a criminal charge or which poses a threat to the safety of staff, inmates or the public may be copied and forwarded to the appropriate agency.

## FRESNO COUNTY SHERIFF'S OFFICE
## JAIL DIVISION POLICIES AND PROCEDURES

TITLE:    INMATE CORRESPONDENCE           NO: E-120
              FILE: MAIL

1. The officer who photocopies the letter shall write their name, computer number and date in the upper right hand corner on the copy.

2. If the letter does not directly affect jail security or the safety of any person, the original letter shall be posted to the addressee forthwith.

XIX.    REJECTION/APPEAL PROCESS

Inmates, their correspondents, and publishers may appeal the Jail Division rules, regulations, policies, approved facility procedures and their application related to mail and correspondence.

A. All mail rejections will be logged as a General Log entry in the receiving inmate's Offendertrak file. The entry will include the sender's name and address and the specific reason the article was not deliverable.

B. Correspondence that contains contraband or is otherwise determined to be unacceptable will be returned to the sender and include notification as to the reason why it was unacceptable according to Jail policy. The inmate will receive a copy of the General Log entry notifying them of the rejection.

C. Mail Unit staff shall notify the Mail Sergeant whenever a decision is made to reject books, magazines, or periodicals. The Lieutenant who supervises the Mail Unit (or authorized designee) will be responsible for making the final decision. The unacceptable publication will be logged as a General Log entry and include the following information: the title of the rejected publication, the sender's name and address, tracking/parcel number (if applicable), the reason the item was rejected (including the specific article or material considered objectionable), and the name of the lieutenant/designee who approved the rejection.

D. When a publication is rejected, both the sender and inmate will receive notification of the opportunity to appeal the decision.

1. Inmates may appeal the rejection by following the established grievance procedure. The inmate may appeal the rejection decision within fourteen (14) days of the receipt of notice using an *Inmate Grievance Form* (J-105). The grievance must include all the reasons the inmate disagrees with the decision. Further appeal will comply with the established grievance procedures.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

TITLE:     INMATE CORRESPONDENCE                          NO: E-120
           FILE: MAIL



2.   The rejected publication shall be returned to the sender unless the inmate indicates an intent to file an appeal, in which case the rejected publication shall be retained for review. In case of appeal, if the rejection is sustained, the rejected publication shall be returned when the appeal is completed.

3.   A single notification may be sent to the publisher/sender if the publication is received by multiple inmates. The sender may appeal within fourteen (14) days after receipt of the notice. The sender must send the appeal by U.S. mail, addressed to the Jail Operations Bureau Commander, Fresno County Sheriff's Office, 1225 M Street, Fresno, CA 93721.



E.   Senders will be notified of the appeal decision within ten (10) business days of the receipt of the appeal. The written appeal decision by the Bureau Commander or designee will contain a written explanation detailing the reasons for the rejection. The person involved with the decision to withhold the item shall not be assigned the appeal. Appeal decisions made by the Bureau Commander or designee are final and exhaust the inmate's administrative remedies. All rejected publications will be held in the Mailroom during the appeal process.

F.   If the appeal by an inmate or sender overturns the non-delivery decision, the item shall be promptly delivered to the inmate, and the sender shall be notified of the decision.

XX.    <u>CITIZEN COMPLAINT</u>

A.   If the receiver of any inmate mail, confidential or non-confidential, directs a complaint to a facility official, consideration will be given to any reasonable remedy sought by the individual. This may include:

1.   Discussion of the complaint with the inmate in an attempt to resolve the matter.

2.   Reading of all mail, including confidential mail addressed to the individual and either disallowing only that which appears to perpetuate the problem, or

3.   Disallowing all mail to the individual.



Page 24 of 26

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE<br>FILE: MAIL | NO: E-120 |
|---|---|---|

B.  Complaints and requests for actions which would, if approved, restrict an inmate's correspondence, and any action taken in response to such complaints or requests, will be fully documented.

XXI.  PERSONAL PROPERTY

An excessive accumulation of paper products in an inmate's possession may constitute a fire hazard or pose an unacceptable security risk by providing the means to hide contraband. Aside from making cell searches and the control of contraband difficult, an overabundance of paper products can cause dangerous fire loading. It is therefore important to limit the amount of flammable materials in living areas.

A.  Inmates are allowed to possess the following items (in a number not to exceed that listed):

1.  Five (5) paperback books

2.  One (1) dictionary

3.  Six (6) magazines

4.  Two (2) current newspapers

5.  One (1) religious text or holy book (e.g., Bible, Qur'an, etc.)

6.  Personal mail and correspondence material shall not exceed an amount which measures 8 ½" x 11" x 6".

B.  Property in excess of the quantity permitted will be deemed contraband. Any items in excess of the limitations may be removed and placed in the inmate's bulk property (which can facilitate release to a friend or relative), or rendered useless and discarded. Special accommodations may be made to mail the documents at the inmate's expense. If the inmate makes no selection, staff shall document that fact and determine the method of disposition.

C.  Legal materials/documents, law books and papers in the possession of an inmate (or contained in an inmate's housing area) shall not exceed an amount which measures 8½" x 14" x 24". This amount is in addition to the allowable personal mail and correspondence materials. If the amount of legal material exceeds that amount, the extra legal material shall be properly identified and placed into the inmate's personal property. Legal materials shall not be removed without the inmate's knowledge.

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE CORRESPONDENCE | NO: E-120 |
| --- | --- | --- |
| | FILE: MAIL | |

D.  Staff shall not discard or dispose of inmate correspondence/documents (especially legal material), without involving the inmate in the process and documenting the method of disposition.

FCJ POLICY # E-410 AND

ORIENTATION HANDBOOK

(BAN ON PHOTO IMAGES SHOWING

TIGHT CLOTHING / NON-NUDE)

* HIGHLIGHTED PAGES 20, 21.

SCREENING
**EXHIBIT 2**

## FRESNO COUNTY SHERIFF'S OFFICE
## JAIL DIVISION POLICIES AND PROCEDURES

| | |
|---|---|
| TITLE:    INMATE ORIENTATION HANDBOOK | NO:  E-410 |
| FILE:  HANDBOOK | |

EFFECTIVE DATE:    12-18-89    REVISED: 08-10-92, 12-25-94, 06-04-95, 08-03-95, 05-05-96, 04-01-97, 12-01-98, 09-01-99, 01-01-00, 07-01-00, 10-01-01, 08-01-02, 03-01-03, 04-01-04, 02-01-05, 11-01-05, 06-01-07, 09-01-08, 07-01-10, 10-01-13, 05-01-15, 04-01-16, 06-01-17, 07-01-18, 10-21-19

APPROVED BY:    Sheriff M. Mims        BY:  Assistant Sheriff T. Gattie

AUTHORITY:        California Code of Regulations, Title 15, Section 1069.

PURPOSE:

The purpose of this policy is to establish and maintain an orientation process that provides information to newly arrived inmates about jail procedures, rules, services and activities, and how to access same.

POLICY:

It is the policy of the Fresno County Sheriff's Office Jail Division that each inmate shall be issued a copy of the *Inmate Orientation Handbook* (in the appropriate language) at the time they are issued their jail clothing and indigent package.

PROCEDURE:

I.    INTRODUCTION

    A.    The purpose of the *Inmate Orientation Handbook* is to provide inmates arriving at the Fresno County Detention Facilities with information regarding institution rules, regulations, and various programs.   The information is designed to provide inmates with general information, along with a standard for acceptable behavior.   The material in the handbook is aimed to help inmates more quickly understand what they will be encountering as an inmate, and assist them in their adjustment to incarceration at the Fresno County Jail.

    B.    The information contained in the handbook stems from U.S. and California Court decisions, California Law, California Code of Regulations (CCR) Title 15/Minimum Standards for Local Detention Facilities, and the Fresno County Sheriff's Office Jail Division Policies and Procedures.   These sources are subject to frequent change.   The handbook is published periodically so that it

FRESNO COUNTY SHERIFF'S OFFICE
JAIL DIVISION POLICIES AND PROCEDURES

| TITLE: | INMATE ORIENTATION HANDBOOK | NO: E-410 |
|---|---|---|
| | FILE: HANDBOOK | |

may be updated. As the Sheriff's Office is continually evolving, it is occasionally possible that the information contained in the handbook will precede a policy update, and vice versa. In such instances, the most current dated document will take precedence.

II.    DISSEMINATION OF ORIENTATION INFORMATION

A.  All inmates shall be provided with a copy of the *Inmate Orientation Handbook* at the time they are issued their jail clothing and indigent package.

B.  The Clothing Officer who provides the inmate with their issue shall be responsible to ensure that the appropriate handbook is issued to the inmate.

C.  If the inmate has a disability that prevents them from reading or understanding the information; is illiterate; or speaks a language other than those offered, the ADA Coordinator will coordinate with Offender Programs staff to ensure reasonable accommodations are made to transmit the information to the inmate.

D.  In addition, an Inmate Orientation video is shown in the housing units on a daily basis to assist in orienting newly received inmates and to reaffirm facility rules and regulations.

# FRESNO COUNTY
# SHERIFF'S OFFICE
# JAIL DIVISION

# INMATE ORIENTATION
# HANDBOOK

(UPDATED THRU SEPTEMBER 2022)



# TABLE OF CONTENTS

| | | PAGE |
|---|---|---|
| I. | About this handbook | 2 |
| II | Some basic legal rights and responsibilities | 2 |
| III. | Hostage policy | 4 |
| IV. | **Felony Strikes** | 4 |
| V. | General rules of conduct. | 4 |
| VI. | Housing areas | 5 |
| VII. | Rule violation report | 6 |
| VIII. | Inmate disciplinary standards | 7 |
| IX. | Programs, Activities, Services and Issues | 8 |
| | Addresses | 8 |
| | Alcoholics Anonymous (A.A) | 9 |
| | CDCR and Federal Prison Property Advisory | 9 |
| | Classification | 10 |
| | Clothing/Laundry/Exchange | 10 |
| | Commissary | 11 |
| | Counts | 11 |
| | Court | 11 |
| | Court Clothing | 11 |
| | Disabled Inmates and Reasonable Accommodations | 12 |
| | Discipline Cells | 13 |
| | DNA Collection and Expungement | 13 |
| | Education Programs | 13 |
| | Emergency Evacuation Procedure | 14 |
| | Foreign Nationals in Custody | 14 |
| | Fraternization – Inappropriate Staff/Inmate Relationships | 14 |
| | Grievance Procedure | 15 |
| | Inmate Workers (Eligibility for pod and floor workers) | 16 |
| | Inmate Workers (Eligibility for laundry and outside/facility worker) | 16 |
| | Inspections | 17 |
| | Library Services / Legal Research | 17 |
| | Mail | 19 |
| | Marriage Ceremonies | 22 |
| | Meals | 23 |
| | Medical Services | 23 |
| | Contact Lenses, Dentures and Other Issues | 24 |
| | Dental Care Services | 25 |
| | Mental Health Services | 25 |
| | Pregnancy Services | 26 |
| | Private Medical Treatment | 29 |
| | Money and Property | 30 |
| | Notary Public | 31 |
| | Personal Hygiene | 31 |
| | Pregnant Inmates and Breastfeeding | 31 |
| | Public Defender | 32 |
| | Recreation, Exercise, and Wellness | 32 |
| | Release Preparation | 33 |
| | Religious Services | 33 |
| | Searches | 34 |
| | Sexual Abuse/Assault | 34 |
| | Sexual Misconduct | 35 |
| | SSI, SSDI and Veterans Benefits. | 35 |
| | Stress Management | 36 |
| | Substance Abuse | 36 |
| | Suicide Prevention | 36 |
| | Tablets | 37 |
| | Telephone Access | 37 |
| | 1381 Form | 38 |
| | Time Parameters of Basic Court Proceedings | 38 |
| | Towed/Impounded Vehicles | 39 |
| | Universal Precautions | 40 |
| | Visiting and Visitor Dress Code | 40 |
| | Weather Risks | 42 |
| | Inmate Isometric Exercise Program | 44 |
| X. | Glossary | 51 |
| XI. | Calendars – 2023 and 2024 | 52 |

# INMATE ORIENTATION HANDBOOK

## I.  ABOUT THIS HANDBOOK

The purpose of this handbook is to provide inmates arriving at the Fresno County Detention Facilities with information regarding institution rules, regulations, and various programs.  The information contained within the handbook is designed to provide you with general information, along with a standard for acceptable behavior.  This information will help you to more quickly understand what you will be encountering as an inmate, and assist you in your adjustment to incarceration at the Fresno County Jail.

You are encouraged to read the handbook carefully upon your arrival.  All inmates are responsible for understanding and abiding by the rules, regulations and policies detailed in the handbook.  Most questions you may likely have will be answered by reading this handbook.  If you have trouble understanding, or have additional questions after completely reading the handbook, speak to one of your housing unit officers.  You may also submit written questions, requests, or concerns to staff using an *Inmate Request Form.*  If the request can be handled by the available housing officers, it will be answered or processed and returned to you within twenty-four (24) hours, but usually by the end of the shift.  More complicated requests may need to be forwarded to the appropriate staff for response.  Blank request forms should be available in each housing unit, or you may request one from the housing officers.

If a disability or literacy problem prevents any inmate from reading or understanding the information, or if there is a language barrier, designated staff will address the issue to ensure the information is communicated.  The ADA Coordinator will coordinate with Offender Programs staff to ensure reasonable accommodations are made for inmates who are illiterate or who are physically incapable of reading or writing, which may include, but is not limited to, enlarged print materials, identification of desired materials, and assistance in reading and scribing forms.  If *you* have difficulty reading or understanding, ask an officer for help.

The information contained in this handbook stems from U.S. and California Court decisions, California Law, California Code of Regulations (CCR) Title 15/Minimum Standards for Local Detention Facilities, and the Fresno County Sheriff's Office Jail Division Policies and Procedures.  **THESE SOURCES ARE SUBJECT TO FREQUENT CHANGE.**  The handbook is published periodically so that it may be updated.  You have been provided with the latest revised copy of the Inmate Orientation Handbook.  You will have access to a revised copy when revisions to the handbook are made.  As the Sheriff's Office is continually evolving, it is occasionally possible that the information contained in the handbook will precede a policy update, and vice versa.  In such instances, the most current dated document will take precedence.  When using a statement from this handbook, you may want to check the source of it to make sure that the information is still valid.  Likewise, schedule and policy changes are made periodically.  You will be advised of any changes via written messages scrolled across the bottom of the television sets during video screenings, the kiosks, and announcements made during the morning meal.

## II.  SOME BASIC LEGAL RIGHTS AND RESPONSIBILITIES

We all have some basic human rights guaranteed to us by the Constitution of the United States.  You will be held accountable not to abuse your rights by jail staff.  These rights and responsibilities include:

1.  **FREEDOM OF SPEECH:** You have the right to express your ideas and opinions.  However, your speech should not be harmful or abusive toward others, nor should it cause problems in the facility.  If you lie, threaten, agitate or try to talk people into illegal behavior, you are abusing your right to freedom of speech and will be held accountable.

2.  **PROTECTION FROM ABUSE:** You have the right to be protected from acts or threats of harm or mistreatment from other inmates or jail staff.  All jail employees have the duty to provide you with reasonable protection from physical and emotional abuse by others.

3.  **EQUAL TREATMENT:** You have the right to equal treatment, which means that others may not discriminate against you because of your race, color, creed, religion, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation. You have the right to hold any political or religious belief, however, the right to express or act upon your beliefs can be denied if it threatens the security of the facility.

Revision:  09-01-22

4. **RELIGIOUS FREEDOM:** You have the right to hold any religious belief.   The right to practice your religion may be restricted due to operational concerns for safety, security, and the good order of the institution, as well as any other legitimate penological concern.   The following religious practices and activities are never authorized: animal sacrifice, casting of curses, nudity, self-mutilation, use or display of weapons, exclusion by race, profanity, ingestion of illegal substances, proselytizing, encryption, disparagement of other religions, paramilitary exercises, or sexual acts.

5. **VOTE:** In order to register to vote, you must be a citizen of the United States and a resident of California.  You can register and vote if you are awaiting or currently on trial, serving a misdemeanor or felony jail sentence, on probation, on mandatory supervision (MSR), on post-release community supervision (PRCS), or on federal supervised release. You cannot register or vote if you are on parole for a felony conviction, if you are in jail waiting for a transfer to prison for a felony conviction, or if you have been declared mentally incompetent by a court.

   If you would like to **register to vote**, submit an *Inmate Request Form* to Legal Research and request a *California Voter Registration Form*.  Fill out the form and complete the portion requesting a Vote-by-Mail ballot.  It is not necessary to use an ink pen – you may use a pencil to fill out all voting forms - just be sure to press firmly.  You cannot use the address of the Jail as a residence address; you must use the last known address in your county of residence. If you do not have a street address, you can give an exact description of where you last lived.  Include cross streets, route, etc.  You may use the Jail's P.O. Box # as your mailing address (unless you plan to be released prior to the election).  Include your Booking number in this section (e.g., P.O. Box 872 – Booking # XXXXXXX).  Sign and mail the pre-addressed form back to the Fresno County Registrar of Voters at least fifteen (15) days prior to Election Day. You must be registered to vote before applying for a Vote-by-Mail ballot.

   The *Application for Vote-by-Mail Ballot* must be returned (and received) by the Registrar of Voters between the twenty-ninth (29th) and seventh (7th) day prior to the election.  A new *Application for Vote-by-Mail Ballot* is required for every election.  The completed application may either be mailed directly to the Registrar of Voters, or forwarded to the Offender Programs Unit.  The Offender Programs Unit will ensure that the application is forwarded to the Registrar of Voters.

   If you are already registered to vote, you may write a letter to your county's elections department requesting an *Application for Vote-by-Mail Ballot.* Fresno County residents may submit an *Inmate Request Form* to Legal Research or write to:           FRESNO COUNTY REGISTRAR OF VOTERS
   2221 KERN STREET
   FRESNO CA 93721

   The Vote-by-Mail ballot must be received by the Elections Office no later than the close of polls on Election Day. The Vote-by-Mail ballot is considered a confidential document and shall be treated as such.  You must sign the official return envelope and give it to an officer unsealed, where it will be checked for contraband and sealed in your presence. The sealed ballot may either be:  forwarded to the Offender Programs Unit (the Offender Programs Unit will ensure that the ballot is forwarded to the Registrar of Voters); OR placed into a regular pre-stamped envelope and mailed directly to the Registrar of Voters.  The words "Official Ballot Enclosed" must be written on the outside of the envelope. If you send in an *Application for Vote-by-Mail Ballot,* but are released before you receive your ballot, you can still vote. Just go to the polling place for your home address and vote provisionally.  If you don't know the location of your polling place, contact the Fresno County Registrar of Voters.
   It is your responsibility to adhere to all deadlines and to notify the Registrar of Voters of your new residence address once you're released from custody.

6. **ACCESS TO THE COURTS:** If you have legal problems that need to be dealt with in court, you have the right to write letters to the court and to file whatever legal papers that are required.  Any letters you receive or send to the court or your lawyer may be searched for contraband but not opened without you being present.

7. **ACCESS TO THE LEGAL RESEARCH KIOSK:** If you are acting as your own attorney and can produce written documentation that you are proceeding in propria persona ("pro per") on a criminal matter pursuant to court order, you will be provided with up to ten (10) hours per week access to the Legal Research Kiosk, if you so request. Inmates who are represented by counsel must contact their attorney and/or public defender with their request for criminal legal material.  Inmates who are represented by counsel will not be provided access to the Legal Research Kiosk or its legal research material, except as described under LIBRARY SERVICES – LEGAL RESEARCH MATERIAL (page 17). Inmates who are challenging an order of commitment or criminal conviction, or are challenging the conditions of their confinement may be allowed access to the Legal Research Kiosk.  (Refer to LEGAL RESEARCH MATERIAL, page 17.)

8. **CROSS-GENDER VIEWING AND SEARCHES:** Inmates shall have the ability to shower, perform bodily functions, and change clothing without staff of the opposite gender viewing their breasts, buttocks or genitalia, except when such viewing is incidental to routine cell checks (or emergencies).  In order to minimize cross-gender exposure, staff of the opposite biological sex will announce their presence when entering the housing unit.  This announcement is required at the beginning of each shift and/or when the status quo on the housing floor changes (e.g., an officer of the opposite sex relieves an assigned officer).  This will allow you to take into consideration that staff of the opposite