# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>        Plaintiff,<br><br>    v.<br><br>MCCOMAS, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-01149-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONDUCT LIMITED DISCOVERY AS PREMATURE<br><br>(ECF No. 20) |

      Plaintiff Sam Drake ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Mims and McComas for implementing a facially unconstitutional policy, FCJ Policy #E-120 and #E-410, in violation of the First Amendment; (2) Defendants Enriquez, Keoniyim, and Nichols for unconstitutional application of FCJ Policy #E-120 and #E-410 to Plaintiff, in violation of the First Amendment; and (3) Defendants Enriquez, Keoniyim, and Nichols for returning Plaintiff's mail without notice, in violation of the Fourteenth Amendment's Due Process Clause.

      On April 25, 2023, the Court found service of the first amended complaint appropriate and directed Plaintiff to complete and return service documents for Defendants within thirty days. (ECF No. 17.) Plaintiff submitted completed service documents for all defendants on May 9, 2023. (ECF No. 21.) The Court directed the U.S. Marshals Service to serve the first amended complaint on all Defendants the same date. (ECF No. 22.)

      On May 9, 2023, Plaintiff also filed a motion requesting that the Court direct the U.S. Marshal to locate the new service address for Defendant Mims, who is no longer the Fresno County Sheriff. (ECF No. 20.) Plaintiff states that he is confined in jail and unable to access any government or Fresno personnel databases to obtain a current home or business address for

1

Defendant Mims. Plaintiff further requests that the Court provide him with the full names of all defendants named in this matter, for proper identification for purposes of this litigation. (*Id.*) The Court construes the request as a motion for limited discovery.

Plaintiff's motion for discovery is premature and unnecessary, and is denied without prejudice. First, it is Plaintiff's responsibility, not the U.S. Marshals Service or the Court's responsibility, to provide the U.S. Marshal with sufficient information to effectuate service of process on Defendants in this action. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 483–84 (1995). While Plaintiff may be entitled to conduct limited discovery from other parties or third parties to this action, Plaintiff is not entitled to request discovery information from the Court or the U.S. Marshals Service.

Furthermore, at this time the U.S. Marshals Service is attempting to serve Defendants using the addresses and names provided by Plaintiff. If service is successful, the information requested by Plaintiff will be unnecessary. If service is not successful, the Court will so inform Plaintiff, and Plaintiff will have the opportunity to provide the Court with further information as to the identities or locations of any unserved defendants. Plaintiff may also, at that time, file a motion to conduct limited discovery. Any such motion should specify who the discovery requests will be directed to (whether a party to this action or a third party), what information is sought (such as the full names or addresses of unserved defendants), and what specific documents or other evidence Plaintiff believes will reveal the information sought.

Accordingly, Plaintiff's request for court location of Defendant Margaret Mims for service of process, (ECF No. 20), is HEREBY DENIED, without prejudice, as premature.

IT IS SO ORDERED.

Dated:   **May 25, 2023**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE

2