**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MCCOMAS, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-01149-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SUPPLEMENTAL COMPLAINT AND ADD PARTIES<br>(ECF No. 32)<br><br>ORDER DIRECTING CLERK OF COURT TO FILE LODGED SUPPLEMENTAL COMPLAINT AS SECOND AMENDED COMPLAINT<br>(ECF No. 33)<br><br>ORDER STAYING ALL DEADLINES IN AUGUST 16, 2023 DISCOVERY AND SCHEDULING ORDER PENDING SCREENING OF THE SECOND AMENDED COMPLAINT |

　　　　Plaintiff Sam Drake ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against: (1) Defendants Mims and McComas for implementing a facially unconstitutional policy, FCJ Policy #E-120 and #E-410, in violation of the First Amendment; (2) Defendants Enriquez, Keoniyom, and Nichols for unconstitutional application of FCJ Policy #E120 and #E-410 to Plaintiff, in violation of the First Amendment; and (3) Defendants Enriquez, Keoniyom, and Nichols for returning Plaintiff's mail without notice, in violation of the Fourteenth Amendment's Due Process Clause.

1

### I.    Motion to File Supplemental Complaint

On September 6, 2023, Plaintiff filed a motion to file a supplemental complaint and add parties, together with a supplemental complaint. (ECF Nos. 32, 33.) Defendants filed objections on September 26, 2023, (ECF No. 34), and Plaintiff filed a reply on October 16, 2023, (ECF No. 35).

In his motion, Plaintiff requests leave to file a supplemental complaint to add claims and defendants related to events that occurred in February through August 2023, after the filing of the first amended complaint. (ECF No. 32.) Plaintiff states that Defendant Keonyom and two non-party Fresno County Jail officials have continued to violate Plaintiff's rights under the First and Fourteenth Amendments. Plaintiff seeks to join the additional allegations and parties to his existing claims and expand the relief he is entitled to. (*Id.*)

Defendants object to Plaintiff's motion primarily on the grounds that while Plaintiff characterizes his request as leave to file a supplemental complaint, he has re-written the allegations in the first amended complaint and is essentially requesting leave to amend rather than to supplement. (ECF No. 34.) As the amendments and proposed changes are not minor, they would likely warrant either re-screening by the Court or the filing of a motion under Rule 12(b) by Defendants. Defendants argue that Plaintiff has not provided good cause or any compelling reason why leave for such a comprehensive amendment would be in the interest of fairness or justice, so leave to amend/supplement should be denied without prejudice. (*Id.*)

In reply, Plaintiff contends that Defendants' objections lack merit, and correction of technical deficiencies in the first amended complaint is permissible, extreme liberality is the rule for granting leave to amend or supplement, and Defendants have identified no prejudice, undue delay, or burden. (ECF No. 35.)

### II.   Legal Standard

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The bringing of new claims in a supplemental pleading should be allowed when it

2

promotes the economical and speedy disposition of a controversy. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *see also San Luis & Delta-Mendota Water Authority v. U.S. Dept. of Interior*, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (identifying nine factors that the Supreme Court and Ninth Circuit have applied in determining the appropriateness of supplementation). Courts should freely grant leave to file a supplemental or amended pleading absent special circumstances, such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies with previous amendment; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, although leave to permit supplemental pleading is generally favored, the supplemental pleading cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood v. S. Ariz. V. Neely*, 130 F.3d 400, 402 (9th Cir. 1997).

**III.     Discussion**

Defendants have failed to identify any basis for rejecting Plaintiff's motion. Although it is true that Plaintiff's proposed supplemental complaint is more accurately characterized as a proposed second amended complaint, the Court finds that this distinction is not dispositive, particularly as the factors used to determine the appropriateness of supplementation or amendment largely correspond. *See San Luis & Delta-Mendota Water Authority*, 236 F.R.D. at 497. Aside from the need to re-screen the proposed amended complaint—which the Court does not find would cause an "undue" delay—Defendants have not identified any bad faith or dilatory motive on the part of Plaintiff, any repeated failure to cure deficiencies with previous amendment, any prejudice to Defendants or any potential new defendants, or any futility of the proposed amendment.

Thus, and having reviewed the proposed allegations, the Court finds that granting Plaintiff's motion would promote the economical and speedy disposition of this controversy. Furthermore, although the parties may continue to conduct discovery, all deadlines set by the Court's August 16, 2023 discovery and scheduling order are stayed and will be reset as necessary following screening of the second amended complaint.

///

**IV.    Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to file a supplemental complaint and add parties, (ECF No. 32), is GRANTED;
2. The Clerk of the Court is DIRECTED to file the supplemental complaint lodged on September 6, 2023, (ECF No. 33) as the "Second Amended Complaint";
3. All deadlines set by the August 16, 2023 discovery and scheduling order, (ECF No. 30), are STAYED pending screening of the second amended complaint; and
4. Plaintiff's second amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated: __November 2, 2023__         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE