< PL. SUPPL. JTL COMPL >
pg. 1 of 25

# LODGED

Sam Drake #06248897
FCJ, 1225 'M' STREET
FRESNO CA 93712
    PRO SE

SEP 0 6 2023

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
        DEPUTY CLERK

**FILED**

Nov 02, 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES EASTERN DISTRICT COURT
## (FRESNO DIVISION)

Sam Drake
        Plaintiff

    V.

STEVE McCOMAS; MARGARET MIMS;
JOHN ZANONI; A. SNYDER; MARY
NICHOLS; PATRICIA ENRIQUEZ; M.
KEONYOMI.    Defendants.    /

CASE NO. 1:22-CV-01149-JLT-BAM

PLAINTIFF'S SUPPLEMENTAL CIVIL RIGHTS
COMPLAINT UNDER 42 U.S.C. § 1983

DEMAND FOR JURY TRIAL

(FRCP RULE 15(d))

RECEIVED

SEP 03 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY CLERK

### A.    JURISDICTION

1. THIS COURT HAS SUBJECT MATTER AND ORIGINAL JURISDICTION OVER THIS ACTION PURSUANT TO 42 U.S.C. § 1983.

2. THE VIOLATIONS OCCURRED IN FRESNO COUNTY WHILE AT THE FRESNO COUNTY JAIL ("FCJ", HEREINAFTER).

### B.    PARTIES

1. PLAINTIFF ("PL.", HEREINAFTER) IS SAM DRAKE AN AFRIKAN MAN WITH MILD DYSLEXIA, DYSLOGIA, AND PTSD; CURRENTLY A PRETRIAL DETAINEE AT FCJ.

2. DEFENDANTS ("DFNT-SURNAME", HEREINAFTER INDIVIDUALLY) OR "FCJ-DFNTS", HEREINAFTER COLLECTIVELY). ARE REAL PERSONS AND COUNTY EMPLOYEES WHO EACH VIOLATED OR CAUSED TO BE VIOLATED, PL'S FEDERAL RIGHTS WHILE ACTING UNDER THE COLOR OF LAW. AND ARE HEREBY SUED JOINTLY AND SEVERALLY EACH IN HER OR HIS INDIVIDUAL CAPACITY TO WIT:

-1-

(a) STEVE McCOMAS, FIRST DFNT, IS ASSISTANT SHERIFF AT FRESNO COUNTY JAIL LOCATED AT 1225 M. STREET, FRESNO CA 93712, IS RESPONSIBLE FOR IMPLEMENTING POLICY & PROCEDURES AND OVERSEEING ALL JAIL OPERATIONS.

(b) MARGARET MIMS, SECOND DFNT, IS FORMER SHERIFF OF FRESNO COUNTY RESPONSIBLE FOR ESTABLISHING JAIL POLICY & PROCEDURES, INTER ALIA, (2019-2022)

(c) JOHN ZANONI, THIRD DFNT, IS CURRENT SHERIFF OF FRESNO COUNTY RESPONSIBLE FOR ESTABLISHING JAIL POLICY & PROCEDURES INTER ALIA, MAINTAINS A REMOTE OFFICE LOCATED AT 2200 FRESNO STREET, FRESNO CA 93721.

(d) A. SNYDER, FOURTH DFNT, IS MAILROOM OFFICE ASSISTANT AT FCJ AUTHORIZED BY SHERIFF TO SCREEN, DISTRIBUTE, SORT, HANDLE, DISPOSE OF DETAINEE MAIL.

(e) MARI NICHOLS, FIFTH DFNT, IS A CORRECTIONAL SERGEANT AT FCJ RESPONSIBLE FOR ALL MAIL DISTRIBUTION (2019-2022) INCL. TRAINING SUPERVISION & CONTROL OF ALL EMPLOYEES ASSIGNED OR POSTED TO FCJ MAILROOM;

(f) PATRICIA ENRIQUEZ, SIXTH DFNT, IS A CORRECTIONAL OFFICER AT FCJ.

(g) MICHAEL KEONIYOM, SEVENTH DFNT, IS A CORRECTIONAL OFFICER AT FCJ.

## B-1    JOINDER OF PARTIES & CLAIMS

1. FCJ-DFNTS ARE PROPERLY JOINED ON THE FIRST AMENDMENT CLAIMS I & II (i.e. McCOMAS, MIMS, ZANONI - CLM I) (i.e. SNYDER, NICHOLS, ENRIQUEZ, KEONIYOM - CLM II) PURSUANT TO RULE 20 OF FED. R. CIV. PROC.;

2. FCJ-DFNTS ARE PROPERLY JOINED ON THE FOURTEENTH AMENDMENT CLAIM III (i.e. SNYDER, NICHOLS, ENRIQUEZ, KEONIYOM) PURSUANT TO RULE 20 OF THE FED. R. CIV. PROC.

3. ON CLAIMS I-III PLAINTIFF ASSERTS A RIGHT TO RELIEF AGAINST ALL DFNTS JOINTLY & SEVERALLY;

4. A QUESTION OF FACT COMMON TO ALL DFNTS WILL ARISE IN THIS ACTION;

5. EVERY DFNT INJURED OR CAUSED OTHERS TO INJURE PL. WHILE AT FCJ.

6. A QUESTION OF LAW COMMON TO ALL DFNTS WILL ARISE IN THIS ACTION.

7.

7. THERE EXIST A RIGHT TO RELIEF IN PL.'S CLAIMS I — III THAT IS PREDICATED ON/OR ARISES OUT OF A SERIES OF RELATED ACTIVITIES (OCCURENZES);

8. PL.'S THREE CLAIMS ARE PROPERLY JOINED PURSUANT TO RULE 18 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

9. CLAIMS I — III ARE REASONABLY RELATED BY PLACE, POLICY AND PROCEDURES INVOLVED, ALL DEALING WITH MAIL.

## C.    PREVIOS LAWSUITS

1. YES, PL. HAS FILED ONE PREVIOUS LAWSUIT.
a. PRIOR LAWSUIT:
1. PARTIES: DRAKE v. KERNAN, et. al.,
2. COURT & CASE # : USDC (E.D.); 1:17-CV-01500-ADA-SAB
3. RESULT: CURRENTLY PENDING.

## D.    CAUSE OF ACTION

### CLAIM I

1. DEPRIVATION OF PLAINTIFF'S FREE SPEECH ; RIGHT OF ACCESS TO INFORMATION BY FCJ DFNTS MIMS, MCCOMAS, AND ZANONI IMPLEMENTING A FACIALLY UNCONSTITUTIONAL JAIL MAIL POLICY IN VIOLATION OF THE FIRST AMENDMENT.

2. CLAIM I ISSUE INVOLVES ☒ OTHER: (MILLER OBSCENITY TEST) OVERBREADTH CHALLENGE TO FCJ POLICY #E-120.

3. STATEMENT OF THE CLAIM
a. SUPPORTING FACTS:

1. At all Times 2019-2023 PL had a Vested First Amendment Right of Free Speech, Expression, Inclusive Access to Information;

2. FCJ Dfnts Mims, McComas, Keoninyom Enriquez & Nichols Ongoing From March 2019 Thru March 4th 2021 (First Time Period) Then From March 28th 2022 Thru November 30th 2022 (Second Time Period) ... FCJ Dfnts Snyder, Zanoni, Keoninyom February 2023 Thru August 2023 (Third Time Period) While Acting Under Color of Law Each Caused PL to be Deprived and Directly Deprived PL of his Right to Free Speech, Expression & Access to Information in Violation of 42 USC §1983;

3. PL Hereby Invokes The 'Continuing Violation Doctrine' To Bring All Occurrences In The First Time Period Involving Dfnts McComas, Mims, and Nichols Into This Suit;

4. The 'Continuing Violation Doctrine' Applies To This Case, As The Deprivation of PL's Same Rights By Dfnts Has Not Ceased Permanently During Detainment At FCJ And Are Not Sporadic or Isolated;

5. The FCJ Policy # E-120 Is The Moving Force Behind FCJ Dfnts Ongoing 2019-2023 Deprivation of PL's 1st & 14th Amendment Rights;

6. The FCJ Policy # E-120 Is Facially Unconstitutional And Destroys PL's Liberty Interest In Acquiring & Enjoying Erotic (Non Obscene Non Sexually Explicit) Publications By Operation of Its Provisions;

7. The FCJ Policy # E-120 Is Unconstitutionally Overly Broad In That It Reaches And Inhibits A Substantial Amount of PL's

CONSTITUTIONALLY PROTECTED CONDUCT: (FIRST AMENDMENT FREEDOMS);

8. THE FCJ MAIL POLICY #E-120 REVISED BY DFNT MIMS (2021)... BY DFNT ZANONI (2023, FEB.) RESTRICTS POSSESSION OF NON-NUDE PUBLICATIONS WHERE NO SEXUAL ACTIVITY IS DEPICTED SOLELY BASED ON CLOTHING OR POSE DISPLAYED AND DIRECTS OR AUTHORIZES STAFF TO DISALLOW ANY ACCESS TO SUCH MATERIALS; (SEE EXHIBIT-1, 'FCJ POLICY #E-120', BELOW) AND RESTRICTS SEX EDUCATION BOOKS;

9. THE FCJ POLICY #E-120 REACHES TOO FAR IN ITS MAIL CENSORING SWEEP & THEREBY FACILITATES ARBITRARY, CAPRICIOUS, DISCRIMINATORY REMOVAL OF PL's CONSTITUTIONAL RIGHTS;

10. THE FCJ POLICY #E-120 PROVISIONS SET FORTH AT PG. 14, § x INCLUSIVE POLICY #E-410 (MIRRORING) PROVISIONS SET FORTH AT PGS. 20 THRU 21, COMPRISE THE 'SEXY CONTENT BAN' WHICH REPUDIATES PL. RIGHT TO FREE SPEECH, FREE EXPRESSION, ACCESS TO INFORMATION;

11. THE FCJ POLICY #E-120 RESTRICTS/INHIBITS PL's ACCESS TO VIEW READ, POSSESS, PURCHASE ANY EROTIC ARTWORK, PHOTOGRAPH, BOOK, CATALOG, MAGAZINE, ETC, THAT CAN BE SAID TO BE TOO SEXY, OR TOO REVEALING, OR INDECENT, OR SEX BASED BY THE PERSONAL PREJUDICE BIAS OR WHIM OF ANY FCJ STAFF WHO SCREENS PL's MAIL FOR CONTRABAND;

12. THE FCJ POLICY #E-120 IS OVERLY BROAD IN THAT IT ALLOWS FOR ANY NUMBER OF FRIVOLOUS EXCLUSIONARY CRITERIA TO BE IMPOSED UNDER THE BANS;

13. FCJ POLICY #E-120 'SEXY CONTENT BAN' DOES NOT ADVANCE ANY LEGITIMATE DETENTION GOALS;

14. DFNT-MIMS, AT ALL TIMES RELEVANT TO THIS COMPLAINT (2019-2022) WAS THE POLICYMAKER HAVING FINAL AUTHORITY TO ESTABLISH ALL FCJ

1  POLICIES, AND ESTABLISHED POLICY #E-120, ADDING POSING, TIGHT/SKIMPY

2  CLOTHING, ALL ACTUAL/ATTEMPTED NUDITY RESTRICTIONS TO ENLARGE SCOPE

3  OF THE (MILLER v. CALIFORNIA) OBSCENITY TEST. MIMS EXPANDED THE

4  DEFINITIONS OF OBSCENITY AND SEXUALLY EXPLICIT MATERIAL TO CREATE

5  HER OWN BANS (("SEXY-CONTENT BAN" (HEREINAFTER));

7  15. MIMS FCJ POLICY #E-120, LISTS PENAL CODE SECTIONS 311 § 2600

8  §2601, AND PROCUNIER V. MARTINEZ AS AUTHORITY FOR ITS RESTRICTIVE PROVISIONS;

10  16. AT HER 2021 REVISION OF POLICY #E-120, MIMS INCORPORATED

11  VERBATIM THE PC §311 OBSCENITY TEST AND DEFINITIONS OF OBSCENITY

12  AND SEXUALLY EXPLICIT AS WELL AS THE CDCR STATE REGULATION

13  'FRONTAL-NUDITY BAN' CODIFIED AT 15CCR SECTION § 3006 (c) (15) (17)

14  ALONGSIDE HER 'SEXY-CONTENT BAN' PROVISIONS, AT PGS. 13-14;

16  17. DEFT-ZANONI, IN 2023, WAS THE POLICYMAKER HAVING FINAL

17  AUTHORITY TO ESTABLISH ALL FCJ POLICIES, AND CONTINUED IMPLEMENTING

18  POLICY #E-120's 'SEXY CONTENT BAN' OVERLY BROAD RESTRICTIVE PROVISIONS;

20  18. AT HIS FEBRUARY 9TH 2023, REVISION OF POLICY #E-120, ZANONI

21  MADE NO (SUBSTANTIVE) CHANGES THERETO AND REFUSED TO REMOVE THE

22  OVERLY BROAD RESTRICTIVE PROVISIONS THEREFROM DESPITE BEING NOTIFIED THAT THEY

23  VIOLATED PL's 1ST & 14TH AMENDMENT RIGHTS;

25  19. DEFT MIMS (ABUSED HER RULEMAKING DISCRETION 2019 THRU 2022

26  BY IMPLEMENTING FCJ POLICY #E-120, 'SEXY CONTENT BAN';

28  20. IN 2021→2023, McCOMAS WAS RESPONSIBLE FOR IMPLEMENTING

1 IMPLEMENTING THE JAIL POLICY AND ENFORCEMENT PROCEDURES;

2

3 21. AT ALL TIMES RELEVANT TO THIS MATTER DFNTS MIMS, McCOMAS, ZANONI

4 HAD NO AUTHORITY TO IMPLEMENT POLICY E-120 PROVISIONS THAT ENLARGE, ALTER, SUPERCEDE

5 THE GOVERNING OBSCENITY LAWS;

6 22. AT ALL TIMES RELEVANT TO THIS MATTER DFNTS MIMS, McCOMAS,

7 NICHOLS AND ZANONI HAD A ROUTINE PRACTICE OF DEPRIVING PL / ALL

8 DETAINEES OF THE RIGHT TO FREE SPEECH, EXPRESSION, ACCESS TO INFORMATION

9 BY REMOVING ALL CONSTITUTIONAL, DECISIONAL, STATUTORY LAW SAFEGUARDS

10 AGAINST ARBITRARY DEPRIVATION OF RIGHTS IN VIOLATION OF THE 1ST & 14TH

11 AMENDMENTS; THRU THE FORCE AND POWER OF FCJ POLICY #E-120;

12 23. AT ALL TIMES RELEVANT, PL HAD A FIRST & FOURTEENTH AMENDS PROTECTED

13 STATUTORY RIGHT TO BUY, POSSESS, VIEW, READ NON-NUDE /NON OBSCENE PUBLICATIONS

14 (e.g. PC § 2601).

15 24. THE FCJ POLICY #E-120, RESTRICTIONS ON MY PURCHASE, POSSESSION,

16 READING OF NONNUDE / SIDE-REAR NUDE /SEX-BASED PUBLICATIONS IS

17 EXCESSIVE IN RELATION TO FCJ FACILITY MANAGEMENT /SECURITY NEEDS;

18

19 25. PL's PURCHASE POSSESSION OR READING OF EROTIC ART, PHOTOS,

20 MAGAZINES, BOOKS, CATALOGS, ETC., DOES NOT POSE ANY THREAT TO FCJ

21 SECURITY OR SAFETY OF ANY PERSON;

22

23a 26. MIMS, McCOMAS, & ZANONI INTENDED TO HARM/OPPRESS PL IN 2019

24 THRU 2023 BY IMPLEMENTING THE COUNTY JAIL MAIL CONTRABAND POLICY

25 (#E-120) THAT IS MORE RESTRICTIVE THAN STATE PRISON MAIL POLICIES;

26

27a 27. IN 2019 - 2023, PL PUT DFNTS MIMS, McCOMAS, & ZANONI

28 ON NOTICE THAT FCJ POLICY #E-120, CONFLICTED WITH GOVERNING OBSCENITY

1  LAWS, WAS OVERLY BROAD IN SCOPE, OVERLY RESTRICTIVE AND VIOLATED
2  PL.'s FREE SPEECH, EXPRESSION, ACCESS TO INFORMATION AND DUE PROCESS
3  RIGHTS FOR THOSE REASONS;) WHEN PL. FILED GRIEVANCES.
4

5      28.  IN 2019 THRU 2023, MIMS, McCOMAS, & ZANONI HAD ACCESS
6  TO STATE REGULATION TITLE 15 CA CODE REGS (15CCR), AND KNEW THAT PRISON
7  CONTRABAND & MAIL POLICIES EXPRESSLY FOLLOWED THE OBSCENITY TEST AND
8  DEFINITIONS OF 'OBSCENITY' AND 'SEXUALLY EXPLICIT' ESTABLISHED BY DECISIONAL
9  AND STATUTORY LAW (MILLER) AND PC 311;)
10

11     29.  IN 2019 THRU 2023, MIMS, McCOMAS, & ZANONI KNEW THAT
12  THEIR FCJ POLICY # E-120 WAS MORE RESTRICTIVE THAN PRISON POLICIES,
13  CONFLICTED WITH (MILLER) AND PC 311, AND WAS IN EXCESS OF THEIR
14  RULEMAKING AUTHORITY;
15     30.  IN 2019-2023 REASONABLE HIGH RANKING JAIL OFFICIALS (MIMS, ZANONI
16  AND McCOMAS WOULD REASONABLY KNEW THAT IMPLEMENTING JAIL MAIL POLICY
17  WHICH CONFLICTED WITH AND ENLARGED SCOPE OF GOVERNING CLEARLY ESTABLISHED
18  OBSCENITY LAWS WAS UNLAWFUL AND ABUSE OF THEIR RULEMAKING DISCRETION;
19

20     31.  IN 2019 THRU 2023 (MILLER), (PC 311) (15CCR § 3006(c)
21  WERE THE ESTABLISHED LAWS GOVERNING OBSCENE/SEXUALLY EXPLICIT
22  MATERIAL, AND GOVT. C § 11342.2 GOVERNED RULE MAKING LEGALITY
23  NONE OF THESE LAWS SUPPORT POLICY # E-120;
24     32.  TH... ...MING G... ....L... ( ....L...W...)  ...T F...
25  c: 32.  THE GOVERNING OBSCENITY LAWS ("G.O.L's" HEREINAFTER,)
26  IN 2019-2023 WERE SUFFICIENT TO MEET & ALREADY AND MEET FCJ
27  FACILITY MANAGEMENT (SAFETY AND SECURITY NEEDS; THEIR LANGUAGE
28  IS CLEAR, CONCISE AND UNAMBIGUOUS;

33. THE GOVERNING DEFINITIONS OF 'OBSCENITY' AND 'SEXUALLY EXPLICIT' ARE DERIVED FROM TITLE 18 UNITED STATES CODE SECTION § 1461;

34. THE LEGISLATURE HAS NOT GIVEN FCJ DFNTS AUTHORITY TO DEFINE 'OBSCENE' AND OR 'SEXUALLY EXPLICIT' MATERIAL MORE BROADLY THAN 18 USC § 1461, (MILLER V. CALIFORNIA), PC § 311, OR 15 CCR § 3006(c)(15)(17); (2019-2023);

35. DFNTS MIMS, MCCOMAS & ZANONI EACH ACTED WITH CONSCIOUS INDIFFERENCE TO PL'S SUFFERING MENTAL TRAUMA WHEN EACH OF THEM FAILED / REFUSED TO REMOVE THE OVERLY BROAD RESTRICTIVE PROVISIONS FROM FCJ POLICY # E-120 DURING THEIR 2021 AND 2023 POLICY REVISIONS;

36. DFNTS MIMS, MCCOMAS & ZANONI, AS HIGH RANKING COUNTY OFFICIALS IN 2019-2023, WOULD REASONABLY KNOW THAT EACH OF THEIR INDIVIDUAL OMISSIONS TO REMOVE THE OVERLY BROAD RESTRICTIVE PROVISIONS FROM POLICY #E-120, VIOLATED PL's RIGHTS, AND WOULD DIRECT ALL SUBORDINATE STAFF TO VIOLATE PL's RIGHTS;

37. FCJ DFNTS 'SPECIAL CONCERNS' FOR JAIL SAFETY, SECURITY, & GOOD ORDER ARE NO GREATER THAN SUCH CONCERNS IN PRISONS;

38. FCJ POLICY #E-120 EXAGGERATES THE SAFETY, SECURITY & FACILITY MANAGEMENT CONCERNS AT SECTION § X, C, AND USES SUCH AS REASON TO DENY POSSESSION OF HARMLESS EROTICA / SEXY FEMININE IMAGERY / SEX EDUCATIONAL MATERIALS;

39. IN 2019-2023, FCJ DFNTS IMPLEMENTATION OF POLICY #E-120 SECTIONS IX & X, 'SEXY CONTENT BAN' (INCLUDING 'INTENDED NUDITY', 'TIGHT / SKIMPY ATTIRE', 'SUGGESTIVE POSING' BANS) WERE EXAGGERATED RESPONSES TO FCJ SECURITY, SAFETY, AND FACILITY MANAGEMENT CONCERNS;

40. FCJ POLICY # E-120, SECTION 8 X, 'SEXUALLY EXPLICIT &
OBSCENE MATERIALS' PARAGRAPH C. PROVISION BANS CONTENT
THAT IS " NUDE OR SEXUALLY SUGGESTIVE ... IN WHICH THE SUBJECT
IS PARTIALLY NUDE OR NAKED, OVERLY SEXUAL OR SEXUALLY SUGGESTIVE
[OR WHERE THE] PERSON IS [NOT] CLOTHED IN A MANNER THAT WOULD BE
GENERALLY ACCEPTED IN THE COMMUNITY AS A WHOLE. [OR] " ANY INTENT
TO SHOW NUDITY." INCLUDING, BUT NOT LIMITED TO THE FOLLOWING,
.... 1. " ANY PHOTOGRAPH THAT DISPLAYS AN EXPOSED FEMALE
BREAST," THIS INCLUDES "PHOTOS THAT HAVE BEEN ALTERED TO
OBSCURE OR CONCEAL THE AREOLA (e.g. STRATEGICALLY PLACED
STICKERS [NIPPLE COVERS] DIGITALLY ALTERED, ETC.) ... [OR]
"[WHERE] UNDERGARMENTS [ARE NOT] WORN BENEATH CLOTHING
THAT IS SHEER, TRANSLUCENT, LACE, MESH, ETC." ... 2. " ANY
PHOTO THAT DISPLAYS THE GENITALIA" "PUBIC AREA" ... "INCLUDING
THOSE WEARING CLOTHING THAT BY DESIGN [TIGHT FITTING] OR
BY THE MANNER IN WHICH IT IS WORN, ALLOWS THE ANATOMICAL
DETAIL OF GENITALIA TO BE CLEARLY VIEWED." THIS PROVISION IS
OVERLY BROAD IN THAT IT COVERS INNOCUOUS NON-NUDE NON-SEXUALLY
EXPLICIT MATERIALS AND BEARS NO RELATION TO FCJ'S LEGITIMATE
PENOLOGICAL OBJECTIVES ; (THESE RESTRICTIONS COLLECTIVELY COMPRISE
THE 'SEXY CONTENT BAN' ;

41. IN 2019 THRU 2023, DEFT MIMS, McCOMAS, & ZANONI 'MAINTAIN'
THE FCJ POLICY # E-120'S 'SEXY CONTENT BAN' SUPERCEDES THE 'FRONTAL
NUDITY BAN' AND DEFINITIONS OF "OBSCENE" & 'SEXUALLY EXPLICIT'
TAKEN FROM 18 USC §1461 AND ITS PROGENY PC §311, 15 CCR §3006(c)
THE LATTER APPEAR IN THE POLICY AT SECTION 8 X, A-B, SOLELY AS
A (WINDOW DRESSING) ADJUNCT; THE SECTION X, 2, PROVISIONS ARE
MECHANISM TO GENERATE DOGWHISTLE REPORTS (e.g. ILLEGAL BEHAVIOR NOTICES).

42. GENE MIMMS & McCOMAS CREATED A UNOFFICIAL REJECTION CRITERIA LIST ("URCL" HEREINAFTER) UNDERSTOOD BY ALL MAILROOM STAFF TO BE USED WHEN GENERATING REJECTION NOTICES UNDER THE POLICY #R-120, SECTION X, "SEXY CONTENT BAN". THE URCL DOES NOT APPEAR IN THE POLICY BUT LISTS A MULTITUDE OF SUPERFLUOUS REJECTION REASONS,

43. DEFTS. MIMMS, McCOMAS, ZANONI'S URCL IS NOT ACCESSIBLE TO PL./DETAINEES. ITS SUPERFLUOUS REASONS INCLUDE: "BOOK IS 'SEX-BASED'", "PHOTO IS SEXUALLY SUGGESTIVE / SEXUALLY EXPLICIT / OBSCENE / OVERLY SEXUAL DUE TO IT SHOWS WOMEN STANDING / SITTING OR BENDING OVER WITH LEGS WIDE OPEN WEARING A BIKINI AND THE MAIN FOCUS IS THE 'CROTCH AREA'" OR "AND THE GENITALIA / LABIA CAN BE SEEN DUE TO THE ATTIRE BEING UTTERLY CONSTRICTED AND SMALL" OR "THE 'AREOLA' CAN BE SEEN THRU HER THIN LACE ATTIRE", ETC, ETC, ETC.;

44. MIMMS, McCOMAS, ZANONI VIEW ALL EROTIC ART, PHOTOGRAPHY, LITERATURE AS OBSCENE/PORNOGRAPHIC; AND TREAT NON-NUDE SEXY / EROTIC PUBLICATIONS AS PORNOGRAPHY;

45. IN 2019-2023 FEDERAL LAW ESTABLISHES THAT PHOTOS OF NUDE / PARTLY NUDE WOMEN POSED SEDUCTIVELY IN WHICH THE GENITALS ARE NOT 'EXPOSED' ARE NOT OBSCENE. TO CONSTITUTE OBSCENITY THE MATERIAL MUST CONTAIN A GRAPHIC DEPICTION OF SEXUAL ACTIVITY (e.g. HARD CORE PENETRATION, ETC.)

46. AS A MATTER OF LAW THE PHOTOS PL. ORDERED ARE NOT OBSCENE OR SEXUALLY EXPLICIT; AND ARE NOT EXCLUDABLE AS CONTRABAND;

47. WHILE AT FCJ 2019 THRU MARCH 2021, AND 2022 THRU 2023

1  PL ONLY ORDERED NON-NUDE / PARTLY NUDE (PROFILE) PHOTOS, MAGAZINES

2  CATALOGS, AND HAS NEVER ORDERED ANY PUBLICATIONS DEPICTING

3  PATENTLY OFFENSIVE SEXUAL ACTIVITY, FRONTAL NUDITY, OR WHICH HAD

4  NO ARTISTIC / LITERARY VALUE (e.g. FROM SAME VENDORS HE'D ORDERED

5  AND RECEIVED SIMILAR PUBLICATIONS FROM WHEN HE WAS IN PRISON 1999

6  THRU 2018);

7  48. THE PUBLICATIONS PL ORDERED WHILE AT FCJ WERE FIRST AMENDMENT

8  PROTECTED, AND SHOULD NOT FALL WITHIN POLICY # E-120, S RESTRICTIONS;

9

10  49. POLICY # E-120, CONVERTS HARMLESS NON SEXUAL EROTICA AND

11  PARTIALLY NUDE (INDECENT) IMAGERY INTO OBSCENITY SIMPLY BY SAYING IT

12  IS SUCH; IN VIOLATION OF THE 1ST AMENDMENT;

13  50.

14  50. FCJ POLICY # E-120 CONTAINS A 'BLANKET DISPOSAL' PROVISION AT

15  Pg. 4, SECTION III 'INCOMING MAIL' PARAGRAPH - C THAT STATES: " WHEN

16  CONTRABAND OR OTHER PROHIBITED CONTENT IS FOUND, WHICH IS NOT OTHERWISE

17  ILLEGAL, THE ENTIRE CONTENTS WILL BE RETURNED TO THE SENDER". WITH 'CROSS-

18  REFERENCE TO SECTIONS IX-'PROHIBITED MATERIALS (CONTRABAND)', X-'SEXUALLY

19  EXPLICIT AND OBSCENE MATERIALS', AND XI-'THREATENING OR DANGEROUS MATERIALS'

20  THIS PROVISION IS AIMED AT FRUSTRATING, ANNOYING, AND ALIENATING PL/

21  DETAINEES AND ONES FAMILY/FRIENDS/COMMUNITY, AND IS NOT RATIONALLY

22  CONNECTED TO FCJ'S DETENTION GOALS, AND IS AN EXAGGERATED

23  RESPONSE TO FCJ FACILITY MANAGEMENT, SAFETY, AND SECURITY CONCERNS;

24

25  51. MIMMS, McCOMAS, ZANONIS POLICY # E-120 'BLANKET DISPOSAL'

26  PROVISION IS UNREASONABLE OVERLY RESTRICTIVE BECAUSE IT FACILITATES

27  DENIAL & DISPOSAL OF ENTIRE ISSUES OF MAGAZINES, PACKETS OF

28  PHOTOS, ETC., IF ONE IMAGE THEREIN FAILS, OR GOT INK BLOT/COFFEE/

Case 1:22-cv-01149-JLT-BAM    Document 37    Filed 11/02/23    Page 13 of 26

4th Suppl. Th. Compl
pg. 13 of 25

WATER STAINED DURING SHIPMENT;

52. AT ALL TIMES RELEVANT TO THIS MATTER MIMS, McCOMAS, AND ZANONI HAD EASY AVAILABLE ALTERNATIVE OF REVISING THE POLICY TO REMOVE THE 'SEX CONTENT BAN' PROVISIONS AND MODIFY THE 'BLANKET DISPOSAL' PROVISION TO AFFORD DELIVERY OF ALLOWABLE ITEMS CONTAINED IN A MIXED PARCEL OR PUBLICATION;

53. MIMS, McCOMAS & ZANONI'S REPEATED AND DECEPTIVE IMPLEMENTATION/ REFUSAL TO REVISE POLICY #E-120 SO THAT IT WOULD NOT VIOLATE PL's 14th AND 1st AMENDMENT RIGHTS MEETS THE 5th AND 4th PRONGS ON THE (MENDEZ) REPREHENSIBILITY SCALE, AND WARRANT PUNITIVE DAMAGES;

54. FCJ POLICY #E-120, DISALLOWS ALL EROTIC ART/PHOTOGRAPHY BOOKS AND SEXY NON-NUDE MAGAZINES FEATURING ADULT FEMALE MODELS WEARING BIKINIS, LINGERIE, ETC., IN THEIR ENTIRETY DESPITE THEIR CONTENT NOT BEING OBSCENE OR SEXUALLY EXPLICIT WITHIN THE MEANING OF 18 USC § 1461, (MILLER v. CALIFORNIA), PC § 311, AND 15 CCR § 3006 (c) (15)-(17); INCLUDING BUT NOT LIMITED TO BOOK TITLES SUCH AS: "HOT GIRL SAFARI" "ALVARADO'S COSPLAY PIN UPS" "ALL NATURAL BEAUTIES", "TATTOOED BEAUTIES" ... MAGAZINE TITLES SUCH AS: "THICK", "BOOTIES 'N MODELZ", "SPICY LATINA", "¡ ADORE" ... INCLUDING SEX EDUCATION BOOKS SUCH AS: "ARE YOU COMING", "COMING SOON", "SEX POINTS" "LOVING THE G-SPOT", ETC. DESPITE THEIR ARTISTIC, SOCIAL, OR LITERARY VALUE; ALL OF THESE PUBLICATIONS ARE PERMITTED IN PRISON AND IN STATE HOSPITALS;

55. IN 2019-2023, ONE-ON-ONE CONTACT/INTERACTION WITH OPPOSITE GENDER IS NOT PERMITTED AT FCJ (INCLUSIVE NO PHYSICAL TOUCH);

56. PL is IA ARTIST & AUTHOR WHO IS PROTECTED BY & BELOVED OF THE GODDESS. PL. REQUIRES PICTORIAL IMAGES TO INFORM HIS ARTWORK AS WELL AS TO RECHANNEL AND RELEASE SEXUAL ENERGY IN A HEALTHY WAY BECAUSE HE CANNOT HAVE DAILY ONE-ON-ONE INTERACTION WITH WOMEN; PL. DOES NOT PURCHASE PORNOGRAPHY, AND PURCHASES ONLY NON-NUDE / PARTLY NUDE PUBLICATIONS PERMITTED BY LAW;

57. THE DIRECT NEGATIVE CONSEQUENCES OF FCJ POLICY #E-120 'SEXY CONTENT BAN' IMPLEMENTED BY MIMS, MCCOMAS, & ZANONI, HAVE BEEN INCREASED THEFTS OF PHOTOS AND MAGAZINES, INCREASED VERBAL AND PHYSICAL ALTERCATIONS AND SEXUAL ABUSE AMONG DETAINEES, INCREASED SEXUAL AGGRESSION DIRECTED TOWARD FEMALE STAFF, INCREASED MENTAL TRAUMA AND PRESCRIPTION DRUG ABUSE AMONG DETAINEES, AND A BLACK-MARKET FOR SEXY NON-NUDE MAGAZINES & PHOTOS;

58. WHILE AT FCJ 2019 – 2023, AND THROUGHOUT DURATION OF HIS JAIL & PRISON CONFINEMENT 1992 THRU 2023 (OVER 31-YEARS) PL. HAS NEVER ACTED SEXUALLY AGRESSIVE ABUSIVE TOWARD ANY FEMALE STAFF EVEN WHEN HE HAD LAWFULLY POSSESSED REAL PORNOGRAPHY;

59. FCJ HAD NO HIGH INCIDENCE OF FACILITY DISRUPTION, OR SEXUAL HARASSMENT OF FEMALE EMPLOYEES BY DETAINEES THAT COULD BE LINKED TO DETAINEES RETENTION/ POSSESSION OF NON-NUDE OR PARTLY-NUDE SEXY PUBLICATIONS DURING TIME PERIOD OF 2015 THRU 2023;

60. AT ALL TIMES RELEVANT TO THIS MATTER, DFNTS MIMS, MCCOMAS, ZANONI's IMPLEMENTATION OF FCJ POLICY #E-120 'SEXY CONTENT BAN' (SECTION X.C.) WAS NOT SUPPORTED BY ACTUAL EVENTS;

61. THERE WAS NO MEASUREABLE DECREASE IN DETAINEE DISRUPTIVE BEHAVIOR SINCE MIMS MCCOMAS ESTABLISHED/IMPLEMENTED FCJ POLICY #E-120 'SEXY CONTENT BAN' DURING THE 2015 THRU 2022 TIME PERIOD;

⟨PL SUPPLMTL. COMPL⟩
PG 15 OF 26

62. MANY OF FCJ'S HOTTEST FEMALE OFFICERS (E.G. K. HAZELRIGG; J. MACEDO; J. RIBIDIAN; CATHY RAMIREZ, ET. AL.) CAN ATTEST TO HAVING RECEIVED MORE UNWANTED SEXUAL AGGRESSION FROM DETAINEES SUB TO THE SEXY CONTENT BAN ON PUBLICATIONS DURING 2015-2023;

63. PL. HAS EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDY ON THIS CLAIM AGAINST DFNTS MIMS, McCOMAS, & ZANONI, VIA FCJ GRIEVANCE SYSTEM; FCJ GRIEVANCE SYSTEM WAS INADEQUATE TO RESOLVE THE ISSUE OF UNCONST. POLICY;

64. PL's SUFFERED INJURIES ARE ACTUAL, IMMINENT, CONCRETE, & PARTICULARIZED;

65. PL. SUFFERED INJURIES OF MENTAL TRAUMA[1] OPPRESSION,[2] POVERTY OF AFFECTION,[3] ANXIETY,[4] LONELINESS,[5] ANGUISH,[6] STIGMA WHEN MIMS, McComas, & ZANONI IMPLEMENTED AND REFUSED TO REVISE FCJ POLICY # E-120 SECTIONS III[§], IX[§], X, C;

66. PL's INJURIES ARE FAIRLY TRACEABLE TO DFNTS MIMS, McCOMAS, ZANONI'S IMPLEMENTATION OF AND THE CONTINUED FORCE & EFFECT OF FCJ POLICY # E-120 SEXY CONTENT BAN, AND BLANKET DISPOSAL PROVISIONS;

67. DFNTS MIMS, McCOMAS, ZANONI ARE NOT IMMUNE TO MONETARY DAMAGES AND ARE EACH FULLY LIABLE FOR DAMAGES ON CLAIM I;

68. PL. IS ENTITLED TO RELIEF ON THIS FIRST AMENDMENT CLAIM, AND PL's SOUGHT RELIEF WOULD CURE THE CONSTITUTIONAL VIOLATIONS DONE BY MIMS, McCOMAS, ZANONI;

69. FCJ POLICY # E-120 IS VOID FOR ITS OVERBREADTH;

70. DFNTS MIMS, McCOMAS, & ZANONI ARE EACH SEPARATELY HEREBY SUED IN HER, HIS, & HIS INDIVIDUAL CAPACITY;

71. FCJ Policy #E-120 is not necessary to advance objectives of the Governing Obscenity laws;

CLAIM II

72. Deprivation of Plaintiffs fundamental right of free speech free expression access to information by FCJ defendants Keonyoum, Nichols, Enriquez, & Snyder unconstitutional application of jail mail policy restrictions to plaintiff in violation of the First Amendment.

73. Claim II issue involves ⚇ other: as applied challenge to FCJ Policy # E-120.

74. STATEMENT OF THE CLAIM

a. SUPPORTING FACTS:

75. PL. hereby realleges and incorporates by reference facts (1) thru (70) as if fully set forth herein;

76. At all times 2019 thru 2023 PL. had a vested First Amendment right of free speech expression and access to information including right of immunity to arbitrary or irrational jail procedures;

77. FCJ dfnts Nichols, Keonyoum, Enriquez, & Snyder ongoing from March 2019 thru August 2023, while acting under color of law, each caused PL. to be deprived and or directly deprived PL. of his right to free speech expression access to information and immunity to arbitrary or irrational jail procedures in violation of 42 USC §1983;

78. In 2019 - 2023, dfnts Nichols, Enriquez, Keonyoum, Snyder

1 Under the auspice of enforcing FCJ Policy #E-120, "incoming mail"
2 screening provisions, repeatedly applied the 'sexy content ban' and the
3 'blanket-disposal' restrictions to Pl's mail via rejection decisions;

5 79. In 2019-2023, Dfnts Nichols, Enriquez, Keonyou & Snyder's
6 decisions to reject Pl's incoming mail publications (photos, magazines,
7 catalogs, book(s), order forms) were arbitrary & irrational;

9 80. In 2019-2023, Dfnts Nichols, Enriquez, Keonyou & Snyder's
10 application of FCJ Policy #E-120 restrictions to Pl's non-nude publications
11 was not rationally related to FCJ facility management, safety/security
12 concerns, were exaggerated responses to those concerns, and did
13 not further the objectives of governing obscenity laws;

15 81. In 2019-2023, Dfnts Nichols, Enriquez, Keonyou & Snyder had no
16 legitimate basis for rejecting Pl's publications and denied Pl access to
17 receive the photos, magazine, book, catalogs, order forms solely to
18 harm Pl; as each Dfnt intended to harm Pl, thereby;

20 82. In 2019-2023, FCJ Dfnts rejection decisions were plainly illegal,
21 each was a separate violation & deceitful removal of Pl's first
22 amendment right to receive mail, meets the 4th and 5th prongs on
23 the (Mendez) reprehensibility scale and warrant punitive damages;

25 83. In 2019-2023 FCJ-Dfnts believed their illegal removal of Pl's rights would
26 be shielded by policy #E-120, and each injured Pl in manner each believed
27 would not be traceable back to them individually;

-17-

84. IN 2019-2023, DFNTS NICHOLS, ENRIQUEZ, KEONNOM, & SNYDER AS REASONABLE JAIL MAILROOM OFFICIALS WOULD REASONABLY KNOW THAT APPLYING JAIL RULES OVER GOVERNING FEDERAL & STATE LAWS IN DENYING MAIL RIGHTS TO PL. WAS UNLAWFUL;

85. IN 2019-2023, FCJ DFNTS ACTED WITH CONSCIOUS INDIFFERENCE TO PL. SUFFERING MENTAL TRAUMA AND KNEW PL. WOULD SO SUFFER BY THEIR REMOVALS OF HIS MAIL RIGHTS;

86. IN 2019-2023, DFNTS NICHOLS, ENRIQUEZ, KEONNOM, & SNYDER KNEW THAT 18 USC § 1461, (MILLER v. CALIF.), PC§311, 15 CCR § 3006(c)(15)-(17) WERE THE GOVERNING OBSCENITY-CONTRABAND LAWS THE PROVISIONS OF WHICH WERE BINDING & MANDATORY FOR MAIL SCREENING PURPOSES;

87. IN 2019-2023, DFNTS NICHOLS, ENRIQUEZ, KEONNOM, & SNYDER KNEW THAT UNDER THE GOVERNING OBSCENITY LAWS THEY WERE ONLY PERMITTED TO DENY PL. ANY PHOTOS, MAGAZINES, CATALOGS, THAT DEPICTED FRONTAL NUDITY, OR SEXUAL ACTIVITY, OR NAKED GENITALS... PERMITTED TO DENY ONLY BOOKS CONTAINING SEXUAL CONTENT IF THE BOOK LACKED SOCIAL OR LITERARY, OR ARTISTIC VALUE (i.e., FAILED ESTABLISHED OBSCENITY TEST.);

88. IN 2019-2023, THE REJECTION DECISIONS BY NICHOLS, ENRIQUEZ, KEONNOM, & SNYDER WERE ARBITRARY FOR NOT APPLYING ANY OF THE THREE-PRONGS OF THE MILLER OBSCENITY TEST. AND WERE IRRATIONAL FOR NOT APPLYING THE CORRECT SECTION § 1461 (U.S.C.S) OR SECTION § 311 (PC) DEFINITION OF SEXUALLY EXPLICIT TO PL. MAIL PUBLICATIONS;

89. IN 2019-2022, DFNT NICHOLS CONDONED, MASKED, & PARTICIPATED IN THE ILLEGAL MAIL CENSORING ACTIVITIES OF HER SUBORDINATE EMPLOYEES;

90. DFNT. NICHOLS VIOLATED PL's FIRST AMENDMENT RIGHTS FOUR SEPARATE TIMES. SHE APPLIED POLICY # E-120 'SEXY CONTENT BAN' RESTRICTIONS, DID NOT APPLY THE OBSCENITY TEST, DID NOT APPLY THE CORRECT STATUTORY DEFINITION OF 'SEXUALLY EXPLICIT', CENSORED PL's PHOTOS AS OBSCENE/SEXUALLY EXPLICIT AND DENIED PL ACCESS TO THE NONNUDE PHOTOS & MAGAZINE THAT ARRIVED AT FCJ ON DEC. 2019, MARCH 8th, 2020, MAY 11th 2020, AND MARCH 30th 2022;

91. IN MAY 4th - 5th 2022, DFNT. NICHOLS DISPOSED OF PL's CATALOG EVIDENCE SHOWING THAT THE APRIL 2022, CENSORING BY KEONINOM WAS DONE ILLEGALLY;

92. DFNT. ENRIQUEZ VIOLATED PL's FIRST AMENDMENT RIGHTS FOUR SEPARATE TIMES; SHE APPLIED THE 'SEXY CONTENT BAN' FCJ POLICY # E-120, RESTRICTIONS: 'SEXUAL SUGGESTIVE' NUDITY', 'OVERTLY SEXUAL' TO PL's NON-NUDE (ACIME PUBLICATIONS) 9-PHOTOS & CATALOG AND TO PL's NON-NUDE (INMATE SERVICES) PHOTOS, CATALOG & MAGAZINE; SHE DID NOT APPLY THE OBSCENITY TEST, DID NOT APPLY THE BINDING STATUTORY DEFINITION OF 'SEXUALLY EXPLICIT'. SHE DID NOT LOG THE CATALOGS, BUT CENSORED & DENIED PL ACCESS TO ENTIRE MAILING FEBRUARY 17th 2020, MARCH 5th 2020, MAY 11th 2020, AND MARCH 28th - 30th 2022;

93. DFNT. SNYDER VIOLATED PL's FIRST AMENDMENT RIGHTS ONCE; SHE APPLIED THE POLICY # E-120, RESTRICTION: 'SEX BASED PUBLICATION' TO PL's SEXUAL EDUCATION GUIDE/BOOK TITLED 'LOVING THE G-SPOT: THE DEFINITIVE GUIDE ON THE SECRET CENTER OF FEMININE PLEASURE' - BY MARCIA DURANTE; SNYDER DID NOT APPLY ANY OF THE THREE PRONGS OF THE OBSCENITY TEST; SHE CENSORED THE BOOK AS PROHIBITED OBSCENE - DANGEROUS CONTRABAND & DENIED PL's ACCESS TO IT DESPITE IT HAS SOCIAL VALUE & LITERARY VALUE AND IS NOT OBSCENE;

94. DFNT. KEONINOM VIOLATED PL's FIRST AMENDMENT RIGHTS THREE TIMES; HE APPLIED POLICY # E-120 'SEXY CONTENT BAN' RESTRICTIONS: 'SEXUALLY EXPLICIT

1 PHOTO" TO PL.'s, (INMATE SERVICES) NON-NUDE PHOTO MAGAZINE, & CATALOG (ON

2 APRIL 19TH 2022)... TO PL's (ACME PUBLICATIONS) 6-NON-NUDE PHOTOS & CATALOG (ON

3 APRIL 28TH 2022)... TO PL's (CNA ENTERTAINMENT) 3-NON-NUDE CATALOGS

4 (ON JUNE 1ST 2023 -POST LAWSUIT FILING). HE DID NOT APPLY THE BINDING STATUTORY

5 DEFINITION OF 'SEXUALLY EXPLICIT'. HE CENSORED EACH MAILING AS PROHIBITE-G OR BARRED

6 REVEALING THE 'CROTCH AREA' HE DID NOT LOG THE MAGAZINE OR CATALOGS IN THE

7 FIRST TWO MAILINGS, AND DENIED PL. ACCESS TO THE ENTIRE CONTENTS, DESPITE

8 FRONTAL NUDITY, OR SEXUAL ACTIVITY WERE NOT DEPICTED THEREIN;

9       95

10    95. PL. HAS RECEIVED NO FURTHER PHOTO AND BOOK CATALOGS THAT ARRIVE

11 AT FCJ AND NO NOTICES OF THEIR REJECTION. DFNT KEONKINOMA HAS STOPPED PL. FROM

12 ORDERING ANY & ALL BOOKS, CATALOGS, MAGAZINES, AND HAS ONLY ALLOWED PL. TO

13 RECEIVE A CNA NON-NUDE CATALOG WHICH HAS EVERY IMAGE SCRIBBLED-OUT;

14

15    96. IN 2019-2023, FCJ-DFNTS RECEIVED STAFF REPORTS OF DETAINEE CONFLICTS, THREATS

16 OF VIOLENCE, THIEVERY, SUICIDALITY, ETC., RELATED TO MAIL RESTRICTIONS;

17

18    97. IN 2019-2023, FCJ DFNTS CONTINUED ILLEGALLY APPLYING THE 'SEXY CONTENT

19 BAN', 'BLANKET DISPOSAL', ETC. RESTRICTIONS DESPITE PL. NOTIFYING THEM THOSE PROCEDURES

20 VIOLATE PL.'s 1ST & 14TH AMENDS RIGHTS.

21    98. PL. HAS FULLY EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDY ON CLAIM II

22 AGAINST DFNTS NICHOLS, ENRIQUEZ, SNYDER, & KEONKINOMA;

23

24    99. PL.'s INJURIES ARE ACTUAL, IMMINENT, CONCRETE, PARTICULARIZED & IRREPARABLE;

25

26    100. PL.'s SUFFERED INJURIES OF 'LOSS OF KINDNESS', OPPRESSION; HUMILIATION;

27 STIGMA; INCREASED EMOTIONAL DISTRESS WHEN DFNTS KEONKINOM, NICHOLS,

28 ENRIQUEZ & SNYDER ILLEGALLY CENSORED & CONFISCATED HIS MAIL 2019-2023;

101. PL's INJURIES ARE FAIRLY TRACEABLE TO DFNTS ENRIQUEZ, SNYDER, NICHOLS & KEONYOU APPLICATION OF THE FCJ POLICY E/20 'SEXY CONTENT BAN' AND 'BLANKET DISPOSAL RESTRICTIONS TO PL's NON OBSCENE NON SEXUALLY EXPLICIT NON-NUDE PUBLICATIONS TO REMOVE PL's MAIL RIGHTS;

102. DFNTS KEONYOM, NICHOLS, ENRIQUEZ & SNYDER ARE NOT IMMUNE TO MONETARY DAMAGES AND ARE EACH FULLY LIABLE FOR DAMAGES ON CLAIM II;

103. PL IS ENTITLED TO ALL SOUGHT RELIEF AGAINST FCJ-DFNTS ON THIS FREE SPEECH EXPRESSION ACCESS TO INFORMATION CLAIM II;

104. PL's SOUGHT RELIEF WOULD CURE THE CONSTITUTIONAL VIOLATIONS DONE BY KEONYOM, SNYDER, NICHOLS & ERIQUEZ;

105. DFNTS NICHOLS, SNYDER, ENRIQUEZ, & KEONYOM ARE HEREBY THOROUGHLY SUED IN HER, HER, HER, & HIS INDIVIDUAL CAPACITY;

## CLAIM III

106. DEPRIVATION OF PLAINTIFF'S FUNDAMENTAL RIGHT TO FAIR WARNING    BY FCJ DFNTS ENRIQUEZ, NICHOLS, SNYDER & KEONIYOM FOR RETURNING PLAINTIFF'S MAIL WITHOUT NOTICE IN VIOLATION OF THE FOURTEENTH AMENDMENT'S DUE PROCESS CLAUSE.

107. CLAIM III ISSUE INVOLVES 2°: MAIL DISPOSAL ABSENT NOTICE (PROCUNIER V. MARTINEZ CLAIM)

108. STATEMENT OF THE CASE

109a. PL' HEREBY INCORPORATES BY REFERENCE & REALLEGES FACTS (1) THRU (105) AS IF FULLY SET FORTH HEREIN;

109b. SUPPORTING FACTS:

a.   SUPPORT

109. AT ALL TIMES 2019-2023, PL HAD A FOURTEENTH AMENDMENT DUE PROCESS LIBERTY INTEREST IN RECEIVING NOTICE THAT HIS INCOMING MAIL HAS BEEN WITHHELD BY JAIL OFFICIALS; HIS LIBERTY INTEREST IS AT STAKE;

110. FCJ DFNTS NICHOLS, ENRIQUEZ, KEONYOU & SNYDER, ONGOING MARCH 2019 THRU AUGUST 2023, EACH WHILE ACTING UNDER COLOR OF LAW, CAUSED PL TO BE DEPRIVED AND OR DIRECTLY DEPRIVED PL OF HIS RIGHT TO FAIR NOTICE PRIOR TO A DEPRIVATION OF MAIL IN VIOLATION OF 42 U.S.C.S § 1983;

111. IN 2019-2023, NICHOLS, ENRIQUEZ, KEONYOU & SNYDER DID NOT PROVIDE PL THE MINIMUM PROCEDURAL SAFEGUARDS REQUIRED BY THE DUE PROCESS CLAUSE FOR ANY DECISION TO CENSOR & WITHHOLD DELIVERY OF PL'S MAIL (i.e. DID NOT GIVE PL WRITTEN NOTICE THAT THE PUBLICATIONS WERE SEIZED, DID NOT GIVE PL ANY OPPORTUNITY TO PROTEST THE SEIZURE, AND WITHHOLDING UNTIL AFTER THEY'D EACH DISPOSED OF PL'S MAIL) ON TWELVE SEPARATE OCCASIONS;

112. UNDER THE AUSPICE OF ENFORCING FCJ POLICY # E-120, § III(E), PG. 4 'NOTICE PROVISION' DFNT NICHOLS CENSORED, SEIZED & IMMEDIATELY RETURNED TO SENDER PL NON-NUDE PHOTOS MAGAZINES, CATALOGS FOUR TIMES (DEC. 2019; MAR 8TH 2020; MAY 11TH 2020; AND MARCH 30TH 2022;) DITTO DFNT-ENRIQUEZ (DID SO ON FEBRUARY 27TH 2020; MARCH 5TH 2020; MAY 11TH 2020, AND MARCH 28-30, 2022;) DITTO DFNT-KEONYOU (CENSORED SEIZED & IMMEDIATELY RETURNED TO SENDER PL'S NON-NUDE PHOTOS, MAGAZINE, CATALOGS & ORDER FORMS THREE TIMES (APRIL 19TH 2022; APRIL 28TH 2022, AND JUNE 1ST, 2023;) DITTO DFNT-SNYDER (CENSORED, SEIZED, & IMMEDIATELY RETURNED TO SENDER PL'S LITERARY NON-OBSCENE BOOK (ON MAY 3RD-4TH, 2023;) EACH UNNOTICED DISPOSAL WAS A SEPARATE VIOLATION OF PL'S DUE PROCESS RIGHTS, EACH INVOLVED DECEIT AND MEET THE 5TH, 4TH & 3RD PRONGS ON THE (MENDEZ) REPREHENSIBILITY SCALE & WARRANT PUNITIVE DAMAGES;

113. IN 2019-2023, FCJ-DFNTS AS REASONABLE MAILROOM OFFICIALS WOULD REASONABLY KNOW THAT DISPOSING OF PL'S MAIL W/O PRIOR NOTICE WAS UNLAWFUL;

Case 1:22-cv-01149-JLT-BAM   Document 37   Filed 11/08/23   Page 23 of 26

&lt;or. Suplmnt. Compl.&gt;
pg 23 of 26

114. IN 2019-2023, DFNTS NICHOLS, ENRIQUEZ, SNYDER & KEONKYOM EACH OWED A LEGAL DUTY OF CARE TO INSURE PL. WAS AFFORDED MINIMUM PROCEDURAL SAFEGUARDS PRIOR TO DEPRIVATION OF MAIL;

115. IN 2019-2023, FCJ-DFNTS EACH INDIVIDUALLY BREACHED THEIR LEGAL DUTY OWED TO PL. BECAUSE EACH DID NOT AFFORD PL MINIMUM PROCEDURAL SAFEGUARDS;

116. IN 2019-2023 FCJ-DFNTS' INDIVIDUAL UNNOTICED DISPOSALS OF PL.'S MAIL WAS A SERIES OF FUNDAMENTALLY UNFAIR & ARBITRARY ACTS DFNTS INTENDED TO HARM AND OPPRESS PL. BY DOING;

117. PL. WAS PREJUDICED BY NICHOLS, ENRIQUEZ, SNYDER & KEONKYOM'S ABSENT NOTICES TO EXTENT PL. SUFFERED IRREPARABLE INJURIES OF: LOSS OF BUSINESS RAPPORT WITH VENDORS, ESTRANGEMENT FROM FAMILY, LOSS OF MONIES, & OPPRESSION WHEN EACH DFNT DISPOSED OF HIS MAIL RIGHTS & MAIL;

118. IN 2019-2023, FCJ-DFNTS HAD NO LEGITIMATE PENOLOGICAL INTEREST IN IMMEDIATE UNNOTICED DISPOSAL OF PL.'S NONNUDE NON-OBSCENE NON-SEXUALLY EXPLICIT PHOTOS, MAGAZINES, CATALOGS, ORDER FORMS, AND BOOK THAT COULD OUTWEIGH PL.'S FUNDAMENTAL DUE PROCESS LIBERTY INTEREST IN RECEIVING THE PUBLICATIONS;

119. PL.'S INJURIES ARE ACTUAL, IMMINENT, CONCRETE, & PARTICULARIZED;

120. PL.'S INJURIES ARE FAIRLY TRACEABLE TO FCJ DFNTS ACTIONS & OMISSIONS: OF CENSORING SEIZING & DISPOSING OF PL.'S MAIL WITHOUT PRIOR NOTICE 2019-2023;

121. IN 2019-2023, BUT FOR FCJ-DFNTS ABSENT PRE-DISPOSAL NOTICE PL WOULD HAVE PROTESTED AND RECOVERED HIS ILLEGALLY SEIZED MAIL; PL WOULD NOT HAVE SUFFERED MENTAL TRAUMA, LOSS OF MONIES, ETC.,

122. IN 2019-2023, FEDERAL DUE PROCESS REQUIRED DFNTS GIVE PL. ALL PUBLICATIONS

Case 1:22-cv-01149-JLT-BAM   Document 37   Filed 11/02/23   Page 24 of 26
&lt;Pl. Suplwtl. Compl.&gt;
pg 24 of 26

He ordered from Acme Publications, Inmate Services, CNA Entertainment, Madame Photo, & Er. Hamilton Bookseller Company, etc., and to give Pl. full written notice, opportunity to protest and recover any such publication that could be restricted under governing obscenity-contraband laws;

123. In 2019-2023, the traditional practice by FCJ mailroom Dfnts was to censor mail based on personal value judgments, seize & dispose of the mail, then issue a after-the-fact notice citing the 'sexy content ban' URCL, with staff directing detainees that the issue was not grievable because it is jail policy and to stop ordering sexy publications;

124. FCJ-Dfnts are not immune to monetary damages, and are fully liable for damages on this Claim III;

125. Pl. has fully exhausted all available administrative remedy on Claim III;

126. Pl. is entitled to the sought relief against FCJ-Dfnts on this Due Process Claim III, and Pl.'s sought relief would cure the Fourteenth Amendment violations done by Kroninom, Nichols, Enriquez & Snyder;

127. In 2019-2023, FCJ-Dfnts had easily available 'alternative' option of affording Pl. benefit of a impound provision but did not afford such to Pl.; or ... option of photocopying any rejected content for review purposes, but did not employ that either;

128. In his 2023 administrative grievance Pl. requested FCJ-Dfnts issue amended notices (to the vendors with apology, admission of error and invitation to reship the illegally denied mail publications) inter alia. Dfnts denied Pl.'s request for amended notices;

129. Pl. hereby sues Nichols, Enriquez, Snyder, & Kroninom in her her, her, & his separate individual capacity.

130. Pl.'s at stake liberty interest outweighs Dfnts (vacant) interests;

# E.    REQUEST FOR RELIEF

1. PL. IS ENTITLED TO A JUDGMENT IN HIS FAVOR & AN AWARD OF RELIEF FOR THE VIOLATIONS OF HIS FIRST & FOURTEENTH AMENDMENT RIGHTS AS A MATTER OF LAW; (42 U.S.C. § 1983

2. PL's FACTS (A)-(E) ARE TRUE & GIVE RISE TO PL's ENTITLEMENT TO RELIEF. PL. SEEKS COMPENSATORY, & PUNITIVE DAMAGES, AND A DECLARATORY JUDGMENT;

3. PL. HEREBY REQUEST USDC ORDER AWARDING PL. :

(a) COMPENSATORY DAMAGES IN AMOUNTS OF :
(1) $12 K (TWELVE THOUSAND DOLLARS) ON CLAIM I ;
(2) $12 K (TWELVE THOUSAND DOLLARS) ON CLAIM II ;
(3) $16K (SIXTEEN THOUSAND DOLLARS) ON CLAIM III;
(b) PUNITIVE DAMAGES IN AMOUNT OF :
(1) $84 K (EIGHTY-FOUR THOUSAND DOLLARS) ON ALL CLAIMS ;
(c) TOTAL DAMAGES AWARD OF : $124 K (ONE HUNDRED TWENTY FOUR THOUSAND DOLLARS) ;

4. USDC ORDER DECLARING FCJ POLICY # E-120 IS UNCONSTITUTIONAL FOR ITS OVERBREADTH ;

5. PL's FACTS (A)-(E) INCORPORATED BY REFERENCE, WILL LEAD A JURY TO FIND "YES", DFNTS ACTED UNDER COLOR OF LAW TO COMMIT THE CONDUCT AT ISSUE, AND "YES", THE CONDUCT DEPRIVED PL OF HIS FEDERAL RIGHTS;

6. PL. IS ENTITLED TO ATTORNEYS FEES, COST OF SUIT & HEREBY REQUEST AN ORDER AWARDING SUCH;

7. PL. REQUEST USDC ORDER FOR ANY OTHER & FURTHER RELIEF THAT THE COURT DEEMS PROPER ;

I. DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE, AND CORRECT.

DATED: AUGUST 28th, 2023.          /s/ Sam Drake

_SAM DRAKE, PRO SE PLAINTIFF

CS No. 1:22-CV-01149-JLT-BAM

## PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and a party to the within cause of action. That on this date I did cause a true and correct copy of: " PLAINTIFF'S NOTICE & REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT."

2. " PL. CONSENT TO MAGI JURISDICTION DECLARATION".

to be served on the parties to the action by:

☑ depositing same in the U.S. Mail with first class postage prepaid and

addressed as follows:

1. FRESNO COUNTY COUNSEL
   J.C. CEDERBORG SBN 124260
   2200 TULARE ST, 5TH FLOOR
   FRESNO, CA   93721

2. OFFICE OF THE USDC CLERK
   UNITED STATES EASTERN DISTRICT COURT
   2500 TULARE STREET, ROOM 8
   FRESNO, CA   93721

☐ delivering same in person to the address as follows and placing into the

control of the below listed party or representative:

☐ by faxing said document to the following telephone number:

Executed this 28TH day of __AUGUST__, 20 23, under penalty of perjury in Fresno, California.

/s/ ~~Samuel Drake~~

SAM DRAKE, Pro Se          Declarant