# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MCCOMAS, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-01149-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES<br><br>(ECF No. 49) |

Plaintiff Sam Drake ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's second amended complaint on the following claims: (1) violation of the First Amendment based on a facial challenge to Fresno County Jail ("FCJ") Policy #E-120 and #E-410 against Defendants Mims, McComas, and Zanoni; (2) violation of the First Amendment based on an as-applied challenge to FCJ Policy #E-120 and #E-410 against Defendants Enriquez, Keoniyom, Nichols, and Snyder; and (3) violation of Due Process for returning Plaintiff's mail against Defendants Enriquez, Keoniyom, Nichols, and Snyder.

**I.     Procedural Background**

Pursuant to the Court's June 26, 2024 Amended Discovery and Scheduling Order, the deadline for completion of all discovery, including filing all motions to compel discovery, was January 6, 2025.  (ECF No. 46.)

1

On January 31, 2025, Plaintiff filed a motion to compel discovery responses. (ECF No. 49.) Defendants filed a response on February 3, 2025. (ECF No. 50.) Although Plaintiff has not yet had the opportunity to file a reply brief, the Court finds further briefing on the motion unnecessary, and the motion to compel is deemed submitted. Local Rule 230(l).

## II.     Plaintiff's Motion to Compel

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff bears the burden of informing the Court: (1) which discovery requests are the subject of his motion to compel; (2) which of the responses are disputed; (3) why he believes the response is deficient; (4) why Defendant's objections are not justified; and (5) why the information he seeks through discovery is relevant to the prosecution of this action. *McCoy v. Ramirez*, 2016 WL 3196738 at *1 (E.D. Cal. 2016); *Ellis v. Cambra*, 2008 WL 860523, at *4 (E.D. Cal. 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why defendant's objections are not justified.").

### A.     Parties' Positions

Plaintiff contends that Defendants failed to provide substantive responses to Plaintiff's requests for production, served September 1, 2023. Defendants acted in bad faith because they failed to preserve and produce relevant information and made boilerplate objections. Plaintiff requests evidentiary and monetary sanctions. Plaintiff further states that good cause exists for filing his motion to compel fourteen days after the January 6, 2025 discovery deadline, because of pressing criminal court proceedings in Case #F22900456, which Plaintiff is litigating *pro se*. Plaintiff anticipated filing this motion in October 2024, yet was forced to redirect his time,

energy, and work toward filing various motions in that action, locate a private investigator and file for court appointment thereof, all while without access to a direct dial phone, internet, or an information directory. (ECF No. 49.)

Defendants object to Plaintiff's motion to compel, arguing that they responded timely and in good faith, including with appropriate objections and by producing such responsive documents as Defendants had, as well as a statement as to whether such documents exist at all. Defendants served their responses on October 16, 2023, and Plaintiff provides no reason why he could not have filed his motion to compel or made an effort to meet and confer in the year between receiving Defendants responses and October 2024. Defendants request that if the Court decides to consider Plaintiff's motion to compel despite being filed after the discovery deadline, that Defendants' deadline to respond be 21 days from the Court's decision, rather than from the date Plaintiff's motion was served. (ECF No. 50.)

### B. Discussion

Plaintiff's motion to compel is denied as untimely. The deadline for the completion of all discovery, including filing all motions to compel discovery, was January 6, 2025. (ECF No. 46.) Plaintiff's motion to compel includes a proof of service signed and dated January 27, 2025, three weeks after the expiration of the discovery deadline. (ECF No. 49, p. 19.) Although Plaintiff explains why he was unable to file his motion by October 2024, he fails to provide any explanation for his failure to file the motion to compel between October 2023, when Defendants served their responses, and October 2024.

Furthermore, the Court notes that the original discovery and scheduling order in this action, issued August 16, 2023, set a discovery deadline of April 16, 2024. (ECF No. 30.) At no time before the expiration of that deadline did Plaintiff file a motion to compel, or otherwise indicate to the Court that an extension of that deadline was needed. The amended discovery and scheduling order was then issued on June 26, 2024, providing Plaintiff with an additional five months to conduct further discovery, file a motion to compel regarding Defendants' prior discovery responses, or file a motion requesting an extension of time to file a motion to compel. Plaintiff took none of these steps, instead waiting until after the expiration of the extended

discovery deadline to file his motion to compel.

Although Plaintiff is permitted some lenience due to his *pro se* status, "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 869 (9th Cir. 2012) (en banc). Plaintiff was twice informed that the discovery deadline included the filing of all motions to compel discovery (ECF Nos. 30, 46), and due to the procedural history of this action, Plaintiff had more than a year after receiving Defendants' discovery responses to file a motion to compel. Nevertheless, Plaintiff's motion to compel fails to provide an adequate explanation for his failure to file prior to the close of discovery, and therefore is denied as untimely. Plaintiff's requests for sanctions are also denied.

**III.     Order**

Based on the foregoing, Plaintiff's motion to compel, (ECF No. 49), is HEREBY DENIED as untimely.

IT IS SO ORDERED.

Dated:   **February 4, 2025**              /s/ Barbara A. McAuliffe              
                                          UNITED STATES MAGISTRATE JUDGE

4