# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>          Plaintiff,<br><br>     v.<br><br>MCCOMAS, *et al.*,<br><br>          Defendants. | Case No. 1:22-cv-01149-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY DISPOSITIVE MOTION DEADLINE (ECF No. 55)<br><br>ORDER STAYING DISPOSITIVE MOTION DEADLINE PENDING RESOLUTION OF PLAINTIFF'S INTERLOCUTORY APPEAL |

Plaintiff Sam Drake ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint on the following claims: (1) violation of the First Amendment based on a facial challenge to Fresno County Jail ("FCJ") Policy #E-120 and #E-410 against Defendants Mims, McComas, and Zanoni; (2) violation of the First Amendment based on an as-applied challenge to FCJ Policy #E-120 and #E-410 against Defendants Enriquez, Keoniyom, Nichols, and Snyder; and (3) violation of Due Process for returning Plaintiff's mail against Defendants Enriquez, Keoniyom, Nichols, and Snyder.

**I.     Introduction**

On January 31, 2025, Plaintiff filed a motion to compel discovery responses. (ECF No. 49.) Defendants filed a response on February 3, 2025, objecting to Plaintiff's motion on the

1  grounds that it was untimely.  (ECF No. 50.)  On February 4, 2025, finding that further briefing
2  on the motion was unnecessary, the Court denied Plaintiff's motion to compel.  (ECF No. 51.)
3  　　　　　On February 18, 2025, Plaintiff filed a notice of appeal challenging the Court's order
4  denying Plaintiff's motion to compel without allowing Plaintiff to reply to Defendants' response,
5  requesting to rescind his consent to Magistrate Judge jurisdiction, requesting that this action be
6  reassigned to a different Magistrate Judge, and requesting that the Court assign a District Judge
7  for trial of this action.  (ECF No. 52.)  Plaintiff's appeal is now pending before the United States
8  Court of Appeals for the Ninth Circuit, Case No. 25-1029.  (ECF No. 54.)  According to the
9  briefing schedule set by the Ninth Circuit, Plaintiff's opening brief is due on March 31, 2025, and
10 Defendants answering brief is due on April 30, 2025.  (*Id.*)  Pursuant to the Court's amended
11 discovery and scheduling order in this action, the deadline for filing all dispositive motions (other
12 than a motion for summary judgment for failure to exhaust) is March 17, 2025.  (ECF No. 46.)
13 　　　　　Currently before the Court is Defendants' request to stay or extend dispositive motion
14 deadline, filed February 20, 2025.  (ECF No. 55.)  Though Plaintiff has not yet had the
15 opportunity to file a response, the Court finds a response unnecessary.  The motion is deemed
16 submitted.  Local Rule 230(l).

17 **II.    Stay of Dispositive Motion Deadline Pending Resolution of Interlocutory Appeal**
18 　　　　　The district court "has broad discretion to stay proceedings as an incident to its power to
19 control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*,
20 299 U.S. 248, 254 (1936)).  "Generally, stays should not be indefinite in nature." *Dependable*
21 *Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).  If a stay is
22 especially long or its term is indefinite, a greater showing is required to justify it.  *Yong v. I.N.S.*,
23 208 F.3d 1116, 1119 (9th Cir. 2000).  The party seeking the stay bears the burden of establishing
24 the need to stay the action.  *Clinton*, 520 U.S. at 708.
25 　　　　　Defendants contend that if Plaintiff's appeal results in briefing and/or the granting in
26 whole or part of Plaintiff's motion to compel, such an outcome could significantly impact
27 dispositive motions and oppositions from both parties.  Defendants intend to file a motion for
28 summary judgment but anticipate complications with the motion and opposition if discovery is

not fully settled. Accordingly, Defendants request that the Court stay the current March 17, 2025 deadline for dispositive motions until Plaintiff's appeal is concluded. Alternatively, Defendants request that the dispositive motion deadline be extended for both parties to April 15, 2025, or another date suitable to the Court. (ECF No. 55.)

The Court finds that the outcome of Plaintiff's interlocutory appeal may result in the granting in whole or in part of Plaintiff's motion to compel, such that it would be premature for the parties to file dispositive motions by the current deadline. Accordingly, the Court finds that, in the interest of judicial economy and to avoid prejudice to the parties, the dispositive motion deadline will be stayed pending resolution of Plaintiff's interlocutory appeal. Following resolution of the appeal, the Court will issue a further order regarding the dispositive motion deadline.

**V.    Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay dispositive motion deadline, (ECF No. 55), is GRANTED; and
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust), is STAYED pending resolution of Plaintiff's interlocutory appeal and will be reset upon further order of the Court.

IT IS SO ORDERED.

Dated:   **February 21, 2025**              /s/ *Barbara A. McAuliffe*              
                                             UNITED STATES MAGISTRATE JUDGE