# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MCCOMAS, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01149-JLT-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' REQUEST TO SET DISPOSITIVE MOTION DEADLINE UPON LIFTING OF STAY<br><br>(ECF No. 58) |

Plaintiff Sam Drake ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint on the following claims: (1) violation of the First Amendment based on a facial challenge to Fresno County Jail ("FCJ") Policy #E-120 and #E-410 against Defendants Mims, McComas, and Zanoni; (2) violation of the First Amendment based on an as-applied challenge to FCJ Policy #E-120 and #E-410 against Defendants Enriquez, Keoniyom, Nichols, and Snyder; and (3) violation of Due Process for returning Plaintiff's mail against Defendants Enriquez, Keoniyom, Nichols, and Snyder.

On January 31, 2025, Plaintiff filed a motion to compel discovery responses. (ECF No. 49.) Defendants filed a response on February 3, 2025, objecting to Plaintiff's motion on the grounds that it was untimely. (ECF No. 50.) On February 4, 2025, finding that further briefing on the motion was unnecessary, the Court denied Plaintiff's motion to compel. (ECF No. 51.)

1

1    On February 18, 2025, Plaintiff filed a notice of appeal challenging the Court's order denying Plaintiff's motion to compel without allowing Plaintiff to reply to Defendants' response, requesting to rescind his consent to Magistrate Judge jurisdiction, requesting that this action be reassigned to a different Magistrate Judge, and requesting that the Court assign a District Judge for trial of this action. (ECF No. 52.) Plaintiff's appeal was processed to the United States Court of Appeals for the Ninth Circuit, Case No. 25-1029. (ECF No. 54.) On February 21, 2025, the Court granted Defendants' motion to stay the dispositive motion deadline pending resolution of Plaintiff's interlocutory appeal. (ECF Nos. 55, 56.)

On March 27, 2025, the Ninth Circuit issued an order dismissing the appeal, determining that the Ninth Circuit lacks jurisdiction over the appeal because the February 4, 2025 order is not final or immediately appealable. (ECF No. 57.) On April 14, 2025, before issuance of the mandate giving effect to the Ninth Circuit's order, Plaintiff filed a motion for the Ninth Circuit to reconsider the dispositive order and his opening brief on appeal. Case No. 25-1029, Docs. 8, 9. The Ninth Circuit has not yet ruled on Plaintiff's motion, and the appeal remains pending.

Currently before the Court is Defendants' request to set dispositive motion deadline upon lifting of stay, filed May 2, 2025. (ECF No. 58.) Though Plaintiff has not yet had the opportunity to file a response, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Defendants state that their primary attorney, Cavan Cox, will be leaving employment with Fresno County Counsel on May 9, 2025, and thereafter unable to represent Defendants. (ECF No. 58.) Attorney Dylan Rain Tree will be taking over as Defendants' primary attorney. As it is not clear to Defendants whether Plaintiff's appeal is concluded, in light of Plaintiff's pending request for reconsideration, Defendants are not requesting the stay of the dispositive motion deadline be lifted in this action. However, Defendants request that when the Court lifts the stay, the parties be given at least 60 days from when the stay is lifted to file their dispositive motions. (*Id.*)

The Court finds good cause to grant Defendants' request. In light of Plaintiff's pending motion for reconsideration before the Ninth Circuit, the Court finds that it would not be

appropriate to lift the stay of the dispositive motion deadline at this time.  As stated in the Court's prior order, following resolution of Plaintiff's appeal, the Court will issue a further order regarding the dispositive motion deadline.  Once the appeal is concluded, the Court will reset the dispositive motion deadline for no less than 60 days following resolution of Plaintiff's appeal. The Court further finds that Plaintiff will not be prejudiced by the request granted here, as his appeal remains pending, and its outcome may result in the granting in whole or in part of Plaintiff's motion to compel, such that it would be premature for the Court to lift the stay or require the parties to file dispositive motions at this time.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to set dispositive motion deadline upon lifting of stay, (ECF No. 58), is GRANTED; and
2. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust), remains STAYED pending resolution of Plaintiff's interlocutory appeal and will be reset, upon further order of the Court, for no less than 60 days following resolution of Plaintiff's appeal.

IT IS SO ORDERED.

Dated:   **May 5, 2025**              /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE