# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE, | Case No. 1:22-cv-01149-JLT-BAM (PC) |
| Plaintiff, | ORDER FOR CLERK OF COURT TO FILE CERTAIN EXHIBITS TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT UNDER SEAL |
| v. | |
| MCCOMAS, *et al.*, | (ECF No. 73) |
| Defendants. | ORDER EXTENDING DEADLINE FOR DEFENDANTS TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| | **TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Sam Drake ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint on the following claims: (1) violation of the First Amendment based on a facial challenge to Fresno County Jail ("FCJ") Policy #E-120 and #E-410 against Defendants Mims, McComas, and Zanoni; (2) violation of the First Amendment based on an as-applied challenge to FCJ Policy #E-120 and #E-410 against Defendants Enriquez, Keoniyom, Nichols, and Snyder; and (3) violation of Due Process for returning Plaintiff's mail against Defendants Enriquez, Keoniyom, Nichols, and Snyder.

On November 19, 2025, Plaintiff timely filed a motion for summary judgment. (ECF No. 73.) In support of his motion for summary judgment, Plaintiff also filed a number of exhibits,

which were initially lodged only in paper with the Clerk's Office in the Fresno courthouse. Upon review of the lodged exhibits, at least one cannot be physically scanned because it consists of bound materials, and others include photographs that go to the heart of the First Amendment claims raised in this action. Defendants appear to take the position that at least some of the attached photographs may include "sexually explicit and obscene material." (*See* ECF No. 71, p. 7.) Plaintiff, on the other hand, contends that the photographs filed in support of his motion for summary judgment represent the "non obscene innocuous nonnude materials" originally banned pursuant to Defendants' mail policy at issue in this action, and they are necessary evidence in support of his motion for summary judgment. (*See* ECF No. 69, p. 3.)

As it remains in dispute whether the photographs are obscene or non-obscene material, the Court finds it prudent to file Plaintiff's Exhibits A, C, D, and I under seal until a further determination is made. Plaintiff's Exhibit K cannot be physically scanned into the record and will remain lodged in paper. Exhibit K can be accessed for viewing by the public upon request at the Clerk's Office in the Fresno courthouse. The Court notes that although Exhibits F and H are listed in Plaintiff's Table of Exhibits, (ECF No. 73, p. 64), they were not included in the documents filed in support of Plaintiff's motion for summary judgment. The remaining exhibits—Exhibits B, E, G, J, L, M—will be docketed with no special handling.

Finally, in light of the delay in the docketing of Plaintiff's exhibits, the deadline for Defendants to respond to Plaintiff's motion for summary judgment will be extended accordingly.

Accordingly, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to process Plaintiff's exhibits in support of his motion for summary judgment, as follows:
    a. Exhibits A, C, D, and I, shall be filed under seal in support of Plaintiff's motion for summary judgment;
    b. Exhibit K shall remain lodged in paper and accessible to the public upon request at the Clerk's Office in the Fresno courthouse; and
    c. Exhibits B, E, G, J, the cover page for Exhibit K, L, and M, shall be docketed in support of Plaintiff's motion for summary judgment with no special handling; and

2. Within **twenty-one (21) days** from the date of service of this order, Defendants shall file their response to Plaintiff's November 19, 2025 motion for summary judgment.

IT IS SO ORDERED.

Dated:   **November 21, 2025**          /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE