# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE, | Case No. 1:22-cv-01149-JLT-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS MOOT, WITHOUT PREJUDICE TO RE-FILING |
| v. | |
| MCCOMAS, *et al.*, | (ECF No. 69) |
| Defendants. | |

Plaintiff Sam Drake ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint on the following claims: (1) violation of the First Amendment based on a facial challenge to Fresno County Jail ("FCJ") Policy #E-120 and #E-410 against Defendants Mims, McComas, and Zanoni; (2) violation of the First Amendment based on an as-applied challenge to FCJ Policy #E-120 and #E-410 against Defendants Enriquez, Keoniyom, Nichols, and Snyder; and (3) violation of Due Process for returning Plaintiff's mail against Defendants Enriquez, Keoniyom, Nichols, and Snyder.

On October 27, 2025, Defendants filed a motion for summary judgment on the grounds that the disputed material facts show that there is no factual basis as a matter of law to support Plaintiff's *prima facie* case for each and every cause of action against Defendants. (ECF No. 67.)

///

1

On October 31, 2025, Plaintiff filed a motion for preliminary injunction seeking a court order commanding Defendants to provide Plaintiff all photo exhibit evidence within Plaintiff's stored bulk property and to provide Plaintiff immediate color photocopies of any and all such evidence Plaintiff intended to introduce as evidence to this Court. (ECF No. 69.) Defendants' opposed the motion for preliminary injunction on November 14, 2025. (ECF No. 71.) Plaintiff filed a reply on December 3, 2025. (ECF No. 79.) The motion for preliminary injunction is fully briefed. Local Rule 230(l).

As noted above, the crux of Plaintiff's motion for preliminary injunction was a request that the Court issue an order prohibiting Defendants from blocking Plaintiff from submitting evidence needed to support his motion for summary judgment or opposition to Defendants' motion for summary judgment. (ECF No. 69.) Plaintiff argued that such an order was necessary to allow him access to his property and color photocopies of any and all evidence Plaintiff intended to introduce as evidence, for the purpose of mailing such evidence to the Court. (*Id.*)

The Court has since received Plaintiff's motion for summary judgment, opposition to Defendants' motion for summary, and all exhibits attached to those submissions.[1] (ECF Nos. 73, 75, 76, 83, 84.) Having reviewed those filings, it appears that all exhibits originally attached were in fact received by the Court. In addition, Plaintiff does not appear to contend that he was prevented by Defendants from including any further exhibits to support his arguments.

As it appears Plaintiff was able to obtain the necessary copies of his evidence, and to submit such evidence to the Court to support his arguments both in support of his motion for summary judgment and in opposition to Defendants' motion for summary judgment, the Court finds that Plaintiff's request for preliminary injunctive relief is now moot. To the extent Plaintiff contends that he was nevertheless prevented by Defendants from submitting specific relevant evidence to support his arguments regarding summary judgment, the motion is denied without prejudice.

---

[1] Plaintiff filed his own motion for summary judgment on November 19, 2025. (ECF No. 73.) Plaintiff's motion for summary judgment included a number of exhibits that were filed both under seal and with no special handling. (ECF Nos. 74, 75, 76.) Plaintiff also filed his opposition to Defendants' motion for summary judgment on December 18, 2025, again including a number of exhibits filed both under seal and with no special handling. (ECF Nos. 82–84.)

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for preliminary injunction, (ECF No. 69), is DENIED as moot, without prejudice; and

2.  The parties' motions for summary judgment, once fully briefed, will be addressed in due course.

IT IS SO ORDERED.

Dated:   **January 27, 2026**   _/s/ Barbara A. McAuliffe_
UNITED STATES MAGISTRATE JUDGE